ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DARREN J. ROBBINS (168593)
BRIAN O. O'MARA (229737)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
bomara@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS AND CHARLOTTE WESTLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>OCLARO, INC., et al.,<br><br>                    Defendants. | No. 3:11-cv-02448-EMC<br><br>CLASS ACTION<br><br>THE CONNECTICUT LABORERS' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:     September 2, 2011<br>TIME:     1:30 p.m.<br>CTRM:     5<br>JUDGE:    Hon. Edward M. Chen |

637955_1

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, September 2, 2011, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the Honorable Edward M. Chen, the Connecticut Laborers' Pension Fund ("CT Laborers" or the "Fund") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4-1(a)(3)(B), for an order: (1) appointing the Fund as Lead Plaintiff; and (2) approving the Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the class.

This Motion is made on the grounds that the Fund is the "most adequate plaintiff" to serve as lead plaintiff. In support of this Motion, the Fund submits herewith a Memorandum of Points and Authorities and the Declaration of Brian O. O'Mara ("O'Mara Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

This is a securities class action on behalf of all persons who purchased or otherwise acquired the common stock of Oclaro, Inc. ("Oclaro" or the "Company") between May 6, 2010 and October 27, 2010, inclusive (the "Class Period"), against Oclaro and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").

According to the PSLRA, the Court is to appoint as lead plaintiff the member of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, CT Laborers should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any movant of which it is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* O'Mara Decl., Ex. A.

In addition, CT Laborers' selection of Robbins Geller to serve as lead counsel should be approved because Robbins Geller possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II. SUMMARY OF THE ACTION

Oclaro is a leading provider of high-performance core optical network components, modules and subsystems to global telecom equipment manufacturers. Oclaro is the resulting company after the April 27, 2009 merger of Bookham, Inc. ("Bookham") and Avanex Corporation ("Avanex"), with Bookham becoming the parent company and changing its name to Oclaro, Inc. upon the close of the merger. The Company purports to leverage proprietary core technologies and vertically integrated product development to provide its customers with cost-effective and innovative optical solutions in metro and long-haul network applications.

On May 6, 2010, the Company filed a Form 424(b)(5) Prospectus Supplement with the SEC for a secondary offering of 6.9 million shares (including the over-allotment) of the Company's common stock to the public at a price of $12.00 per share (the "Offering"). The May 6, 2010 Prospectus Supplement (the "Prospectus Supplement") updated information in the Bookham Prospectus dated October 19, 2007, which was included in the October 17, 2007 Bookham shelf Registration Statement (Registration No. 333-145665) (the "Registration Statement").

On May 12, 2010, Oclaro completed the Offering pursuant to the Prospectus Supplement. The Company netted proceeds of approximately $77.2 million from the Offering after deducting underwriting discounts, commissions and estimated offering expenses.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's current business and financial condition, including projections for its first quarter 2011 and fiscal 2011 revenues, earnings and gross margins.[1] As a result of defendants' false statements, Oclaro stock traded at artificially inflated prices during the Class Period, reaching a high of $17.07 per share on October 17, 2010.

On October 28, 2010, before the market opened, Oclaro reported 1Q11 earnings per share of $0.01 as compared to analyst estimates of $0.22. The Company also posted sequential gross margin declines and reported that its anticipated second quarter 2011 revenues, earnings and gross

---

[1] Oclaro's fiscal year ends in July.

637955_1

THE CONNECTICUT LABORERS' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:11-cv-02448-EMC    - 2 -

margins, which it had previously indicated would post accelerated gains, would also be down, all as a result of sudden customer inventory corrections and weak demand visibility, among other things. On this news, Oclaro's stock price dropped 37% to close at $8.60 per share on October 28, 2010, from a close of $13.68 per share on October 27, 2010, on high volume.

The Registration Statement and Prospectus Supplement omitted the fact that as opposed to increased demand, demand for Oclaro products was either flat or declining.

