**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS WESTLEY, *et al.*, | No. C-11-2448 EMC |
| Plaintiffs, | **RELATED TO** |
| v. | Lead Case No. C-11-3176 EMC |
| OCLARO, INC., *et al.*, | |
| Defendants. | **ORDER GRANTING CONNECTICUT LABORERS' PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |
| IN RE OCLARO, INC. DERIVATIVE LITIGATION. | |
| _____/ | **(Docket No. 21)** |

Plaintiffs Curtis and Charlotte Westley initiated this securities class action against Defendants Oclaro, Inc. and certain officers of the company, asserting that, between May 6, 2010, and October 27, 2010, Oclaro issued materially false and misleading statements about its business and financial conditions, which caused the company's stock to be traded at artificially inflated prices. The Westleys have asserted a violation of § 10(b) of the Securities Exchange Act and its corresponding regulation, Rule 10b-5, as well as a violation of § 20(a) of the same Act. *See* 15 U.S.C. § 78j(b), 78t(a). Private securities class actions such as this must comply with the requirements of the Private Securities Litigation Reform Act ("PSLRA"). One such requirement is that a lead plaintiff be appointed. Currently pending before the Court is the Connecticut Laborers' Pension Fund's motion for appointment as lead plaintiff and for approval of the selection of its counsel. Having considered the papers submitted, the Court hereby **GRANTS** the Fund's motion.

## I. DISCUSSION

Under the PSLRA,

> [n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

In the instant case, the complaint was filed on May 19, 2011. *See* Docket No. 1 (complaint). That same day, counsel for the Westleys (and also counsel for the Fund) caused to be published in *Business Wire* a notice in compliance with § 78u-4(a)(3). *See* O'Mara Decl., Ex. B (notice). Multiple courts have recognized *Business Wire* as a widely circulated national business-oriented wire service. *See, e.g.*, *Waterford Twp. Police & Fire Ret. Sys. V. Smithtown Bancorp*, No. 10-CV-00864 (SLT) (RER), 2011 U.S. Dist. LEXIS 88553, at *3 (E.D.N.Y. July 27, 2011). Exactly sixty days later, on July 18, 2011, the Fund filed the currently pending motion seeking appointment as lead plaintiff.

A. <u>Lead Plaintiff</u>

The PSLRA provides that, after notice of the class action has been given, a "court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a presumption that the most adequate plaintiff

> is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to [the] notice . . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

2

        (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted upon certain proof – *i.e.*, that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

        In the instant case, the Court is not able to say that the Fund is *presumptively* the most adequate plaintiff because there is insufficient evidence in the record as to who in the putative class actually has the largest financial interest. Nevertheless, taking guidance from the above factors, the Court finds that, based on the record which has been submitted, the Fund is the most adequate plaintiff.

        First, the Fund is the only party to make a motion for appointment as lead plaintiff. The Westleys, the parties who filed the complaint, did not make any such motion, nor did they oppose the Fund's motion. Indeed, the Court received no opposition at all to the Fund's motion, and no party appeared at the hearing on the motion to contest the Fund's request for appointment.

        Second, the Fund has provided evidence that it purchased Oclaro stock during the class period – almost 18,000 shares. *See* O'Mara Decl., Ex. A (certification). According to the Fund, it has suffered a loss exceeding $134,000. Thus, the Fund's financial interest in the litigation is not insignificant. Furthermore, without access to financial information from other parties, the Fund appears to have suffered the greatest financial loss of which the Court is aware. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005) ("Without access to financial information from other parties, the Court is constrained to conclude that the Bullock Group's alleged loss best qualifies it to serve as lead plaintiff.").

        Third, the Fund has made an adequate preliminary showing that it satisfies the requirements of Rule 23(a), in particular, that it is a typical class member and an adequate representative. *See In re SLM Corp. Secs. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) ("Under the PSLRA, a proposed lead plaintiff must, *inter alia*, 'make a preliminary showing that it satisfies the typicality and adequacy requirements of F.R.C.P. 23.'"); *In re Advanced Tissue Sciences Secs. Litig.*, 184 F.R.D.

346, 349 (S.D. Cal. 1998) ("For the purposes of a motion for appointment as lead plaintiff, a proposed lead plaintiff must only make a preliminary showing that he or she satisfies the requirements of Rule 23(a).").

> The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues. In considering the adequacy of a proposed lead plaintiff, a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation.

*In re SLM Corp. Secs. Litig.*, 258 F.R.D. at 116. In the case at bar, the Fund has made an adequate showing of typicality because, like other members of the putative class, it purchased Oclaro stock during the class period at allegedly artificially inflated prices. As for the Fund's adequacy, there is nothing to indicate that its claims conflict with those of the putative class or that it is subject to unique defenses, and the Fund has submitted evidence demonstrating that its proposed counsel is qualified and experienced. *See* O'Mara Decl., Ex. C (firm resume).

Accordingly, the Court hereby grants the Fund's motion for appointment as lead plaintiff.

B.   Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court affirms the Fund's choice of counsel, the Robbins Geller law firm, because, as indicated above, the Fund has provided evidence demonstrating that its counsel has extensive prior experience in prosecuting similar actions. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008).

///
///
///
///
///
///
///

## II. CONCLUSION

For the foregoing reasons, the Fund's motion is granted. The Fund is hereby appointed lead plaintiff and its counsel, the Robbins Geller law firm, is approved to represent the putative class.

This order disposes of Docket No. 21.

IT IS SO ORDERED.

Dated: September 12, 2011

EDWARD M. CHEN
United States District Judge

5