1  GIDON M. CAINE (Cal. State Bar No. 188110)
   ALSTON & BIRD LLP
2  275 Middlefield Road
   Suite 150
3  Menlo Park, California 94025-4008
   Telephone: (650) 838-2000
4  Facsimile: (650) 838-2001
   gidon.caine@alston.com
5  Additional counsel on signature page

6  Counsel for Defendants
   OCLARO, INC., ALAIN COUDER,
7  JERRY TURIN, and JAMES HAYNES

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11 CURTIS and CHARLOTTE WESTLEY,        Case No.  C11-2448-EMC (NC)
   Individually and on Behalf of All Others   and related consolidated action
   Similarly Situated,
12
                        Plaintiffs,       **DEFENDANTS' NOTICE OF MOTION
13                                         AND MOTION TO DISMISS THE THIRD
            v.                             AMENDED COMPLAINT FOR
14                                         VIOLATION OF THE FEDERAL
   OCLARO, INC., et al.,                   SECURITIES LAWS AND
15                                         MEMORANDUM OF POINTS AND
                        Defendants.        AUTHORITIES**
16

17

18 IN RE OCLARO, INC. DERIVATIVE        Lead Case No. C11-3176-EMC (NC)
   LITIGATION                           (Derivative Action)
19
                                        Date: May 16, 2013
20 This Document Relates to:            Time: 1:30 p.m.
                                        Courtroom: 5, 17th Floor
21 *Westley v. Oclaro, Inc.*,           Judge: Hon. Edward M. Chen
   No. C11-02448-EMC (NC)
22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION AND MOTION ........................................................................... iv

STATEMENT OF RELIEF SOUGHT .............................................................................. iv

STATEMENT OF ISSUES TO BE DECIDED ................................................................. iv

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.     INTRODUCTION ................................................................................................ 1

II.    PROCEDURAL HISTORY ................................................................................. 2

III.   LEGAL STANDARD .......................................................................................... 4

IV.   ARGUMENT ....................................................................................................... 6

     A.    The Third Amended Complaint Fails to Plead a Strong Inference of Scienter. ...................................................................................................... 6

         1.    The Allegations By Former Employees Remain Inadequate. ................. 6

         2.    The Motive Allegations Remain Inadequate. .......................................... 9

         3.    The "Core Operations" Allegations Remain Inadequate. ...................... 11

     B.    Any Inference of Scienter is Not as Cogent and Compelling as Opposing Inferences. ........................................................................................ 12

     C.    All Claims Relating to the July/August Statements Should Be Dismissed With Prejudice. .............................................................................. 14

     D.    James Haynes Should Be Dismissed from the Action with Prejudice. ............ 14

V.    CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................4

*Applestein v. Medivation, Inc.*, 861 F. Supp. 2d 1030 (N.D. Cal. 2012) ......................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................4, 5

*Brodsky v. Yahoo! Inc.*,
    630 F. Supp. 2d 1104 (N.D. Cal. 2009) ........................................................9, 14

*Chubb Custom Ins. Co. v. Space Sys./ Loral, Inc.*, No. 11-16272 .................................................15

*DSAM Global Value Fund v. Altris Software, Inc.*,
    288 F.3d 385 (9th Cir. 2002) ..........................................................................9

*Glazer Capital Mgmt., LP v. Magistri*,
    549 F.3d 736 (9th Cir. 2008) ..........................................................................5

*In re Cadence Design Sys., Inc. Sec. Litig.*,
    654 F. Supp. 2d 1037 (N.D. Cal. 2009) ..........................................................11

*In re Century Aluminum Co. Sec. Litig.*,
    704 F.3d 1119 (9th Cir. 2013) .....................................................................5, 12

*In re Downey Sec. Litig.*,
    No. CV08-3261-JFW (RZX), 2009 WL 736802 (C.D. Cal. Mar. 18, 2009).....................9, 10

*In re ESS Tech., Inc. Sec. Litig.*,
    No. C-02-04497 RMW, 2004 WL 3030058 (N.D. Cal. Dec. 1, 2004)...................................14

*In re Hansen Natural Corp. Sec. Litig.*,
    527 F. Supp. 2d 1142 (C.D. Cal. 2007) ..........................................................10

*In re Hypercom Corp. Sec. Litig.*,
    No. CV-05-0455-PHX-NVW, 2006 WL 1836181 (D. Ariz. Jul.5, 2006)............................9

*In re Immersion Corp. Sec. Litig.*,
    No. C 09-4073 MMC, 2011 WL 6303389 (N.D. Cal. Dec. 16, 2011) ...................................14

*In re Netflix, Inc. Sec. Litig.*,
    No. C-04-2978 FMS, 2005 WL 1562858 (N.D. Cal. June 28, 2005)...................................11

*In re Pixar Sec. Litig.*,
    450 F. Supp. 2d 1096 (N.D. Cal. 2006) ..........................................................11

*In re Salesforce.com Sec. Litig.*,
    No. C 04-03009 JSW, 2005 WL 6327481 (N.D. Cal. Dec. 22, 2005) ...................................14

*In re Silicon Graphics Inc. Sec. Litig.*,
 183 F.3d 970 (9th Cir. 1999) ...................................................................................9

