GIDON M. CAINE (Cal. State Bar No. 188110)
ALSTON & BIRD LLP
275 Middlefield Road
Suite 150
Menlo Park, California 94025-4008
Telephone: (650) 838-2000
Facsimile: (650) 838-2001
gidon.caine@alston.com
Additional counsel on signature page

Counsel for Defendants
OCLARO, INC., ALAIN COUDER,
JERRY TURIN, and JAMES HAYNES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS and CHARLOTTE WESTLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>      v.<br><br>OCLARO, INC., et al.,<br><br>                              Defendants. | Case No.  C11-2448-EMC (NC) and related consolidated action<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| IN RE OCLARO, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>*Westley v. Oclaro, Inc.*,<br>No. C11-02448-EMC (NC) | Lead Case No. C11-3176-EMC (NC) (Derivative Action)<br><br>Date: May 16, 2013<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 201 of the Federal Rules of Evidence, defendants Oclaro, Inc. ("Oclaro" or the "Company"), Alain Couder, Jerry Turin, and James Haynes hereby request that this Court take judicial notice of the documents identified below in support of their Motion to Dismiss the Third Amended Complaint for Violation of the Federal Securities Laws ("Motion to Dismiss").  All exhibits are attached to the supporting Declaration of Andrew T. Sumner (the "Sumner Declaration"), filed concurrently herewith.

### I.     DOCUMENTS AS TO WHICH DEFENDANTS SEEK JUDICIAL NOTICE

**Ex. 4:** Oclaro earnings conference call transcript issued on or about July 29, 2010, headlined "Q4 2010 Oclaro, Inc. Earnings Conference Call - Final."

**Ex. 5:** Morgan Keegan Technology Conference transcript, issued on or about August 11, 2010.

**Ex. 6:** U.S. Securities and Exchange Commission ("SEC") Forms 4, reflecting Jerry Turin's ownership and sale of Oclaro stock and stock options, filed with the SEC on May 17, 2010, August 13, 2010, August 18, 2010, and August 24, 2010.

**Ex. 7:** SEC Forms 4, reflecting Alain Couder's ownership and sale of Oclaro stock and stock options, filed with the SEC on August 13, 2010 and August 18, 2010.

### II.    ARGUMENT

In its September 21, 2012 Order, this Court took judicial notice of each of the documents listed above, explaining that it could take judicial notice of "everything except for the presentations/handouts given at conferences." [Doc. 79, at 6.]  With respect to the documents contained in Exhibits 6 and 7, this Court also held that it would "take judicial notice of the individual defendants' Oclaro stock sales (as reflected in the SEC Forms 4 which are public records)." [*Id.* at 30.]  For these reasons, and those explained below, this Court should again take judicial notice of the documents contained in Exhibits 4 through 7 to the Sumner Declaration.

#### A.  Standards for Judicial Notice

When considering a motion to dismiss, courts may consider the allegations in the complaint

1  and documents attached thereto, as well as "documents incorporated into the complaint by reference,
2  and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
3  551 U.S. 308, 322 (2007); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  Rule
4  201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not
5  subject to reasonable dispute" because the facts are either "generally known within the trial court's
6  territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy
7  cannot reasonably be questioned."  Judicial notice is mandatory "if a party requests it and the court is
8  supplied with the necessary information." Fed. R. Evid. 201(c).

9      Further, under the incorporation-by-reference doctrine, courts are authorized to take judicial
10 notice of documents "whose contents are alleged in a complaint and whose authenticity no party
11 questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393
12 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986
13 (9th Cir. 1999)).  Courts may also take judicial notice of "documents on which allegations in the
14 [complaint] necessarily rely, even if not expressly referenced in the [complaint], provided the
15 authenticity of those documents are not in dispute." *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d
16 1054, 1076 (N.D. Cal. 2003) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998)).
17 "On considering a motion to dismiss, judicial notice of the *full text* of documents referenced in a
18 complaint is proper under the doctrine of incorporation by reference." *In re CNET Networks, Inc.*,
19 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) (emphasis added).

20              **B.  Judicial Notice of the Transcripts Contained in Exhibits 4 and 5 is Proper.**

21      Pursuant to the incorporation-by-reference doctrine, this Court should take judicial notice of
22 the transcripts contained in Exhibits 4 and 5.  Judicial notice of these documents is appropriate
23 because the authenticity of the transcripts is unquestioned and each transcript is quoted and
24 referenced extensively by Lead Plaintiff in the Third Amended Complaint.  *See, e.g.*, TAC ¶ 62-69,
25 71-72, 81-83.

26              **C.  Judicial Notice of the SEC Filings Contained in Exhibits 6 and 7 is Proper.**

27      This Court should also take judicial notice of the SEC filings contained in Exhibits 6 and 7.
28 SEC filings satisfy Rule 201(b) because they can be accurately and readily determined from sources

1   whose accuracy cannot reasonably be questioned.  *See In re Asyst Techs., Inc. Derivative Litig.*, No.
2   C-06-04669 EDL, 2008 WL 2169021, at *1 n.1 (N.D. Cal. May 23, 2008); *In re Network Assocs.,*
3   *Inc. II Sec. Litig.*, No. C 00-CV-4849, 2003 WL 24051280, at *1 n.3 (N.D. Cal. Mar. 25, 2003).
4   Judicial notice of documents filed with the SEC is appropriate even where the documents are not
5   explicitly incorporated into the complaint.  *See Glenbrook Cap. Ltd. P'ship v. Kuo*, 525 F. Supp. 2d
6   1130, 1137 (N.D. Cal. 2007) (citing *Parrino*, 146 F.3d at 706).  Courts throughout the Ninth Circuit
7   routinely take judicial notice of documents filed with the SEC.  *See SEC v. Berry*, 580 F. Supp. 2d
8   911, 913 n.1 (N.D. Cal. 2008) (taking judicial notice of filed 10-K); *CNET*, 483 F. Supp. 2d at 953-
9   54 (taking judicial notice of numerous SEC filings); *Perretta v. Prometheus Dev. Co., Inc.*, No. C05-
10  02987 WHA, 2005 WL 3445627, at *2 (N.D. Cal. Dec. 15, 2005) (taking judicial notice of proxy
11  statements filed with the SEC); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D.
12  Cal. 2004) (taking judicial notice of Forms 3 and 4 filed with the SEC).
13          //
14          //
15          //
16          //
17          //
18          //
19          //
20          //
21          //
22          //
23          //
24          //
25          //
26          //
27          //
28

## III. CONCLUSION

For the foregoing reasons, defendants respectfully request that, in considering defendants' Motion to Dismiss, this Court take judicial notice of the documents contained in Exhibits 4 through 7 to the Sumner Declaration.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **ALSTON & BIRD LLP** |
| DATED:  Menlo Park, California<br>            April 1, 2013 | By: /s/ Gidon M. Caine<br>GIDON M. CAINE (Cal. State Bar No. 188110)<br>ALSTON & BIRD LLP<br>275 Middlefield Road<br>Suite 150<br>Menlo Park, California 94025-4008<br>Telephone: (650) 838-2000<br>Facsimile: (650) 838-2001<br>gidon.caine@alston.com |
|  | and |
|  | JESSICA P. CORLEY (admitted *pro hac vice*)<br>ANDREW T. SUMNER (admitted *pro hac vice*)<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>jessica.corley@alston.com<br>andy.sumner@alston.com |
|  | Counsel for Defendants OCLARO, INC., ALAIN COUDER, JERRY TURIN, and JAMES HAYNES |