UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CURTIS and CHARLOTTE WESTLEY, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OCLARO, INC., et al.,<br><br>Defendants. | No. 11-cv-02448 EMC (NC)<br>and related consolidated action<br>(Lead Case No. 11-cv-03176 EMC (NC))<br>(Derivative Action)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 127 |
| IN RE OCLARO, INC. DERIVATIVE LITIGATION, | Lead Case No. 11-cv-03176 EMC (NC)<br>(Related cases:<br>11-cv-03214 EMC (NC)<br>11-cv-03322 EMC (NC)<br>11-cv-03668 EMC (NC))<br>(Derivative Action) |
| This Document Relates to:<br><br>*Westley v. Oclaro, Inc., et al.*,<br>11-cv-02448-EMC (NC) | |

The parties filed a joint discovery letter brief in which they seek the Court's guidance as to the appropriate scope of discovery. Dkt. No. 127. Plaintiffs argue that defendants have withheld relevant discovery. *Id.* Defendants contend that the discovery requests propounded by plaintiffs are overly broad and exceed "Judge Chen's call for limited and

Case No. 11-cv-02448 EMC (NC)
ORDER RE: DISCOVERY DISPUTE

focused discovery on a single element of the claims alleged – scienter." *Id.*

The Court held a hearing on the discovery dispute on April 3, 2013. Based on the parties' submissions and the arguments of counsel at the hearing, the Court finds as follows:

## I. BACKGROUND

**A. The Dismissal of Plaintiffs' Second Amended Complaint**

Plaintiffs have filed a class action against Oclaro, Inc. and two of its officers, Alain Couder and Jerry Turin, for violations of the federal securities laws. *See* Dkt. Nos. 62 ¶ 1; 79 at 1. In essence, plaintiffs charge defendants with making false and misleading statements about Oclaro's customer demand and how Oclaro could be expected to fare for the first quarter of 2011 and for the 2010 calendar year. *Id.* On September 21, 2012, Judge Chen granted defendants' motion to dismiss the second amended complaint with leave to amend. *See* Dkt. No. 79. While the Court rejected defendants' argument that the second amended complaint failed to sufficiently allege falsity and loss causation and further rejected defendants' argument that, as a matter of law, their conduct was immunized by the safe harbor provision or the bespeaks caution doctrine, the Court found that plaintiffs failed to sufficiently allege facts establishing a strong inference of scienter. Dkt. No. 79; *see* Dkt. No. 107 at 1.

On January 10, 2013, Judge Chen granted in part plaintiffs' motion for reconsideration of the dismissal order with respect to the alleged May and June 2010 statements, because he found plaintiffs had "adequately pled scienter based in large part on the plausible inference that the April 2010 downturn was significant such that Oclaro management likely knew of it at the time of the May/June statements." Dkt. No. 107 at 9-10. Plaintiffs' claim with respect to the May and June 2010 statements is that "Defendants made false and misleading statements in May and June 2010 by referring to strong current customer demand when, in fact, just in April 2010, Oclaro had experienced a slowdown in such demand." Dkt. No. 79 at 7-8; *see* Dkt. No. 110 at 2:15-22.

On March 1, 2013, plaintiffs filed their third amended complaint, which defendants moved to dismiss on the basis that it fails to plead a strong inference of scienter as to the

July and August 2010 statements. *See* Dkt. Nos. 121, 130. The current discovery dispute only relates to the discovery ordered by the Court related to the May and June 2010 statements and does not involve the July and August 2010 statements.

**B.      The Court's Prior Orders Regarding the Scope of Discovery**

In his January 10 order on the motion for reconsideration, Judge Chen ordered the parties to file a joint conference statement, addressing "the possibility of limited and focused discovery on the issue of scienter (including the size of the April slowdown), leading to an early motion for summary judgment." Dkt. No. 107 at 10.

At the case management conference held on January 29, 2013, Judge Chen ordered the parties to proceed with "focused discovery on securities relative to May and June 2010 statements" to complete that discovery within 4 months, with early motions for summary judgment to be filed by June 13, 2013. Dkt. No. 111; *see also* Dkt. No. 110 at 3:15-22. The Court indicated that, for the purposes of efficiency and to expedite the case, discovery should be more focused than normal in order to concentrate on the question of scienter. Dkt. No. 110 at 4:4-9. The Court also indicated that discovery should focus on the discrete issue of "What happened in April? What was the magnitude? What was the loss? . . . [W]hat did the speakers know? Were they privy to these weekly reports? Did they get them?" *Id.* at 9:1-9. In his prior orders, Judge Chen found that weekly "bookings reports" received by defendants reflecting the level of demand, and the "book-to-bill ratio" (used as a tool in determining whether demand for a product is rising or falling) have some probative value on the issue of scienter. *See* Dkt. Nos. 79 at 21-26; 107 at 5-7.

