**ROBBINS GELLER RUDMAN & DOWD LLP**

|                |              |                |
|----------------|--------------|----------------|
| Atlanta        | Melville     | San Diego      |
| Boca Raton     | New York     | San Francisco  |
| Chicago        | Philadelphia | Washington, DC |

Shawn A. Williams
shawnw@rgrdlaw.com

April 10, 2013

VIA E-FILING

The Honorable Nathanael M. Cousins
United States Magistrate Judge
United States District Court
  for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Westley v. Oclaro, Inc.*, No. 3:11-CV-02448-EMC-NC (N.D. Cal.)

Your Honor:

Plaintiffs write to seek the Court's immediate intervention to resolve an unfortunate dispute and request that the Court issue an order requiring defendants to immediately identify Rule 30(b)(6) deposition designees. Defendants are inexplicably determined to keep the identities of the witnesses secret until just moments before they are sworn.

At approximately 4:00 p.m. (PDT) yesterday, April 9, 2013, defendants wrote plaintiffs to identify dates for 30(b)(6) deposition on certain topics pursuant to the Court's April 3, 2013 Order. The letter stated that Oclaro would make one witness available in California, on April 11 or 12, 2013 at 1:00 p.m. (PDT), for topics 6-7, and one witness available in New York, on April 12 or 15, at 9:00 a.m. (EDT), for topics 3-5. The letter demanded that plaintiffs confirm the deposition dates and times by 9:00 a.m. (PDT) today, April 10 – virtually overnight. Of course, securing plane tickets, a hotel and a reporter on the east coast after hours is difficult to do by 9:00 a.m.

Upon receipt of the letter, plaintiffs immediately requested a meet and confer with defendants to better understand the basis for defendants' choice of the dates and locations, particularly the New York location. Indeed, Oclaro's principal place of business is in Northern California, the case is pending in the Northern District of California, its lead trial counsel is in Northern California and the deposition is noticed for the Company's appearance in Northern California. *See, e.g.*, *Lifetouch Nat'l Sch. Studios Inc. v. Moss-Williams*, No. C10-05297 RMW(HRL), 2011 U.S. Dist. LEXIS 119604, *2-*5 (N.D. Cal. Oct. 17, 2011) ("'The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.' . . . 'As a general rule, "plaintiff will be required to make himself or herself available for examination in the district in which suit was brought."'" (citations omitted)).

At 5:00 p.m. (PDT) on April 9, plaintiffs spoke with counsel for defendants, Andy Sumner, the author of defendants' 4:00 p.m. (PDT) letter, in accordance with the Court's standing order, to meet and

**Robbins Geller Rudman & Dowd LLP**

The Honorable Nathanael M. Cousins
United States Magistrate Judge
April 10, 2013
Page 2

confer about the issues. However, Mr. Sumner claimed, remarkably, that: (a) he did not know the identities of the witnesses they were designating; (b) he did not know why the dates and times or locations were selected; and (c) he did not know whether there was any flexibility in the dates.

      In light of the improper demand by defendants that plaintiffs fly across the country on 48-hour notice, even though on February 5, 2013, plaintiffs properly noticed the deposition for San Francisco, California, plaintiffs requested that defendants should, at the very least, identify the person or persons who would be designated before defendants' deadline of 9:00 a.m. (PDT) today, April 10, in order to allow plaintiffs to determine which lawyer would take the depositions and to adequately prepare. This morning, defendants inexplicably rejected this request, stating that they "are not required to reveal the identities of the deponents" and that "the identity of a 30(b)(6) deponent is of no consequence."

      Specific identification of corporate designees is necessary for plaintiffs to determine whether defendants have properly designated a corporate representative in an appropriate location. *See In re Air Crash at Taipei, Taiwan*, No. MDL 1394-GAF(RCx), 2001 U.S. Dist. LEXIS 19981, at *30-*31, (C.D. Cal. Nov. 21, 2001) ("Here, defendant SIA has ***not even identified*** the corporate officers, employees or agents whom it would designate to appear for the noticed Rule 30(b)(6) depositions, and thus, has presented no evidence regarding the work or travel schedules of those persons to determine when, if at all, they would be in the United States or Los Angeles or only in Singapore." (emphasis in original)), *aff'd in part, rev'd in part on other grounds*, 2002 U.S. Dist. LEXIS 466 (Jan. 10, 2002).

      Because plaintiffs must take discovery in short order, and notwithstanding rules that require Oclaro to make their witness(es) available in the district of their principal place of business, plaintiffs have in fact confirmed that they will fly to New York tomorrow to take the deposition on April 12. Plaintiffs have also confirmed they will take the deposition of another witness in San Francisco on April 12. However, defendants should not be permitted to keep the identity of the designees cloaked in secrecy; therefore, plaintiffs respectfully request that the Court issue an order requiring the immediate disclosure of the identities of the 30(b)(6) witnesses.

      Respectfully submitted,

      SHAWN A. WILLIAMS
      Lead Counsel for Lead Plaintiff

cc:    All Counsel via ECF System

831196_1