# ALSTON&BIRD LLP

275 Middlefield Road, Suite 150
Menlo Park, CA  94025-4008

650-838-2000
Fax: 650-838-2001
www.alston.com

Gidon M. Caine                          Direct Dial: 650-838-2060                          Email: gidon.caine@alston.com

April 11, 2013

**VIA ECF**

The Honorable Nathanael S. Cousins
United States Magistrate Judge
United States District Court for the
 Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

      Re:    *Westley v. Oclaro, Inc.*, No. 3:11-cv-2448-EMC (NC)
              (N.D. Cal. filed May 19, 2011)

Your Honor:

      This firm represents the defendants in this action.

      As an initial matter, defendants believe it is important to address certain factual issues raised by lead plaintiff.  After this Court issued its April 3, 2013 ruling (Docket No. 138), defendants set about diligently complying with Your Honor's order.  Yesterday, Oclaro produced to lead plaintiff various documents reflecting order demand in April 2010 and throughout the relevant time period.  Additional documents will be produced to lead plaintiff on a rolling basis as provided in the order.  This is happening even though lead plaintiff still refuses to provide search terms for the electronically stored information.  Despite lead plaintiff's last-minute attempt to change a substantive provision of the confidentiality order after the April 3 hearing, that proposed order is finally being submitted to the Court today.

      Defendants did not hear from lead plaintiff about depositions until Monday, April 8, at 5:34 p.m.  At that point, in light of the vacation plans for the week of April 15 that Lead Plaintiff's counsel Shawn Williams announced at the April 3 hearing, the parties had four business days in which to hold 30(b)(6) depositions on five very broad topics.  Less than 24 hours after we received the deposition request, Oclaro provided lead plaintiff with two alternative dates for the two sets of topics that needed to be concluded by next week.  This was no small task.  Oclaro is a small company, and it has employees in many locations, as a result of its acquisition of  other companies.  One of the employees identified works and lives in upstate New York.  Given that lead plaintiff's lead counsel has an office in New York City, we proposed that the deposition be held in New York City.  We even offered to set up a remote deposition by videoconference from

The Hon. Nathanael M. Cousins
April 11, 2013
Page 2

our offices in New York City so that Lead Plaintiff would not need to leave this District. Lead plaintiff refused. Another employee works in San Jose. We proposed holding that deposition at our offices in Menlo Park. Lead plaintiff refused to travel to Menlo Park for the deposition. As an accommodation given the narrow window for the deposition, we agreed to proceed with that deposition at lead counsel's offices in San Francisco.

In light of the tight window necessitated by lead plaintiff's lead counsel's unavailability, all that Oclaro asked in return was that lead plaintiff choose a date from the alternative dates proposed by defendants. Oclaro needed to do this to accommodate the deponents, as well as to give adequate notice to the plaintiffs in the state and federal derivative litigations, who are sharing discovery with lead plaintiff. Lead plaintiff certainly understood from Your Honor's order that these depositions were on a tight scheduling deadline. Any claim of surprise thus rings hollow.

With respect to the identity of the deponents, lead plaintiff points to no rule or case law requiring disclosure of a corporate designee in advance of a Rule 30(b)(6) deposition. Indeed, when that specific question was posed to lead plaintiff's lead counsel, it could not produce any such authority. Instead, lead plaintiff simply rushed a letter to Your Honor suggesting that it needs to know the names of the designees "to determine whether defendants have properly designated a corporate representative in an appropriate location." Ignoring for the moment that lead plaintiff failed to meet and confer in person, as requested by defendants, or that lead plaintiff refused to provide any support for its position from a statue, a rule, a case, or even a treatise, it is wrong for at least three reasons.

First, lead plaintiff chose to notice the deposition of Oclaro, not a particular individual. If Oclaro finds more knowledgeable persons between now and Friday, it is entitled to substitute those persons for the ones presently contemplated. Thus, the name of the deponent is irrelevant. Moreover, not only can lead plaintiff not identify a single topic it would cover if it knew the identity of the deponent beforehand, it cannot even identify a single question. If lead plaintiff desires to depose someone in particular, it should use one of its depositions to do so. Indeed, if lead plaintiff's position were to be taken seriously, it could claim unfair surprise if Oclaro identified one employee as the deponent, and then exercised its right to change the witness for a more knowledgeable one. There is no rule of law that countenances this result.

Second, defendants already have informed counsel for lead plaintiff that one of the designees lives in New York state and lead plaintiff already has agreed to take that deposition in New York City. Lead plaintiff's determination of whether New York is an "appropriate location" is therefore irrelevant. The other deposition will take place in the San Francisco offices of lead plaintiff's lead counsel. Surely, lead plaintiff cannot complain that this is an inappropriate location.

Third, lead plaintiff's reliance on *In re Crash at Taipei, Taiwan*, No. MDL 1394-GAF(RCx), 2001 U.S. Dist. LEXIS 19981 (C.D. Cal. Nov. 21, 2001), the only case it

The Hon. Nathanael M. Cousins
April 11, 2013
Page 3

cites in support of its position, is misplaced. *Crash at Taipei* involved a dispute over the location of a deposition, not the identity of the designee. Here, the location of the depositions has been agreed and is not in issue. *Crash at Taipei* therefore is wholly inapposite. Lead plaintiff cites no authority for its exceptional and novel request.

For these reasons, defendants respectfully submit that lead plaintiff's application should be denied.

Respectfully submitted,

Gidon M. Caine