| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SHAWN A. WILLIAMS (213113)<br>SUNNY S. SARKIS (258073)<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  415/288-4545<br>415/288-4534 (fax)<br>shawnw@rgrdlaw.com<br>ssarkis@rgrdlaw.com<br>   – and –<br>JULIE A. KEARNS (246949)<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>jkearns@rgrdlaw.com<br><br>Lead Counsel for Plaintiffs | ALSTON & BIRD LLP<br>GIDON M. CAINE (188110)<br>275 Middlefield Road, Suite 150<br>Menlo Park, CA  94025-4008<br>Telephone: (650)838-2000<br>(650)838-2001 (fax)<br>gidon.caine@alston.com<br><br>ALSTON & BIRD LLP<br>JESSICA P. CORLEY (admitted *pro hac vice*)<br>ANDREW T. SUMNER (admitted *pro hac vice*)<br>1201 West Peachtree Street<br>Atlanta, GA  30309-3424<br>Telephone: (404)881-7000<br>(404)881-7777 (fax)<br>jessica.corley@alston.com<br>andy.sumner&alston.com<br><br>Counsel for Defendants<br>OCLARO, INC., ALAIN COULDER, JERRY<br>TURIN, and JAMES HAYNES |

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS AND CHARLOTTE WESTLEY,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                         Plaintiffs,<br><br>     vs.<br><br>OCLARO, INC., et al.,<br><br>                         Defendants. | ) No. C11-02448-EMC-NC<br>) and related consolidated action<br>) (Lead Case No. C11-3176-EMC)<br>) (Derivative Action)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| In re OCLARO, INC. DERIVATIVE<br>LITIGATION | ) Lead Case No. C11-3176-EMC<br>) (Derivative Action)<br>) |
| This Document Relates To:<br><br>     *Westley v. Oclaro, Inc., et al.*,<br>        C11-02448-EMC-NC | )<br>)<br>)<br>)<br>) |

[PROPOSED] STIPULATED PROTECTIVE ORDER

Lead Plaintiff Connecticut Laborers' Pension Fund and named plaintiffs Curtis and Charlotte Westley, jointly with defendants Oclaro, Inc. ("Oclaro" or the "Company"), and Alain Couder, Jerry Turin, and James Haynes (collectively "Parties" and each, individually, a "Party") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Fed. R. Civ. P. 26(c), the Court finds good cause for the following Stipulated Protective Order regarding the disclosure and use of discovery materials ("Order" or "Protective Order").

**I.     PURPOSES AND LIMITATIONS**

1. A Receiving Party may use Confidential Information that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this litigation. Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

2. The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Designating Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing or changing the designation.

**II.    DEFINITIONS**

1. "Confidential Information" means any Discovery Material that a Designating Party in good faith believes contains non-public, confidential, proprietary or commercially sensitive information. Confidential Information shall not include materials that show on their face they have been disseminated to the public.

2. "Counsel" means in-house Counsel and Outside Counsel.

[PROPOSED] STIPULATED PROTECTIVE ORDER – CASE NO. C11-02448-EMC-NC     - 1 -

3. "Designating Party" means the non-party or Party who produced the Discovery Material or the Party who chooses to designate the Discovery Material produced by or originating with any non-party as containing Confidential Information.

4. "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in this case.

5. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation. This definition includes a professional jury or trial consultant retained in connection with this litigation.

6. "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

7. "Producing Party" means any Party or other non-party entity that discloses or produces any Discovery Material in this case.

8. "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

9. "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

10. "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) attorneys associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

## III. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Fed. R. Civ. P. 6.

IV. SCOPE

1. The protections conferred by this Protective Order cover not only Confidential Information, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Outside Counsel to or in court or in other settings that might reveal Confidential Information.

2. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

3. This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

V. DURATION

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

VI. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

1. Basic Principles. All Confidential Information shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Confidential Information shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

2. Secure Storage. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3. Legal Advice Based on Confidential Information. Nothing in this Protective Order shall be construed to prevent in-house Counsel who are authorized to have access to Confidential Information or Outside Counsel from advising their clients with respect to motions counsel

recommends should or should not be made or discovery that should or should not be taken relating to this case based in whole or in part upon Confidential Information, provided such in-house and Outside Counsel do not disclose the Confidential Information itself except as provided in this Order.

4. Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Discovery Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iii) with the consent of the Producing Party; or (iv) pursuant to order of the Court.

**VII. DESIGNATING CONFIDENTIAL INFORMATION**

1. Available Designations. Any Designating Party may designate Discovery Material as Confidential Information provided it meets the requirements for such designation as provided herein.

