**United States District Court**
For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    CURTIS WESTLEY, *et al.*,                    No. C-11-2448 EMC

9              Plaintiffs,

10        v.                                      **ORDER RE SUPPLEMENTAL**
                                                  **BRIEFING FOR PLAINTIFFS' MOTION**
11   OCLARO, INC., *et al.*,                      **FOR PRELIMINARY APPROVAL**

12             Defendants.                        **(Docket No. 175)**

13   _____/

14

15

16        The Court has reviewed Plaintiffs' motion for preliminary approval.  Having reviewed the

17   motion, the Court hereby orders the parties to provide a joint supplemental brief regarding the

18   following issues.  **The joint supplemental briefing shall be filed no later than April 10, 2014.**

19   1.   Net Settlement Fund

20        The parties should state what they expect the net settlement fund to be and explain how they

21   arrived at the calculation.  For example, out of the $3.7 million total settlement fund, how much do

22   the parties expect will go toward, *e.g.*, notice and administration costs or taxes and tax expenses?

23   *Cf.* Stip. of Sett. § 2.6 (providing that Plaintiffs may use up to $600,000 without Court or

24   Defendants' approval for such costs and expenses).

25   2.   Plan of Allocation

26        The settlement agreement provides that the Plan of Allocation is not part of the agreement.

27   *See* Stip. of Sett. §§ 1.21, 5.6, 5.9; Prop. Order ¶ 15.  However, it is not clear whether the parties are

28   taking the position that the Court cannot evaluate the Plan of Allocation in assessing the fairness,

United States District Court

For the Northern District of California

reasonableness, and adequacy of the settlement.  *See* Stip. of Sett. § 5.9 (providing that the Plan of Allocation is not part of the settlement agreement "and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement").  If this is the parties' position, then they should explain how the Court can assess the fairness, reasonableness, and adequacy of the settlement without considering, *inter alia*, the Plan of Allocation as the Plan will dictate what distribution each class member will get.

In addition, Plaintiffs should explain how the Plan of Allocation was derived and why it is an appropriate plan for distribution to the class.  As part of this explanation, Plaintiffs should describe why it is using the dates January 24 and 25, 2011, as part of their calculations.  *See* Notice at 8.

3.    Maximum Potential Recovery

According to Plaintiffs, had they entirely prevailed in the litigation (*i.e.*, succeed with respect to both the representations in May/June 2010 and July/August 2010), the maximum potential recovery in the case would be approximately $69 million.  *See* Mot. at 11 n.5.  Plaintiffs should provide an explanation and summary description of the evidence supporting this claim.

Plaintiffs add that, if the June/August 2010 representations are excluded, then the maximum potential recovery in the case (*i.e.*, recovery based on the May/June 2010 statements only) would be approximately $3.2 million – which is less than the total settlement fund of $3.7 million.  *See* Mot. at 11.  Unlike above, Plaintiffs do cite some evidence in support of this claim.  *See* Williams Decl. ¶ 59 ("Based upon a comprehensive event study, Plaintiffs estimate the maximum potential judgment they could obtain for the Class is approximately $3.2 million for the May 2010-June 2010 claims that remained in the case after the May 30, 2013 Order.").  However, Plaintiffs give no specific information about the comprehensive event study – *e.g.*, who conducted it, what assumptions were made, etc.  Plaintiffs should provide at least some description about the comprehensive event study that was conducted.

4.    Scope of Release

The settlement defines "Released Claims" as all claims that were asserted or that might have been asserted "based upon, arising out of, or related to (a) the purchase or acquisition of Oclaro common stock during the Class Period and any of the facts . . . which were or could have been

United States District Court

For the Northern District of California

1   alleged in or embraced or otherwise referred to or encompassed by the Litigation . . . ; or (b) that

2   Defendants improperly defended or settled the Litigation, the Released Claims or both."  Stip. of

3   Sett. § 1.23.

4        The scope of the release is arguably overly broad as worded – in particular with respect to

5   (a).  The parties should meet and confer to determine whether they can agree upon more precise

6   language for the release.

7   5.   Cy Pres Beneficiary

8        The parties should explain why Bay Area Legal Aid is an appropriate cy pres beneficiary in

9   light of *Nachsin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011) (indicating that selection of a cy

10  pres beneficiary should be "tethered to the nature of the lawsuit and the interests of the silent class

11  members").

12  6.   Supplemental Agreement

13       The settlement agreement refers to a Supplemental Agreement which includes (at the very

14  least) information as to Oclaro's ability to terminate the settlement in the event that class members

15  with a certain number of shares opt out of the settlement.  *See* Stip. of Sett. § 7.3.  Under the

16  agreement, the Supplemental Agreement will not be filed unless, *e.g.*, requested by the Court.  The

17  Court hereby orders the parties to provide a copy of the Supplemental Agreement for the Court's

18  review.  If the parties either file the Supplemental Agreement under seal or lodge the Supplemental

19  Agreement for in camera review, then they must provide a declaration justifying the request to file

20  under seal or request for in camera review.  A generic request shall not be sufficient; the parties must

21  provide specifics as to why a filing under seal or an in camera review is necessary.

22  7.   Proposed Order Granting Preliminary Approval

23       a.   Paragraph 8

24       Paragraph 8 should be amended to read: "All Members of the Clas shall be subject to and be

25  bound by the provisions of the Stipulation *if approved* . . . ."

26       b.   Paragraph 14

27       Paragraph 14 should be amended so that all briefing is filed and served no later than fourteen

28  (14) days prior to the hearing on final approval.

1    8.    <u>Full-Length Notice of Proposed Settlement</u>

2         a.    <u>Page 1</u>

3         In the section "Settlement Fund," the parties have disclosed (in bold) that the estimated

4    average distribution per share of common stock will be approximately $0.15 before deduction of

5    Court-approved fees and expenses and so forth.  The parties should include (in bold) that the

6    estimated average distribution per share of common stock will be approximately $0.04 after

7    deduction of such fees and expenses.  *See* Notice at 2.

8         b.    <u>Pages 2 and 14</u>

9         The parties disclose that Plaintiffs will ask for 25% of the settlement fund for attorney's fees.

10   The notice should include what the actual dollar amount is – *i.e.*, $925,000.

11        c.    <u>Page 3</u>

12        The option "GO TO A HEARING" is not really an independent option but rather part of the

13   option "OBJECT."  The text related to going to a hearing should be incorporated as part of the

14   "OBJECT" option.

15        d.    <u>Page 7</u>

16        The parties should state what the estimated net settlement fund is expected to be.

17        e.    <u>Page 8</u>

18        The following statement regarding the Plan of Allocation is confusing: "The allocation

19   below is based on the following Inflation Amounts as well as the statutory PSLRA 90-day look-back

20   amount of $11.53."  The statement needs to be clarified.

21        f.    <u>Page 17</u>

22        At the end of the notice, there is a special notice to banks, brokers, and other nominees.  The

23   parties should address whether, in sending out the notice by mail to banks, brokers, and other

24   nominees specifically, it makes sense to include the special notice as a cover page for the notice.

25   9.    <u>Claim Form</u>

26        Page 3 of the claim form should be amended to state that "[c]opies of broker confirmations

27   or other documentation of your transactions in Oclaro common stock should be attached to your

28   claim *if available*.  Failure to provide this documentation could delay verification of your claim or

1    result in rejection of your claim."  This is consistent with page 9 of the claim form which states:

2    "Remember to attach supporting documentation, if available."

3

4            IT IS SO ORDERED.

5

6    Dated: March 25, 2014

7                                                    _____

8                                                    EDWARD M. CHEN
                                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California