In addition, the true facts, which were known by defendants but concealed from the investing public during the Class Period, were as follows:

(a) Demand for Oclaro's products, which have sales cycles of one year, was flat or declining well before October 28, 2010;

(b) The Company did not have a reasonable basis for its forecast of accelerated gross margin growth or that orders for Oclaro products would cover forecasted financial results; and

(c) Oclaro's capacity to meet forecasted revenues, earnings, and margin growth was severely compromised.

As a result of defendants' false statements, Oclaro's stock traded at inflated levels during the Class Period. However, after the above revelations seeped into the market, the Company's shares were hammered by massive sales, sending them down more than 49% from their Class Period high.

## III.  ARGUMENT

### A. CT Laborers Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on

637955_1

THE CONNECTICUT LABORERS' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:11-cv-02448-EMC - 3 -

May 19, 2011, on *Business Wire* in connection with the filing of the first-filed action. *See* O'Mara Decl., Ex. B.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

 (aa) has either filed the complaint or made a motion in response to a notice . . . ;

 (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

 (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Fund meets each of these requirements and should therefore be appointed lead plaintiff.

### 1.   CT Laborers's Motion Is Timely

The Fund has timely filed this Motion within 60 days of the May 19, 2011 notice publication, and has also duly signed and filed a certification evidencing, among other things, its willingness to serve as a representative party on behalf of the class. *See* O'Mara Decl., Ex. B. Accordingly, the Fund has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### 2.   CT Laborers Possesses the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, the Fund suffered a loss exceeding $134,000 from its purchase of Oclaro common stock. *See* O'Mara Decl., Ex. A. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Fund satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

637955_1

THE CONNECTICUT LABORERS' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:11-cv-02448-EMC   - 4 -

### 3. CT Laborers Meets Federal Rule of Civil Procedure 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, the Fund satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, the Fund meets the typicality and adequacy requirements because, like all other members of the purported class, it purchased Oclaro common stock at artificially inflated prices during the Class Period and suffered damages thereby. Because the Fund's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-cv-1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004). Additionally, the

637955_1

THE CONNECTICUT LABORERS' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:11-cv-02448-EMC   - 5 -

Fund is not subject to any unique defenses and there is no evidence of any conflicts between the Fund and the other class members.

CT Laborers therefore satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### B. This Court Should Approve CT Laborers's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, CT Laborers has selected Robbins Geller as lead counsel for the class. Robbins Geller has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* O'Mara Decl., Ex. C. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller as lead counsel. *Id.* Because the Fund has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Robbins Geller as lead counsel should be approved.

## IV. CONCLUSION

For the foregoing reasons, the Connecticut Laborers' Pension Fund respectfully requests that the Court: (1) appoint it as Lead Plaintiff; and (2) approve its selection of Robbins Geller as Lead Counsel for the class.

DATED: July 18, 2011
ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
BRIAN O. O'MARA

/s BRIAN O. O'MARA
BRIAN O. O'MARA

637955_1

THE CONNECTICUT LABORERS' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:11-cv-02448-EMC  - 6 -

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiffs

ROBERT M. CHEVERIE & ASSOCIATES
GREGORY S. CAMPORA
Commerce Center One
333 E. River Drive, Suite 101
East Hartford, CT 06108
Telephone: 860/290-9610
860/290-9611 (fax)

Additional Counsel for Plaintiff

637955_1

THE CONNECTICUT LABORERS' PENSION FUND'S NOTICE OF MOTION AND MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:11-cv-02448-EMC - 7 -

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 18, 2011.

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:bomara@rgrdlaw.com

637955_1

Case3:11-cv-02448-EMC Document21 Filed07/18/11 Page10 of 10

# Mailing Information for a Case 3:11-cv-02448-EMC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gidon M. Caine**
  gidon.caine@alston.com

- **Jessica Perry Corley**
  jessica.corley@alston.com

- **Michael I. Fistel , Jr**
  mfistel@holzerlaw.com

- **Frank James Johnson**
  frankj@johnsonandweaver.com,brett@johnsonandweaver.com,keithc@johnsonandweaver.com,shelbyr@johnsonandweaver.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Elizabeth Patz Skola**
  elizabeth.skola@alston.com,chuck.mattson@alston.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,erinj@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Robert J. Dyer                                          , III
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
```