*In re Silicon Storage Tech., Inc. Sec. Litig.*,
 No. C 05-0295 PJH, 2006 WL 648683 (N.D. Cal. Mar. 10, 2006) ...........................5

*In re Tibco Software, Inc.*,
 No. C 05-2146 SBA, 2006 WL 2844421 (N.D. Cal. Sept. 29, 2006).........................14

*In re Vantive Corp. Sec. Litig.*,
 283 F.3d 1079 (9th Cir. 2002) .......................................................................9, 11, 14

*In re XenoPort, Inc. Sec. Litig.*,
 No. C-10-03301 RMW, 2011 WL 6153134 (N.D. Cal. Dec. 12, 2011)....................14

*Lapiner v. Camtek, Ltd.*,
 No. C 08-01327 MMC, 2011 WL 3861840 (N.D. Cal. Aug. 31, 2011)....................14

*Metzler Inc. GMBH v. Corinthian Colls., Inc.*,
 540 F.3d 1049 (9th Cir. 2008) ...................................................................................4

*Pareto v. FDIC*,
 139 F.3d 696 (9th Cir. 1998) .....................................................................................4

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
 No. 10-CV-03451-LHK, 2012 WL 1868874 (N.D. Cal. May 22, 2012) ...............14

*Ronconi v. Larkin*,
 253 F.3d 423 (9th Cir. 2001) .....................................................................................6

*S. Ferry LP, No. 2 v. Killinger*,
 542 F.3d 776 (9th Cir. 2008) ...................................................................................12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007)...................................................................................5, 12, 13

*Zucco Partners, LLC v. Digimarc Corp.*,
 552 F.3d 981 (9th Cir. 2009) ...................................................................5, 6, 9, 12, 14

**STATUTES**

15 U.S.C. § 78u-4 ............................................................................................... iv

15 U.S.C. § 78u-4(b)....................................................................................2, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)................................................................................ iv, 4, 5

Fed. R. Civ. P. 9(b) ........................................................................................ iv

- iii -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 16, 2013 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Edward M. Chen, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 5, 17th Floor, defendants Oclaro, Inc. ("Oclaro," or the "Company"), Alain Couder, Jerry Turin, and James Haynes will and hereby do move to dismiss with prejudice all claims asserted in the Third Amended Complaint relating to statements alleged to have been made in July and August 2010, including those alleged in paragraphs 61-62, 64, 67, and 79-83.

This Motion is based upon this Notice and the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Andrew T. Sumner ("Sumner Declaration") and exhibits thereto, all pleadings and papers on file in the action, the argument of counsel at the hearing, and such other matters as may be considered by this Court.

### STATEMENT OF RELIEF SOUGHT

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995, codified in relevant part at 15 U.S.C. § 78u-4 (2010), *et seq.* ( "PSLRA"), defendants seek an order dismissing with prejudice the Third Amended Complaint's allegations, including those alleged in paragraphs 61-62, 64, 67, and 79-83, relating to statements alleged to have been made in July and August 2010, for failure to state a claim upon which relief can be granted and failure to meet the pleading requirements of Rule 9(b) and the PSLRA.

### STATEMENT OF ISSUES TO BE DECIDED

(1)     Whether the Third Amended Complaint cures the deficiencies identified by this Court in its September 21, 2012 Order dismissing the Second Amended Complaint, and in its January 10, 2013 Order granting in part and denying in part Plaintiffs' Motion for Leave to File Motion for Reconsideration.

(2)     Whether the Third Amended Complaint states a plausible claim for violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 with respect to statements allegedly made in July and August 2010.

(3)     Whether the Third Amended Complaint alleges facts sufficient to overcome the PSLRA's heightened standards for pleading scienter as to statements alleged to have been made in July and August 2010.

(4)     Whether the Third Amended Complaint alleges facts supporting a strong inference of scienter that is cogent and at least as compelling as opposing inferences of non-fraudulent intent with respect to statements alleged to have been made in July and August 2010.

(5)     Whether the Third Amended Complaint's claims with respect to statements alleged to have been made in July and August 2010 should be dismissed with prejudice because further amendment would be futile.

(6)     Whether all claims against James Haynes should be dismissed with prejudice since he has not been named in the Amended Complaint, the Second Amended Complaint, or the Third Amended Complaint.[1]

---

[1]   Defendants reluctantly trouble this Court with this final request for relief.  Lead Plaintiff initially agreed to dismiss Mr. Haynes, but then apparently changed its mind.  *Compare* January 22, 2013 Case Management Statement, at 5 (reporting that the parties were negotiating Mr. Haynes' dismissal, attached as Exhibit 1 to the Sumner Declaration) *and* February 6, 2013 email from Gidon M. Caine to Shawn A. Williams (enclosing draft stipulation of dismissal, attached as Exhibit 2 to the Sumner Declaration) *with* February 12, 2013 letter from Jessica Perry Corley to Shawn A. Williams, at 1 (reporting that plaintiffs would not dismiss Mr. Haynes until after they filed their Third Amended Complaint, attached as Exhibit 3 to the Sumner Declaration).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Oclaro, Inc. ("Oclaro," or the "Company"), Alain Couder, Jerry Turin, and James Haynes submit this Memorandum of Points and Authorities in support of their motion to dismiss all claims relating to the July and August 2010 statements challenged in the Third Amended Complaint. As directed by this Court, they limit this motion to the narrow issue of whether the Third Amended Complaint pleads sufficient additional facts with respect to those statements to overcome this Court's finding that they have "failed to sufficiently allege facts establishing a strong inference of scienter." [Doc. 107, at 1; 1/29/13 Hrg Tr. at 20-22.][2] The Third Amended Complaint—the fourth attempt to plead a strong inference of scienter as to these statements—remains inadequate. Accordingly, all claims based on these statements should now be dismissed with prejudice.