Judge Chen acknowledged that if summary judgment is brought and defendants do not prevail, the parties will proceed with the rest of the case, and there may have to be a second round of depositions. Judge Chen concluded, however, that the bifurcation of the issue of scienter was manageable and ordered the parties to work out "a discovery plan to tee up summary judgment and/or cross-motions or opposition" and to minimize the risk of duplicative discovery or a Rule 56(f) motion. Dkt. No. 110 at 8:17-11:5.

//

## C. The Parties' Discovery Dispute

Defendants frame the dispute as arising from a "fundamental disagreement over the proper scope of discovery." Dkt. No. 127 at 1. Based on the parties' joint letter brief, however, it appears that the issues currently before the Court concern not so much whether plaintiffs' discovery requests go beyond the scope of discovery ordered by Judge Chen, but rather, the timing of discovery that defendants have agreed (or are still considering whether to agree) to provide. While the Court has concerns that the meet and confer process has not been completed, given the approaching deadlines for the parties to complete their focused discovery, the Court will proceed with addressing the specific discovery issues presented to it in the parties' joint letter brief and at the hearing.

## II. DISCUSSION

### A. Plaintiffs' Requests for Admission to Defendants

On February 6, 2013, plaintiffs served requests for admission on each of the defendants (Oclaro, CEO Couder, and CFO Turin). The requests, Dkt. Nos. 129-3, 129-4, 129-5, ask defendants to admit that

(1) "orders for Oclaro products declined from March 2010 to April 2010";

(2) "orders for Oclaro products declined from 3Q10 to 4Q10";

(3) "[defendant] knew prior to May 6, 2010 that orders in April 2010 had declined from the number of orders in March 2010";

(4) "[defendant] knew prior to June 9, 2010 that orders for Oclaro products had declined from March 2010 to April 2010."

In addition, defendants Couder and Turin were asked to admit that they "had access to or received bookings reports at least weekly [from January 1, 2010 through July 31, 2010]." Dkt. Nos. 129-4, 129-5. Defendants have not provided responses to requests for admission (1)-(4), and have instead objected to them "because, among other things, the requests contained improper contention interrogatories." Dkt. Nos. 127 at 3, 129-8, 129-9, 129-10. Defendants indicate that they have "offered to revisit those objections in the interest of compromise," and "contacted our client with respect to possible amended responses, but we would need additional time." *Id.* However, defendants fail to provide any support for their

assertion that the requests for admission are improper, or beyond the scope of the focused discovery ordered by Judge Chen, and do not explain how much additional time they need to respond to the requests for admission, and why.

In light of the fact that only two months remain for the parties to complete the discovery ordered by Judge Chen, and that the requests for admission appear to be within the scope of that discovery, the Court orders the defendants to respond to requests for admission (1)-(4) by April 17, 2013.

**B.  Plaintiffs' Rule 30(b)(6) Deposition Notice to Oclaro**

On February 5, 2013, plaintiffs served Oclaro with a deposition notice pursuant to Rule 30(b)(6) covering seven topics. Dkt. No. 129-2. Two of the topics seek information regarding potentially relevant ESI and other documents. *Id.* Three of the remaining topics seek information concerning Oclaro's processes and procedures for analyzing product demand, the calculation of book-to-bill ratios, and revenue and sales forecasting. *Id.* The final two topics concern Oclaro's May 6, 2010 offering, Oclaro's acquisition of Mintera, and its strategic investment in ClariPhy. *Id.*

In the joint letter brief, defendants do not explain why the noticed deposition should not go forward, and instead assert that they have offered "30(b)(6) depositions following the production of documents." Dkt. No. 127 at 3. In light of the approaching deadline for the parties to complete focused discovery as ordered by Judge Chen, and the parties' failure to agree on search terms and the extent of accessible files, the Court finds that it is appropriate for plaintiffs to proceed promptly with the deposition of Oclaro under Rule 30(b)(6) as to the two ESI/document topics (topics Nos. 6-7). Further, the Court finds that a prompt deposition is also appropriate with respect to the topics related to Oclaro's procedures and processes (topics Nos. 3-5) because those topics are relevant to the issue of scienter, and could streamline discovery and inform the parties' understanding of the scope of the discovery that should be conducted in advance of the early summary judgment motion(s) contemplated by the Court.