2. Written Discovery and Documents and Tangible Things. In the case of written discovery, documents (which include "electronically stored information," as that phrase is used in Fed. R. Civ. P. 34), and tangible things produced by a Party, designation shall be made by placing the legend "CONFIDENTIAL" as appropriate on every page of the written material, for which such designation is appropriate, prior to production. In the event that original documents are produced for inspection, the original documents shall be presumed Confidential Information during the inspection and re-designated, as appropriate during the copying process.

3. Written Discovery and Documents and Tangible Things Produced by Non-Parties. In the case of written discovery, documents (which include "electronically stored information," as that phrase is used in Fed. R. Civ. P. 34), and tangible things produced by a non-party, any Party may designate the documents by (i) placing the legend "CONFIDENTIAL" as appropriate on every page of the documents after receiving the production from the non-party or from the Party who directly receives the production from the non-party; or (ii) identifying in writing to all Parties, in log form organized by Bates-number, the documents to be treated as Confidential Information. The failure of

a non-party to designate a document it produces as Confidential Information shall in no way affect the right of any Party to so designate the document.

4. **Depositions and Testimony.** In the case of depositions, Parties or testifying persons or entities may designate all or portions of the transcript with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice within thirty (30) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be treated as Confidential Information for a period of thirty (30) days after a Party's receipt of the final transcript. Any Party that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as Confidential Information has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to designate any portion of the transcript as Confidential Information must do so within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Confidential Information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Confidential Information. In such cases the court reporter shall be informed of this Protective Order. If the designation is made during the course of the deposition, the reporter attending such deposition shall place the legend "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO COURT ORDER" on the transcript. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." If any Confidential Information is used in taking an oral deposition, the Producing Party shall have the right to exclude from attendance at that deposition any person who is not authorized by this Protective Order to receive or access the Confidential Information, other than the deponent, deponent's counsel, the reporter and videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Information.

1    5.    Each Party or non-party that designates information or items as Confidential Information under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated as Confidential Information does not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**VIII.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

1.    Unless otherwise ordered by the Court, Confidential Information may be disclosed only to the following:

(a)    The Receiving Party's in-house Counsel or Outside Counsel, their immediate paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff.

(b)    The Parties.

(c)    Experts who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(d)    Professional Vendors who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(e)    Court reporters, stenographers and videographers retained to record testimony taken in this action.

(f)    The Court, jury, and court personnel.

(g)    Deposition and trial witnesses.

(h)    Potential witnesses with percipient knowledge of facts relevant to the action to whom disclosure is reasonably necessary and who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(i)    Any persons who appear on the face of the designated Confidential Information as an author, addressee or recipient thereof or where specific documentary or testimonial evidence establishes that the designated Confidential Information was authored or received by the person.

(j) The insurers and reinsurers of the Parties and the officers, directors, partners, employees, and counsel of such insurers and reinsurers.

(k) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

**IX. MOCK JURORS**

A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as Confidential Information unless that mock juror has signed a copy of Exhibit A. Mock Jurors shall not be permitted to take any Discovery Material with them at the end of the exercise and may not at any time take Discovery Materials out of the offices where the mock trial is conducted.

**X. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

1. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a) Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party claiming protection in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

(b) In the case of mass, routinized or indiscriminate designations, the Receiving Party need only identify examples of the designations that are believed to be clearly unjustified, or that have been made for an improper purpose. The Designating Party shall within seven (7) calendar

days review the examples, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation. If the Designating Party agrees that a change in designation of any of the examples is warranted, it shall, in a reasonably diligent manner, review and, as appropriate, change the designations for those designated materials readily identifiable as materially similar in character to those examples for which a change in designation was warranted.

(c) Failing agreement, the parties' recourse is to file, within five (5) calendar days of the Designating Party's refusal to change the designation, a joint letter with the Court pursuant to the procedure outlined by the Civil Standing Order of Magistrate Judge Nathanael M. Cousins dated August 24, 2012 requesting a ruling whether the Discovery Material in question is entitled to the status and protection of the Designating Party's designation. The Designating Party shall have the burden of justifying the disputed designation. In the event that the Court orders further briefing on the issue, the Parties will abide by any order of the Court as to the sequence and timing of the briefing. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(d) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as Confidential Information under this Protective Order until one of the following occurs: (a) the Designating Party that designated the Discovery Material as Confidential Information withdraws the designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to designation as Confidential Information.