## I.    INTRODUCTION

On October 28, 2010, Oclaro's stock price dropped after the Company reported quarterly revenue in the lower half of its forecasted range. Six months later, two stockholders commenced this action, alleging a class period of May 6, 2010 to October 27, 2010. The initial complaint alleged that statements purportedly made by or attributed to Oclaro, Mr. Couder and Mr. Turin regarding demand for Oclaro's products and its future prospects were materially and intentionally false or misleading, in violation of the federal securities laws. [Doc. 1.]

Despite over two years to investigate its claims, three prior pleading attempts, and specific and detailed guidance from this Court, the Third Amended Complaint still fails to plead facts giving rise to a strong inference that Oclaro, Mr. Couder, or Mr. Turin acted with scienter with regard to statements made in July and August 2010. Indeed, other than adding inconsequential allegations based on information supposedly provided by a second former employee, the Third Amended

---

[2]   Defendants respectfully and emphatically disagree with this Court's ruling that the Second Amended Complaint pleads a viable claim as to the May/June statements, or that the Second Amended Complaint adequately pleads the elements of falsity, materiality and loss causation as to the July/August statements. Although they reserve their position and arguments related to those issues, they focus this motion on the issue of scienter with regard to the July/August statements, and the amendments made in the Third Amended Complaint which attempt to cure the deficiencies identified by this Court in its prior orders.

Complaint largely repackages allegations that were found inadequate by this Court in its prior rulings.[3] It fails to plead specific facts supporting a strong inference of scienter. It does not quote internal documents. Perhaps most troubling, it does not address the deficiencies this Court stressed in its prior rulings. Instead, there remains only a forced effort to plead around the heightened pleading standards mandated under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b).

It is now time to end this portion of the litigation once and for all. This motion should be granted with prejudice. Further, Mr. Haynes should be dismissed from this action with prejudice because Lead Plaintiff has failed to allege any wrongdoing by him, or even include him as a named defendant, in its last three complaints.

## II.   PROCEDURAL HISTORY

The initial complaint was filed on May 19, 2011 by two stockholders who did not seek to be appointed lead plaintiff, but were represented by many of the same lawyers as now represent Lead Plaintiff. [Doc. 1.] The complaint alleged that from May 6, 2010 to October 27, 2010, statements made by or attributed to Oclaro, Mr. Couder, and Mr. Turin regarding demand and Oclaro's future prospects were materially and intentionally false or misleading, in violation of the federal securities laws. [Doc. 1.]

Five months later Lead Plaintiff filed a First Amended Complaint alleging that the defendants made false and misleading statements during two separate time periods: May/June 2010 and July/August 2010. [Doc. 39.][4] The pleading did not name Mr. Haynes as a defendant. Defendants thereafter moved to dismiss the pleading. [Doc. 44.] On March 27, 2012, this Court granted the motion. [Doc. 58.] This Court held that the First Amended Complaint failed to

---

[3]   Attachment A to the Sumner Declaration is a redlined comparison of the Third Amended Complaint to the Second Amended Complaint.

[4]   Attached as Exhibits 4 and 5 to the Sumner Declaration are transcripts of the July 29, 2010 Earnings Conference Call and August 11, 2010 Morgan Keegan Technology Conference, in which the statements made by or attributed to Oclaro, Mr. Couder, and Mr. Turin appear.

adequately plead falsity with respect to any of the challenged statements.  [*Id.* at 3.]  Given this finding, this Court did not address other deficiencies in the pleading.

On April 26, 2012, Lead Plaintiff  repackaged the allegations of its prior pleading into  a third attempt to plead a claim.  [Doc. 62.]  Called a "Second Amended Complaint," Lead Plaintiff continued to allege that Mr. Couder and Mr. Turin, on behalf of Oclaro, made false or misleading statements during the May/June period about demand for Oclaro's goods.  As to the July/August period, the Second Amended Complaint alleged that Mr. Couder, and Mr. Turin, on behalf of Oclaro, misrepresented the Company's visibility into that demand for the first fiscal quarter of 2011. The Second Amended Complaint did not name Mr. Haynes as a defendant and contained no allegations against him.

On September 21, 2012, this Court dismissed the Second Amended Complaint as well.  [Doc. 79.]  As to the May/June statements, this Court held that the Second Amended Complaint's revised allegations of falsity were "not very compelling" and barely sufficient to survive the motion.  [*Id.* at 10.]  This Court further noted that "skepticism" concerning the Second Amended Complaint's loss causation allegations could be addressed "at later stages of the proceeding."  [*Id.* at 34.]  This Court dismissed those claims, emphasizing that "even taking into consideration the facts alleged in the complaint collectively, Plaintiffs have failed to plead enough allegations to give rise to a strong inference of scienter."  [*Id.* at 28.]