With respect to the remaining two topics (Nos. 1-2), defendants have not explained

why they consider the topics to be irrelevant, inappropriate, or overbroad. Plaintiffs contend that these topics are "central" to their theory of scienter, and that Judge Chen recognized motive allegations are probative of scienter. Dkt. No. 127 at 4. In his September 21, 2012 order dismissing the second amended complaint, Judge Chen acknowledged plaintiffs' arguments that "scienter can be inferred – at least with respect to the May 2010 statements – based on Defendants' motive to make misleading statements about strong current customer demand, i.e., to ensure that the stock offering in May 2010 would be profitable, thus 'enabl[ing] Oclaro to spend $19.5 million of the cash proceeds to make strategic investments [e.g., an alliance with ClariPhy] and to acquire Mintera,' both critical to Oclaro's future success." Dkt. No. 79 at 21 (quoting Dkt. No. 62 ¶ 30). The Court explained, however, that allegations of routine corporate objectives such as the desire to obtain good financing and expand are not, without more, sufficient to allege scienter, as distinguished, for example, from allegations that those charged with misstatements stood to gain personally, such as through insider trading. *Id.* at 27. The Court concluded that plaintiffs failed to plead enough allegations to give rise to a strong inference of scienter for the May and June 2010 statements. *Id.* at 28. While the Court granted in part plaintiffs' subsequent motion for reconsideration, that decision was based in large part on the plausible inference that the April 2010 downturn was significant such that Oclaro management likely knew of it at the time of the May/June statements. Dkt. No. at 107 at 9-10. The Court did not address the plaintiffs' motive allegations but noted that, "taking a holistic approach in assessing Plaintiffs' scienter allegations," while "Plaintiffs' additional allegations of scienter are weaker and insufficient on their own to establish the requisite intent, as a whole, they provide corroborative support to strengthen Plaintiffs' assertion of scienter." *Id.* at 7.

The deposition topics at issue (Nos. 1-2) seek testimony regarding (1) "Oclaro's and the Board's analysis and evaluation of the timing, volume of shares to be issued, share pricing and purpose of the May 6, 2010 Offering, including but not limited to the usage of any proceeds for investment in complimentary businesses"; and (2) "Any due diligence and target evaluation by Oclaro and the Board concerning the acquisition of Mintera and the

Case No. 11-cv-02448 EMC (NC)
ORDER RE: DISCOVERY DISPUTE 6

strategic investment in ClariPhy, including but not limited to timing, financial consideration and prospects for future Mintera and ClariPhy product sales." Dkt. No. 129-2. Having the benefit of Judge Chen's prior orders, including the instruction to craft a discovery plan comprehensive enough that it would prevent the need for duplicative discovery and a Rule 56(f) motion, the Court finds that, while the information sought in these two topics appears to be only marginally relevant to the issue of scienter, it is within the scope of the discovery plaintiffs are entitled to obtain.

Accordingly, the Court orders Oclaro to make a witness available for deposition as soon as practicable, and no later than April 17, 2013 for topics Nos. 3-7, and May 3, 2013 for topics Nos. 1-2.

**C.     Plaintiffs' Requests for Production to Defendants**

On February 4, 2013, plaintiffs served fifteen document requests to the defendants. Dkt. No. 129-1. Based on the parties' March 26 joint discovery letter, Dkt. No. 127 at 2-3, it appears that defendants have agreed to produce the following document categories:

> (1) all documents regarding the alleged slowdown of demand in April and defendants' knowledge or reckless disregard of that slowdown (the "Remaining Issues") from twelve custodians;
>
> (2) all internal reports on demand, including "bookings reports," created between January 1, 2010 and July 31, 2010; and
>
> (3) documents and communications regarding Oclaro's book-to-bill ratio.

With respect to categories (2) and (3), there appears to be no dispute at this time concerning the scope of production.

With respect to category (1), the parties' current dispute focuses on the identification of search terms. Defendants assert that they have collected hard drive images for the majority of the twelve custodians, and, to expedite document production, offered to produce documents from the drives collected to date, once the parties agreed on relevant search terms. Dkt. No. 127 at 2. Defendants further contend that they offered search terms but plaintiffs refused to negotiate due to the lack of sufficient information. *Id.* Plaintiffs submit that defendants have refused to designate a Rule 30(b)(6) witness on ESI topics or

otherwise provide a sufficient description of the "ESI landscape," and that "Defendants' offer to begin the production of hard drive images collected from a fraction of the custodians proposed by plaintiffs *only in exchange for final agreement as to search terms* is unacceptable." *Id.* at 5 (emphasis in original).

In addition to hard drive images, defendants represent that they have collected three sets of back-up tapes created on January 1, 2010, July 1, 2010, and December 31, 2010, and have offered to collect a reasonable number of additional tapes in response to plaintiffs' "concern that the tapes collected to date would lack certain information." *Id.* at 2. While the scope of the parties' dispute on this issue is not clear, plaintiffs appear to contend that defendants' refusal to provide sufficient information regarding the extent of the accessible files renders a costly restoration and production of back-up tapes premature because such a restoration is "typically reserved for filling in 'gaps' located after documents have been retrieved from more accessible sources." *Id.* at 4-5.