**XI. SUBPOENAS OR COURT ORDERS**

1. If at any time a Receiving Party receives a subpoena from any court, arbitral, regulatory, administrative, or legislative body, requesting Discovery Material produced by another Party, the Party to whom the subpoena or other request is directed shall immediately, upon receipt of the subpoena, give prompt written notice thereof to the Producing Party and to its Outside Counsel and shall provide the Producing Party with an opportunity to move for a protective order regarding the production of any Confidential Information contained within the subpoenaed Discovery Material.

In the event that the Producing Party advises the Receiving Party that it intends to promptly move for such an order and the Producing Party moves prior to the proposed production date, the Receiving Party shall not produce or divulge the contents of any Confidential Information until such motion is resolved, so long as the refusal to produce the Confidential Information would not violate court order or subject the Receiving Party to sanctions or contempt of court.

2. If a Receiving Party believes, in good faith, that its refusal to produce the Confidential Information would cause it to violate a court order or subject the Receiving Party to sanctions or contempt of court, and, as a result, the Receiving Party intends to produce the Confidential Information, the Receiving Party shall give notice to the Producing Party of its intention by e-mail within 24 hours of, or as soon as practicable prior to, the production of the Confidential Information.

3. Nothing in this paragraph should be construed as permitting disclosure of Confidential Information to any non-party except as expressly provided in this Order.

**XII. FILING PROTECTED MATERIAL**

1. Absent written permission from the Producing Party or a court order granting a motion to file Confidential Information under seal pursuant to Local Rule 79-5 and General Order 62, a Receiving Party may not file in the public record any Confidential Information.

Any Receiving Party is authorized under Local Rule 79-5 and General Order 62 to file under seal with the Court any brief, document or materials that are designated as Confidential Information. Any Party seeking to file any document under seal must seek leave of court to do so pursuant to Local Rule 79-5 and General Order 62.

**XIII. SHIPPING CONFIDENTIAL INFORMATION VIA MAIL**

When any Receiving Party ships any Discovery Material, containing Confidential Information, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by

1  unauthorized persons during shipment, it will immediately notify the Producing Party and take all
2  reasonable measures to retrieve the improperly disclosed Discovery Material. This paragraph does
3  not apply to e-mail transmissions.

4  **XIV.  INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

5  1. The inadvertent production by a party of Discovery Material subject to the attorney-
6  client privilege, work-product protection, or any other applicable privilege or protection, despite that
7  party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive
8  the applicable privilege and/or protection if a request for return of such inadvertently produced
9  Discovery Material is made promptly after the Producing Party learns of its inadvertent production
10 with an accompanying declaration from counsel attesting that the production was inadvertent.

11 2. If the Producing Party notifies the Receiving Party after discovery that privileged or
12 other materials protected from discovery have been inadvertently produced (hereinafter referred to
13 as the "Identified Materials"), the Producing Party will promptly provide the Receiving Party with a
14 privilege log for the Identified Materials and all parties shall comply with Fed. R. Civ. P. 26(b)(5)(B)
15 concerning the Identified Materials. If any Discovery Material has been offered at a deposition or as
16 an exhibit to a filed dispositive motion or opposition to a dispositive motion and the Producing Party
17 claims that such Discovery Material was inadvertently produced and is subject to the attorney-client
18 privilege and/or work-product protection or other privilege or protection, all parties shall still comply
19 with Fed. R. Civ. P. 26(b)(5)(B), except that the Producing Party, within three (3) business days of
20 the deposition or filing the dispositive motion or opposition to dispositive motion, shall identify the
21 inadvertently disclosed material and simultaneously produce to all parties a privilege log specifically
22 identifying the inadvertently disclosed material and a detailed basis for the claim of attorney-client
23 or work-product privilege or other privilege or protection. Within two (2) business days after the
24 production of such a log, the Producing and Receiving Parties must conduct a meet and confer to try
25 to resolve the issue. If after the parties' meet and confer the parties cannot reach agreement, and to
26 the extent the applicability of the claimed privilege is not evident from the face of the Identified
27 Materials, the Producing Party shall, within five (5) business days of the meet and confer, file a
28 motion for protective order pursuant to Fed. R. Civ. P. 26(c), scheduled to be fully briefed and heard

by the Court before or simultaneous with the hearing on the relevant dispositive motion or opposition to dispositive motion. In the context of a document offered in a deposition, the Producing Party shall file a motion for protective order pursuant to Fed. R. Civ. P. 26(c) within five business days of the meet and confer.

## XV. INADVERTENT FAILURE TO DESIGNATE PROPERLY

1. The inadvertent failure by a Producing Party to designate Discovery Material as Confidential Information, shall not waive any such designation provided that the Producing Party notifies all Receiving Parties within ten (10) days of the Producing Party learning of the inadvertent failure to so designate. The Producing Party shall reproduce the Confidential Information with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Parties. Upon receiving the Confidential Information with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

2. A Receiving Party shall not be in breach of this Order for any use of such inadvertently non-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate the Discovery Material as Confidential Information. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material as Confidential Information.

## XVI. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

1. In the event of a disclosure of any Confidential Information pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Confidential Information has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

2. Unauthorized or inadvertent disclosure does not change the status of Confidential Information or waive the right to hold the disclosed document or information as Confidential Information.

## XVII. FINAL DISPOSITION

1. Within sixty (60) days after receipt of a written request from a Designating Party after a judgment in or dismissal or other resolution of this litigation becomes final and non-appealable, all persons having received Discovery Material that contains Confidential Information shall make commercially reasonable efforts to (a) return all Confidential Information of a Designating Party to the respective Outside Counsel of the Designating Party; or (b) destroy such Confidential Information.

2. All Parties that have received any such Confidential Information shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Designating Party or destroyed. Outside Counsel for the Parties may, however, retain one set of court filings, correspondence, transcripts and attorney work product (including Confidential Information that is referred to or attached to any attorney work product for archival purposes), but any Confidential Information contained in such materials continues to be protected under the terms of this Protective Order.

## XVIII. DISCOVERY FROM EXPERTS OR CONSULTANTS

1. Absent good cause, testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports are also exempt from discovery.

2. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.

3. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

4. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

5. Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

**XIX. MISCELLANEOUS**

1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

2. Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after a judgment in or dismissal or other resolution of this litigation becomes final and non-appealable.

3. Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

4. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

5. Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in

1  disputes regarding whether particular Discovery Material is confidential, whether disclosure should
2  be restricted, and if so, what restrictions should apply.

3        6.      Modification by Court.  This Order is subject to further Court order based upon
4  public policy or other considerations, and the Court may modify this Order *sua sponte* in the
5  interests of justice.  The United States District Court for the Northern District of California is
6  responsible for the interpretation and enforcement of this Order.  All disputes concerning
7  Confidential Information produced under the protection of this Order shall be resolved by the United
8  States District Court for the Northern District of California.

9        7.      Discovery and Ethical Rules Remain Unchanged.  Nothing herein shall alter or
10 change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules
11 for the United States District Court for Northern District of California, or the rules and case law in
12 California related to attorneys' ethical obligations or the Court's own orders.  Identification of any
13 individual pursuant to this Protective Order does not make that individual available for deposition or
14 any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil
15 Procedure, the Local Rules for the United States District Court for Northern District of California, or
16 the Court's own orders.

17 DATED:  April 11, 2013                    ROBBINS GELLER RUDMAN
                                                                                                         & DOWD LLP
18                                                                                      SHAWN A. WILLIAMS
                                                                                     SUNNY S. SARKIS
19

20

                                                                                  /s/ Shawn A. Williams
21                                                                                   SHAWN A. WILLIAMS

22                                                 Post Montgomery Center
                                                One Montgomery Street, Suite 1800
23                                                 San Francisco, CA  94104
                                                Telephone:  415/288-4545
24                                                 415/288-4534 (fax)

25

26

27

28

ROBBINS GELLER RUDMAN
  & DOWD LLP
JULIE A. KEARNS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

ROBERT M. CHEVERIE & ASSOCIATES
GREGORY S. CAMPORA
Commerce Center One
333 E. River Drive, Suite 101
East Hartford, CT 06108
Telephone: 860/290-9610
860/290-9611 (fax)

HOLZER HOLZER & FISTEL, LLC
MICHAEL I. FISTEL, JR.
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 810
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)

Additional Counsel for Plaintiff

DATED: April 11, 2013    ALSTON & BIRD LLP
GIDON M. CAINE

          /s/ Gidon M. Caine
        GIDON M. CAINE

275 Middlefield Road, Suite 150
Menlo Park, California 94025-4008
Telephone: 650'838-2000
650/838-2001 (fax)
gidon.caine@alston.com

|   |   |
|---|---|
| 1 | |
| 2 | ALSTON & BIRD LLP<br>JESSICA P. CORLEY (*pro hac vice*)<br>ANDREW T. SUMNER (*pro hac vice*)<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Telephone: 404/881-7000<br>404/881-7777 (fax)<br>jessica.corley@alston.com<br>andy.sumner@alston.com<br><br>Counsel for Defendants Oclaro, Inc., Alain Couder, Jerry Turin, and James Haynes |

\*     \*     \*

**O R D E R**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: _____     _____
                                                                                       THE HONORABLE NATHANAEL M. COUSINS
                                                                                       UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2013 in the case of *Westley v. Oclaro*, Case No. C11-02448-EMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____