As to the July/August statements, this Court held that the Second Amended Complaint adequately alleged falsity, but cautioned both that the "general nature of the allegedly false statements makes this less than a compelling case" and that a reasonable jury could find that the statements were not misleading for any number of reasons.  [*Id.* at 13.]  This Court admonished that "it is a close call whether language [in Oclaro's Form 10-Q] constitutes meaningful cautionary language such that the safe harbor and/or bespeaks caution protection should apply," but left that determination for a later stage in the proceedings.  [*Id.* at 18.]  This Court granted the motion because the Second Amended Complaint still failed to plead a strong inference of scienter with respect to those statements.  [*Id.* at 28-31.]  In doing so, this Court stressed the absence of any

1    motive, the lack of any meaningful insider stock sales and the fact that the challenged statements

2    were not so false or misleading that the only reasonable inference was that defendants must have

3    possessed the requisite intent in making them.  [*Id.*]  This Court gave Lead Plaintiff "one final

4    opportunity to amend [its] complaint" if it believed it could plead a viable securities claim.  [*Id.* at

5    35.]

6            On a motion for reconsideration, this Court reversed its ruling as to the May/June statements,

7    but reaffirmed its ruling that the July/August statements failed to provide the basis for an actionable

8    claim because the Second Amended Complaint "failed to sufficiently allege facts establishing a

9    strong inference of scienter" as to those statements.  [Doc. 107, at 1.]

10           Lead Plaintiff has now filed a Third Amended Complaint, the fourth attempt to state a claim

11   for securities fraud with respect to the July/August statements.  [Doc. 121.]  This latest pleading still

12   fails to cure the deficiencies noted by this Court in its previous orders.  It too should be dismissed.

13   **III.    LEGAL STANDARD**

14           A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the

15   plaintiff has pleaded sufficient facts to support a claim under any cognizable legal theory.  The

16   complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is

17   plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that

18   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

19   alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations marks

20   omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Properly pleaded material

21   allegations in the complaint are accepted as true for purposes of the motion, but "conclusory

22   allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."

23   *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998); *Twombly*, 550 U.S. at 545 ("[A] plaintiff's

24   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

25   conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

26           The PSLRA further heightens the requirements for pleading a securities claim.  *See Metzler*

27   *Inc. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1054-55 (9th Cir. 2008) ("[P]laintiffs in

28

                                                        - 4 -

private securities fraud class actions face formidable pleading requirements to properly state a claim and avoid dismissal under Fed. R. Civ. P. 12(b)(6).").  Among other things, the PSLRA requires that "the complaint shall, with respect to each act or omission alleged . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).  That is, plaintiffs must plead with particularity facts evidencing that the speaker knew the statement to be false at the time it was made or that the speaker acted with "deliberate recklessness." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009). Deliberate recklessness is "no less than a degree of recklessness that strongly suggests actual intent." *Glazer Capital Mgmt., LP v. Magistri*, 549 F.3d 736, 743 (9th Cir. 2008).

In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007), the Supreme Court further held that a securities fraud complaint will survive a motion to dismiss "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324.  In other words, "the court must take into account plausible opposing inferences." *Zucco*, 552 F.3d at 991 (citation omitted).  As the Ninth Circuit recently explained:

> When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are "merely consistent with" their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.

*In re Century Aluminum Co. Sec. Litig.*, 704 F.3d 1119, 1122-23 (9th Cir. 2013) (internal citations omitted).

Finally, the strong inference of scienter must be pleaded with particularity "as to each defendant who made an allegedly misleading statement." *In re Silicon Storage Tech., Inc. Sec. Litig.*, No. C 05-0295 PJH, 2006 WL 648683, at *22 (N.D. Cal. Mar. 10, 2006); *see also Glazer*, 549 F.3d at 745.  Allegations that vaguely attribute knowledge collectively to all defendants are per se insufficient. *See Silicon Storage*, 2006 WL 648683, at *22.

- 5 -

1  **IV.    ARGUMENT**

2      This Court foreshadowed the issue presented by this motion in its September 21, 2012 Order:

3          [T]he July and August 2010 statements turn on the alleged falsity
           of Defendants' claim that they had good visibility into customers'
4          needs.  Thus, the issue here is whether there are allegations giving
           rise to a strong inference that Defendants knew, in fact, that they
5          did not have such visibility.

6  [Doc. 79, at 28.]  Lead Plaintiff contends that the additional allegations in the Third Amended

7  Complaint establish a strong inference of scienter and allow the pleading to clear its threshold

8  pleading burden.  It is wrong.

9      **A.    <u>The Third Amended Complaint Fails to Plead a Strong Inference of Scienter.</u>**

10     The Third Amended Complaint purports to plead a strong inference of scienter through three

11 types of allegations: (i) allegations linked to statements from former employees; (ii) allegations

12 suggesting that Mr. Couder and Mr. Turin had a motive to engage in securities fraud; and

13 (iii) allegations supporting a "core operations" inference of scienter recognized by some courts.  The

14 Second Amended Complaint made similar allegations, so the issue here is whether the Third

15 Amended Complaint has added sufficient new allegations to cure the prior pleading deficiencies.  It

16 has not.

17     **1.    The Allegations By Former Employees Remain Inadequate.**

18     The Third Amended Complaint attributes certain allegations to statements from two former

19 employees.  Before a confidential witness's statements can support a strong inference of scienter,

20 however, two requirements must be met.  First, the complaint must describe the confidential witness

21 "with sufficient particularity to support the probability that a person in the position occupied by the

22 source would possess the information alleged." *Zucco,* 552 F.3d at 995.  Second, "those statements

23 which are reported by confidential witnesses with sufficient reliability and personal knowledge must

24 themselves be indicative of scienter." *Id.*  Like other allegations in a pleading, this Court then

25 assesses whether the allegations "specify facts or evidence that show why the statement was false at

26 the time it was made" and whether the defendants "knew or with deliberate recklessness disregarded

27 that it was false." *Ronconi v. Larkin*, 253 F.3d 423, 431 (9th Cir. 2001).

28

                                      - 6 -

a.      **Allegations Attributed to FE1.**

The Second Amended Complaint alleged that Mr. Couder and Mr. Turin made false and misleading statements concerning Oclaro's 1Q11 forecast which were premised on purported good visibility into customer demand and order coverage of 85-90%.  [Doc. 62, ¶ 76(a).]  The Second Amended Complaint relied on FE1, a former sales executive, to bridge the gap between falsity and scienter.  [Doc. 79, at 10-13.]  This Court held that FE1 did not succeed.  [Doc. 79, at 28-29.]  This Court emphasized in this regard:

> Plaintiffs have alleged enough to establish that FE1 was in a position within Oclaro with knowledge of Oclaro's sales experience and practices.  However, some of FE1's assertions of *knowledge* of the part of Defendants are wholly conclusory.  For example . . . Plaintiffs alleged that "[D]efendants knew that the Company only had good visibility or a 'good grip' into customer demand for about two weeks forward."  But Plaintiffs do not allege any specific facts explaining the basis for the claim that Defendants had such knowledge.

[*Id.*]  Accordingly, this Court refused to find that Lead Plaintiff had established a strong inference of scienter as to the July/August statements.  [*Id.* at 29.]

The Third Amended Complaint repackages the prior allegations attributed to FE1, but fails to provide any additional allegations supporting the theory that Mr. Couder and Mr. Turin knew that the Company did not have good customer visibility.   There are no allegations, for example, that FE1 observed or participated in any briefing, meeting, or discussion with Mr. Couder or Mr. Turin where he was given specific information that contradicted any challenged statement.  Also absent from the Third Amended Complaint are allegations that describe the content of any contemporaneous report provided to Mr. Couder or Mr. Turin that would indicate that their statements regarding customer visibility were false at the time they were made.

Instead, the lone new allegation attributed to FE1 asserts that his or her statements are corroborated by Mr. Turin's statement that Oclaro's customers were not double ordering to "hedge their bets."  TAC, ¶ 84(e).  Not so.  Mr. Turin was asked by a Morgan Keegan analyst "what gives

- 7 -

you confidence that the order stretch that you're seeing reflects more than double ordering and an inventory refresh?"  [Ex. 5, at 7.]  Mr. Turin  answered:

> There are a lot of data points.  One is as you started out the Q&A with is 1.3 book-to-bill in March, which is very much an anomaly. The fact that we didn't see 1.3 in June tells me that there were not in an irrational order sense where people are just throwing orders at everything in order to double order and hedge their bets.

[*Id*.]  The response provides absolutely no insight into whether Mr. Couder or Mr. Turin knew that Oclaro did not have visibility into its customers' needs.  In other words, it adds nothing to cure the pleading deficiencies found by this Court in its prior ruling.

### b.    Allegations Regarding FE2.

The Third Amended Complaint adds allegations purportedly attributed to a second confidential witness ("FE2").  TAC, ¶ 84(j)-(k).  Like FE1, however, FE2's statements do not satisfy the PSLRA's heightened pleading standard and thus do not support a strong inference of scienter.

As an initial matter, the Third Amended Complaint does not describe FE2 with sufficient particularity to support the probability that he or she possesses knowledge of the information alleged.  FE2 is described as a former Oclaro Senior Manager of Product Marketing in the Company's laser diode business from June 2009 to July 2011 who participated in monthly forecasting meetings that were "at times" attended by Mr. Couder.  TAC, ¶ 84(j).  Other than the general statement that "the entire Oclaro product suite, including Telecom products," was discussed at these meetings, the Third Amended Complaint does not provide any detail into what was specifically covered.  TAC, ¶ 84(j).  There are no allegations, for example, that the meetings involved discussions regarding customer orders (or blanket orders) or customer visibility.  There are no allegations that Mr. Turin—the lone speaker of the July/August statements—even attended these meetings.  And while the new pleading does allege that Mr. Couder attended the meetings "at times," it does not specify which meetings he attended or what was discussed at those meetings. This description provides no validation that FE2 has personal knowledge of Oclaro's sales numbers or customer visibility much less the state of mind of any Defendant with respect to the July/August statements.

- 8 -

1   Moreover, the statements attributed to FE2 are not even indicative of scienter.  The only

2   substantive allegation made by FE2 is the assertion that "'blanket orders' were not actual firm

3   orders, but rather, represented customer commitments to place actual orders over a certain time

4   span."  TAC, ¶ 84(j).  This statement has no bearing on the state of mind of any Defendant.  FE2

5   does not identify any fact tending to show that Mr. Turin was aware that Oclaro did not have good

6   customer visibility at the time he made the July/August statements.  These allegations reflect little

7   more than "fraud by hindsight" allegations routinely rejected in this circuit.  *See, e.g.*, *Brodsky v.*

8   *Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1117-18 (N.D. Cal. 2009) (rejecting as insufficiently pleaded

9   confidential witness statements that failed to "provide particularized facts about what was said in any

10  briefing or meeting"); *In re Downey Sec. Litig.*, No. CV08-3261-JFW (RZX), 2009 WL 736802, at

11  *12 (C.D. Cal. Mar. 18, 2009) ("[T]he statements of a confidential witness are disregarded if lacking

12  in specificity. . . ."); *In re Hypercom Corp. Sec. Litig.*, No. CV-05-0455-PHX-NVW, 2006 WL

13  1836181, at *5-7 (D. Ariz. Jul.5, 2006) (rejecting "unsupported, conclusory" allegations based on

14  confidential witness statements).  The Ninth Circuit has made clear that "the purpose of [PSLRA's]

15  heightened pleading requirement was generally to eliminate abusive securities litigation and

16  particularly to put an end to the practice of pleading 'fraud by hindsight.'"  *In re Vantive Corp. Sec.*

17  *Litig.*, 283 F.3d 1079, 1084-85 (9th Cir. 2002).

18  *    *    *    *    *

19  In sum, the allegations in the Third Amended Complaint attributed to the two confidential

20  witnesses still fail to support a strong inference of scienter.

21  **2.       The Motive Allegations Remain Inadequate.**

22  In its September 21, 2012 Order, this Court held that the Second Amended Complaint had

23  not identified any motive for Mr. Couder's or Mr. Turin's allegedly false statements regarding

24  customer visibility.[5]  This Court explained in this regard:

25  
26  [5]   The Ninth Circuit repeatedly has held that "in order to show a strong inference of deliberate
      recklessness, plaintiffs must state facts that come closer to demonstrating intent, *as opposed to*
27  *mere motive and opportunity*."  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 974 (9th
      Cir. 1999) (emphasis added); *Zucco*, 552 F.3d at 998; *DSAM Global Value Fund v. Altris*

28  - 9 -

> Finally, it is notable that there does not appear to be any motive for Defendants to make the false or misleading statements about good customer visibility. By this point in time, the May 2010 stock offering had already been completed. Furthermore, as Defendants point out, there is no allegation or evidence of any suspicious insider trading by the individual defendants.

[Doc. 79, at 29.]

The Third Amended Complaint does not seriously suggest any plausible motive for Mr. Couder or Mr. Turin to commit securities fraud. Instead, it glosses over this omission and alleges that they made false statements "to justify both the apparent firmness of existing orders and customer demand as well as impending demand needed to meet Oclaro's 1Q11 admittedly bullish forecasts." TAC, ¶ 84(b). In other words, the Third Amended Complaint conflates falsity and scienter and posits that scienter is established by pointing to falsity. This Court ruled otherwise in its January 10, 2013 Order when it stated that "falsity in and of itself does not establish scienter." [Doc. 107, at 3.]

More telling, the Third Amended Complaint still cannot show "suspicious insider trading by the individual defendants." [Doc. 79, at 30-31.][6] It simply is not plausible that Mr. Couder and Mr. Turin would undertake the significant personal risk entailed in committing securities fraud to artificially inflate Oclaro's stock price knowing that it would decline when the truth was revealed three months later—and to do so while increasing or maintaining their significant personal holdings. The absence of stock sales by Mr. Couder and Mr. Turin negates any inference of scienter. *See, e.g.*, *Downey*, 2009 WL 2767670, at *14; *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1160 (C.D. Cal. 2007) ("[A]ny inference of scienter is defeated when an insider sells only a portion of his stock holdings and 'end[s] up reaping the same large losses as did Plaintiff when the stock

---

*Software, Inc.*, 288 F.3d 385, 389 (9th Cir. 2002). In *Applestein v. Medivation, Inc.*, for example, the district court held that allegations of motive and opportunity fail to support a strong inference of scienter. 861 F. Supp. 2d 1030, 1041 (N.D. Cal. 2012).

[6] Exhibits 6 and 7 to the Sumner Declaration show the respective trading activity of Mr. Turin and Mr. Couder in Oclaro securities during the proposed class period. During the proposed class period, Mr. Turin sold 44 shares and purchased 2,000. [Ex. 6.] Mr. Couder, whose total holdings (including shares owned and exercisable options) numbered 245,831 as of August 6, 2010, sold only 1,112 shares during the proposed class period pursuant to a Rule 10b5-1 trading plan to satisfy tax obligations. [Ex. 7.]

- 10 -

price dropped.'") (quoting *Vantive*, 283 F.3d at 1092); *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1105-06 (N.D. Cal. 2006) (fact that individual defendants collectively sold less than one percent of their total holdings "undermines any inference of scienter"); *In re Netflix, Inc. Sec. Litig.*, No. C-04-2978 FMS, 2005 WL 1562858, at *8 (N.D. Cal. June 28, 2005) (defendant's sale of one percent of total holdings did not support an inference of scienter).

### 3. The "Core Operations" Allegations Remain Inadequate.

Unable to establish *any* inference of scienter through insider stock sales or statements attributed to confidential witnesses, the Third Amended Complaint advances the forced argument that Mr. Couder and Mr. Turin must have known that their statements were false or misleading solely by virtue of holding senior positions at Oclaro. This Court rejected that argument in its September 21, 2012 Order:

> Plaintiffs have essentially assumed that the individual defendants were experienced in the industry by virtue of their position alone. While it is a fair inference that an executive would know of certain facts related to a company, e.g., a major loss to the company . . . it is not clear that an executive would necessarily know details such as precisely how far out in advance Oclaro knew of customer needs. Second while Defendants' statements about good customer visibility were misleading—at least a reasonable jury could so find based on the allegations in the SAC—they were not so dramatically misleading or outright false that the only reasonable inference is that Defendants must have possessed the requisite intent in making them. The statements were somewhat general and, if they were misleading, they were not starkly so. Given the generality and fluidity of the statements regarding visibility, a strong inference of scienter requires more specific allegations than made herein.

[Doc 79, at 29; *see also* Doc. 107, at 3.]

The Third Amended Complaint has restated this tenuous theory of scienter. It provides no additional information—other than repackaged allegations—establishing that Mr. Couder and Mr. Turin had access to internal information contradicting their public statements or that the allegedly misstated information was "of such prominence that it would be absurd to suggest that management was without knowledge of the matter." *In re Cadence Design Sys., Inc. Sec. Litig.*, 654 F. Supp. 2d

- 11 -

1037, 1049 (N.D. Cal. 2009) (citation omitted). Instead, it points to statements that actually confirm that Mr. Couder and Mr. Turin had a reasonable and plausible explanation for believing that Oclaro had relatively good customer visibility. TAC, ¶ 84(c)-(e). The Third Amended Complaint simply has not solved Lead Plaintiff's pleading deficit as to scienter by pressing an argument that Mr. Couder and Mr. Turin must have known their statements were false by virtue of their positions as executives at Oclaro. *See S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008) ("Where a complaint relies on allegations that management had an important role in the company but does not contain additional detailed allegations about the defendants' actual exposure to information, it will usually fall short of the PSLRA standard.")

### B. Any Inference of Scienter is Not as Cogent and Compelling as Opposing Inferences.

Even if the Third Amended Complaint could show that its new allegations provide some evidence of scienter, that is not good enough. Instead, it must show that such inference is both a strong inference and that it is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs,* 551 U.S. at 324; *Zucco,* 552 F.3d at 991("the court must take into account plausible opposing inferences."); *Century Aluminum*, 704 F.3d at 1122-23 ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation.").

The Third Amended Complaint essentially asks this Court to draw inferences in Lead Plaintiff's favor on a securities claim that makes no sense. It suggests that Mr. Couder and Mr. Turin lied to the market on July 29, 2010 about the strength of future forecasts while at the same time, in the same forum, they were coming clean about their prior alleged fraud with respect to the May/June statements. TAC, ¶ 84. It suggests that Mr. Couder and Mr. Turin lied about quarterly revenue *forecasts* even though they knew that actual *results* would be reported only a few weeks later. *Id.* It suggests that Mr. Couder and Mr. Turin did not have good visibility into their customers or order coverage when, in fact, Oclaro's actual revenue figures for 1Q11 fell within the forecasted

- 12 -

1    range for the fifth quarter in a row.  *Id.*  It suggests that demand was weak for Oclaro's products

2    even while conceding that the Company's book-to-bill ratio remained above 1.0 and reflected strong

3    demand.  *Id.* at ¶ 7 n.4.

4          In sharp contrast, the opposing inferences as to the July/August statements tilt sharply in

5    favor of defendants.  Oclaro's ability to hit its revenue forecast for five quarters in a row—including

6    the very quarter at issue—belies any assertion that Mr. Couder and Mr. Turin were oblivious to their

7    customer base or order coverage.  The positive customer reception during the fourth quarter to the

8    Mintera acquisition also validates their comfort with their forecast.  *Id.* at ¶ 30.  The allegedly poor

9    last few weeks of the quarter provides a plausible explanation for the fact that the actual revenues

10   fell within the lower end of the forecast range and rebuts any assertion that defendants were aware of

11   that weakness months earlier.  *Id.* at ¶ 99.  Further, the Third Amended Complaint points to

12   statements confirming that Mr. Couder and Mr. Turin actually had a reasonable and plausible

13   explanation for believing that Oclaro had relatively good customer visibility.  *Id.* at ¶ 84(c)-(e).

14   And, as this Court has already noted, the "absence of insider trading is a fact that could be

15   considered by this Court as part of its holistic approach."  [Doc. 79, at 30.]  In sum, a reasonable

16   person would not deem the inference of scienter proffered in the Third Amended Complaint "cogent

17   and at least as compelling as any opposing inference one could draw from the facts alleged."

18   *Tellabs,* 551 U.S. at 324.

19                                    *    *    *    *    *

20         At bottom, the Third Amended Complaint still has not pleaded facts establishing that any

21   statement was knowingly false at the time it was made.  It still has not pleaded any motive for the

22   alleged fraud or particularized facts supporting a "core operations" inference of scienter.  And, most

23   importantly, it still has not come forward with particularized allegations supporting a theory of

24   scienter that is as cogent and compelling as the opposing inferences drawn from neutral statements

25   and facts.  In other words, despite four opportunities to plead a viable claim as to the July/August

26   challenged statements, Lead Plaintiff still has not been able to do so.  These claims remain

27   inadequate under the PSLRA and settled case law and should now be dismissed.

28

C.   **All Claims Relating to the July/August Statements Should Be Dismissed With Prejudice.**

In its September 21, 2012 Order, this Court afforded Lead Plaintiff "one final opportunity to amend [its] complaint."  [Doc. 79, at 35.]  Despite nearly three years and four chances to plead an actionable claim and clear direction as to the deficiencies in their prior pleadings, Lead Plaintiff still has failed to meet its pleading burden as to the statements alleged to have been made by Mr. Couder and Mr. Turin in July and August 2010.  This failure is a strong confirmation that Lead Plaintiff does not have additional facts to plead and that further amendment would be futile.  *See Vantive*, 283 F.3d at 1097-98 (affirming dismissal with prejudice after three amendments), quoted in *Zucco*, 552 F.3d at 1007 (same after two amendments).

Confronted with similar facts, courts in this District have demonstrated little hesitation in dismissing claims with prejudice after multiple unsuccessful pleading attempts.  *See, e.g.*, *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2012 WL 1868874, at *25 (N.D. Cal. May 22, 2012) (dismissing securities complaint with prejudice after two amendments); *In re Immersion Corp. Sec. Litig.*, No. C 09-4073 MMC, 2011 WL 6303389, at *11 (N.D. Cal. Dec. 16, 2011) (same after one amendment); *Brodsky*, 630 F. Supp. 2d at 1119 (same after two amendments).[7]  Accordingly, after four failed pleadings, all claims in the Third Amended Complaint related to the July/August statements should be dismissed with prejudice.

D.   **James Haynes Should Be Dismissed from the Action with Prejudice.**

All claims against Mr. Haynes should be dismissed with prejudice.  Mr. Haynes was named as a defendant in the original complaint, but he is not, and was not, named as a defendant in the First Amended Complaint, the Second Amended Complaint or the Third Amended Complaint.  Mr. Haynes also is not identified as a speaker of any alleged false or misleading statement in the case.

---

[7] *See also In re XenoPort, Inc. Sec. Litig.*, No. C-10-03301 RMW, 2011 WL 6153134, at *7-8 (N.D. Cal. Dec. 12, 2011) (same after one amendment); *Lapiner v. Camtek, Ltd.*, No. C 08-01327 MMC, 2011 WL 3861840, at *6 (N.D. Cal. Aug. 31, 2011) (same after three amendments); *In re Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 2844421 (N.D. Cal. Sept. 29, 2006) (same after two amendments); *In re Salesforce.com Sec. Litig.*, No. C 04-03009 JSW, 2005 WL 6327481, at *7 (N.D. Cal. Dec. 22, 2005) (same after one amendment) v; *In re ESS Tech., Inc. Sec. Litig.*, No. C-02-04497 RMW, 2004 WL 3030058, at *13 (N.D. Cal. Dec. 1, 2004) (same after three amendments).

- 14 -

1   Lead Plaintiff has abandoned its claims against Mr. Haynes, and he should now be dismissed with

2   prejudice from the litigation.  *See Chubb Custom Ins. Co. v. Space Sys./ Loral, Inc.*, No. 11-16272,

3   2013 WL 1093071, at *19 n.14 (9th Cir. Mar. 15, 2013) (claim abandoned where district court

4   dismissed complaint with leave to amend and plaintiff did not voluntarily renew the claim).

5   **V.      CONCLUSION**

6           For the foregoing reasons, all claims in the Third Amended Complaint related to the

7   July/August Statements should be dismissed with prejudice.  In addition, all claims against James

8   Haynes should be dismissed with prejudice.

9                                               Respectfully submitted,

10                                              **ALSTON & BIRD LLP**

11  DATED:  Menlo Park, California        By: _/s/ Gidon M. Caine_____
12              April 1, 2013                    GIDON M. CAINE (Cal. State Bar No. 188110)
                                                 ALSTON & BIRD LLP
13                                               275 Middlefield Road
                                                 Suite 150
14                                               Menlo Park, California 94025-4008
                                                 Telephone: (650) 838-2000
15                                               Facsimile: (650) 838-2001
                                                 gidon.caine@alston.com

16                                          and

17                                               JESSICA P. CORLEY (admitted *pro hac vice*)
                                                 ANDREW T. SUMNER (admitted *pro hac vice*)
18                                               ALSTON & BIRD LLP
                                                 One Atlantic Center
19                                               1201 West Peachtree Street
                                                 Atlanta, Georgia 30309-3424
20                                               Telephone: (404) 881-7000
                                                 Facsimile: (404) 881-7777
21                                               jessica.corley@alston.com
                                                 andy.sumner@alston.com
22

23                                               Counsel for Defendants OCLARO, INC., ALAIN
                                                 COUDER, JERRY TURIN, and JAMES HAYNES
24

25

26

27

28
                                          - 15 -