In light of the fact that only two months remain for the parties to complete the focused discovery ordered by Judge Chen, the Court hereby orders that, unless the parties agree on a production schedule or search terms, defendants must begin the production of all documents in category (1) from the imaged hard drives as promptly as practicable, and no later than April 10, 2013. This production, along with the production of the documents in categories (2) and (3), must be completed by April 24, 2013.

Because the Court finds that the Rule 30(b)(6) deposition of Oclaro on the topic of ESI, among others, must proceed as ordered above, plaintiffs will have the opportunity to obtain information regarding the existing accessible files. If following that deposition the parties are unable to resolve their dispute regarding the production of back-up tapes, they may resubmit their dispute on that issue to the Court by joint letter brief.

In the joint letter brief, defendants raise an objection to plaintiffs' requests for "documents that concern strategic investments Oclaro made in June and July 2010, which bear no relevance to an alleged slowdown in demand in April." Dkt. No. 127 at 3. Defendants appear to be referring to document requests Nos. 9-11 that relate to the May 6

Case No. 11-cv-02448 EMC (NC)
ORDER RE: DISCOVERY DISPUTE       8

Offering, Mintera acquisition, and ClariPhy investment. *See* Dkt. No. 129-1. As the Court explained above in connection with the Rule 30(b)(6) deposition topics, this discovery is appropriate because it appears to be at least marginally relevant to the issue of scienter. Aside from their conclusory assertion, defendants have not made any arguments or offered any support to the contrary. However, requests Nos. 10-11 appear broader than the corresponding deposition topic No. 2 in that they request *all documents* concerning Oclaro's strategic investment in ClariPhy and acquisition of Mintera. Dkt. Nos. 129-1, 129-2. The Court orders that the scope of document requests Nos. 10-11 be limited to the scope of the corresponding deposition topic No. 2, and that defendants produce these documents by April 24, 2013.

**D.  Plaintiffs' Subpoenas *Duces Tecum* to Oclaro Customers**

Plaintiffs served third-party subpoenas on six of Oclaro's customers, Dkt. No. 129-6, seeking:

> (1) "All documents and communications concerning any prospective or actual order for Oclaro products [from January 1, 2010 through July 31, 2010], including but not limited to documents evidencing whether or not the order was ultimately fulfilled";
>
> (2) "All documents and communications concerning any prospective or actual cancellation or delay of any order for Oclaro products [from January 1, 2010 through July 31, 2010]";
>
> (3) "All communications between You and Oclaro or the Individual Defendants concerning any prospective or actual order, or any prospective or actual cancellation or delay of any order, for Oclaro products [from January 1, 2010 through July 31, 2010]."

Plaintiffs indicate that they have offered to withdraw these subpoenas "if defendants agreed to produce documents and correspondence responsive to these subpoenas that were in the possession of an even further limited set of custodians, and defendants refused this offer." Dkt. No. 127 at 5. The only argument provided by defendants in the letter brief regarding the scope of the subpoenas is that they are overbroad because they demand, "among other things, the production of all communications between Oclaro and the customers." *Id.* at 3. However, in request No. 3 the subpoenas do limit the request for communications between Oclaro and its customers to those related to any orders between

Case No. 11-cv-02448 EMC (NC)
ORDER RE: DISCOVERY DISPUTE        9

January 1 and July 31, 2010, which is within the scope of the limited discovery ordered by the Court. The document requests in the third-party subpoenas are relevant to the issue of the magnitude of the slowdown in customer demand in April 2010, as well as Oclaro's awareness of that slowdown.

Accordingly, the Court finds that, because Oclaro has not produced the documents responsive to the subpoenas, plaintiffs are entitled to seek production from the subpoenaed third-parties.

## IV. CONCLUSION

**A.  Plaintiffs' Requests for Admission to Defendants**

Defendants must respond to requests for admission (1)-(4) by April 17, 2013.

**B.  Plaintiffs' Rule 30(b)(6) Deposition Notice to Oclaro**

Oclaro must make a witness available for deposition as soon as practicable, and no later than April 17, 2013 for topics Nos. 3-7, and by May 3, 2013 for topics Nos. 1-2.

**C.  Plaintiffs' Requests for Production to Defendants**

Unless the parties agree on a production schedule or search terms, defendants must begin the production of all documents in category (1) from the imaged hard drives as promptly as practicable, and no later than April 10, 2013. This production, along with the production of the documents in categories (2) and (3), must be completed by April 24, 2013.

The Court orders that the scope of document requests Nos. 10-11 be limited to the scope of the corresponding deposition topic No. 2, and that defendants produce these documents by April 24, 2013.

**D.  Plaintiffs' Subpoenas *Duces Tecum* to Oclaro Customers**

Plaintiffs are entitled to seek production of documents from the subpoenaed third-parties.

//

Any party may object to this nondispositive pretrial order within 14 days of the filing date of this order. *See* Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: April 3, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge