ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
SUNNY S. SARKIS (258073)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
ssarkis@rgrdlaw.com
      – and –
JEFFREY D. LIGHT (159515)
JULIE A. KEARNS (246949)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com
jkearns@rgrdlaw.com

Lead Counsel for Plaintiffs
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS AND CHARLOTTE WESTLEY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. C11-02448-EMC and related consolidated action (Lead Case No. C11-3176-EMC) (Derivative Action) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| OCLARO, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| In re OCLARO, INC. DERIVATIVE LITIGATION | ) ) ) | Lead Case No. C11-3176-EMC (Derivative Action) |
| | ) ) | |
| This Document Relates To: | ) ) | |
| _Westley v. Oclaro, Inc., et al.,_ C11-02448-EMC. | ) ) ) | |

918578_2

1   WHEREAS, an action is pending before this Court styled *Westley v. Oclaro, Inc.*, No. C11-

2   02448-EMC (the "Litigation");

3   WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4   Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with an

5   Amended Stipulation of Settlement dated as of April 30, 2014 (the "Stipulation"), which, together

6   with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of

7   the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set

8   forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed

9   thereto; and

10   WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

11   NOW, THEREFORE, IT IS HEREBY ORDERED:

12   1.   The Court does hereby preliminarily approve the Stipulation and the settlement set

13   forth therein, subject to further consideration at the Settlement Hearing described below.

14   2.   The Court hereby certifies a Class, for settlement purposes only, defined as: all

15   Persons who purchased or otherwise acquired the common stock of Oclaro between May 6, 2010

16   and October 28, 2010, inclusive, excluding Defendants, Oclaro's officers and directors during the

17   Class Period, and their immediate families and affiliates. Also excluded from the Class are those

18   

19   Persons who validly and timely request exclusion from the Class.

20   3.   With respect to the Class, this Court finds solely for purposes of effectuating this

21   settlement that (a) the Members of the Class are so numerous that joinder of all Class Members in

22   the Litigation is impracticable; (b) there are questions of law and fact common to the Class which

23   predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the

24   claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and

25   protected the interests of all of the Class Members; and (e) a class action is superior to other

26   

27   available methods for the fair and efficient adjudication of the controversy, considering: (i) the

28   interests of the Members of the Class in individually controlling the prosecution of the separate

actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4.      A hearing (the "Settlement Hearing") shall be held before this Court on July 31, 2014, at 1:30 p.m., at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the Final Order and Judgment as provided in ¶¶1.10 and 1.12 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.

5.      The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified through reasonable efforts, and shall constitute due and sufficient notice to all Persons entitled thereto.

6.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE - C11-02448-EMC

(a)     The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Class and not later than May 15, 2014 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and post on its website the Stipulation and Exhibits and provide a dedicated link to the website in the Notice (www.oclarosettlement.com);

(b)     Not later than May 22, 2014, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily*, and once over the *Business Wire*;

(c)     Not later than May 15, 2014, the Claims Administrator shall include at www. oclarosettlement.com a calculator that will permit Class Members to input their transactions in Oclaro common stock and then obtain a nonbinding estimate of their possible distribution;

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing;

(e)     Not later than June 26, 2014, the Claims Administrator shall post at www. oclarosettlement.com, the Motion for Final Approval of the Settlement, Plan of Allocation and Request for Attorneys' Fees and Expenses; and

(f)     Not later than June 26, 2014, the Claims Administrator shall mail a reminder notice to Class Members for whom the Claims Administrator has addresses that have not responded.

7.     Nominees who purchased or acquired Oclaro common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such Oclaro common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice

and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.     All Members of the Class shall be subject to and be bound by the provisions of the Stipulation if approved, the releases contained therein, and the Final Order and Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or a similar document, any distribution from the Settlement Fund or Net Settlement Fund.  All Members of the Class shall also be subject and bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9.     Class Members who seek any portion of the Settlement Fund shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  If there are sufficient funds left in the Net Settlement Fund after six months from the initial date of distribution, the Claims Administrator shall make a second distribution in an equitable and economic fashion.  As set forth in the Notice, the second distribution would be based on the percentage of the Net Settlement Fund that each such Authorized Claimant bears to the total of the claims of all Authorized Claimants who

cashed their checks in the initial distribution. Additionally, only Authorized Claimants who cashed their checks in the initial distribution would receive a second distribution.

10.     Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11.     Any Person who would otherwise fall within the definition of a Class Member may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than July 7, 2014. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases, acquisitions and sales of Oclaro common stock made during the Class Period, including the dates of purchase, acquisition or sale, and the price paid or received for each such purchase, acquisition or sale (unless such information is not readily available); and (c) that the Person wishes to be excluded from the Class. Any Person may submit a Request for Exclusion for review even if the person cannot find the prices or exact dates of the Person's purchases, acquisitions, and sales of Oclaro common stock made during the Class Period. Any Person who submits a valid and timely Request for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Order or Judgment entered in the Litigation.

12.     Any Member of the Class may appear and show cause, if he, she, or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has filed said objections, papers, and

briefs with the Clerk of the United States District Court for the Northern District of California, on or before July 7, 2014. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Lead Plaintiff, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by June 23, 2014, fourteen (14) calendar days prior to the deadline for objections in ¶12. Any reply briefs and supporting documents shall be filed and served by July 17, 2014, fourteen (14) calendar days prior to the Settlement Hearing.

15.     Neither the Released Persons nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

17.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead

Plaintiff, nor any of its counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

18.    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed or used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement shall be admissible in any proceeding for any purpose except that the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

20.   The Court retains jurisdiction over all proceedings arising out of or related to the Stipulation and/or the settlement.

21.   If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void and shall be vacated, *nunc pro tunc*, and the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

22.   Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

23.   Pending final determination as to whether the Settlement set forth in the Stipulation should be approved, no Class Member shall commence, prosecute, pursue or litigate any Released Claim against any Released Person.

IT IS SO ORDERED.

DATED: _____5/5/14_____

IT IS SO ORDERED

Judge Edward M. Chen

THE UNIT_____ M. CHEN
                                                        DGE

Submitted by:

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
SUNNY S. SARKIS

     s/ Shawn A. Williams
   SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JEFFREY D. LIGHT
JULIE A. KEARNS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

ROBERT M. CHEVERIE & ASSOCIATES
GREGORY S. CAMPORA
Commerce Center One
333 E. River Drive, Suite 101
East Hartford, CT  06108
Telephone:  860/290-9610
860/290-9611 (fax)

HOLZER HOLZER & FISTEL, LLC
MICHAEL I. FISTEL, JR.
200 Ashford Center North, Suite 300
Atlanta, GA  30338
Telephone:  770/392-0090
770/392-0029 (fax)

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 810
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)

Additional Counsel for Plaintiff

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - C11-02448-EMC

**EXHIBIT A-1**

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
SUNNY S. SARKIS (258073)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
ssarkis@rgrdlaw.com
   – and –
JEFFREY D. LIGHT (159515)
JULIE A. KEARNS (246949)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com
jkearns@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS AND CHARLOTTE WESTLEY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> OCLARO, INC., et al., <br><br> Defendants. <br> ——————————————— <br> In re OCLARO, INC. DERIVATIVE LITIGATION <br> ——————————————— <br> This Document Relates To: <br><br>    *Westley v. Oclaro, Inc., et al.,* <br>    C11-02448-EMC. | No. C11-02448-EMC <br> and related consolidated action <br> (Lead Case No. C11-3176-EMC) <br> (Derivative Action) <br><br> NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION <br><br> EXHIBIT A-1 <br><br> Lead Case No. C11-3176-EMC <br> (Derivative Action) |

876835_5

*If you purchased or acquired Oclaro, Inc.("Oclaro" or the "Company")[1] common stock during the period between May 6, 2010 and October 28, 2010, inclusive (the "Class Period"), and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.*

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THE LITIGATION.**

**Security and Time Period**:  Oclaro common stock purchased or acquired between May 6, 2010 and October 28, 2010, inclusive.

**Settlement Fund:**  $3,700,000 in cash plus any interest earned.  Your recovery will depend on the timing of your purchases, acquisitions, and sales of Oclaro common stock during the Class Period.  Based on the information currently available to Lead Plaintiff and the analysis performed by its damages consultants, **it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share of common stock will be approximately $0.15 before deduction of Court-approved fees and expenses, including the cost of notifying Members of the Class and settlement administration and any attorneys' fees and expenses awarded by the Court to counsel for the Lead Plaintiff.  The estimated average distribution per share after payment of the above Court approved expenses will be approximately $0.10 per share**.  Historically, actual claims rates are less than 100%, which result in higher distributions per share.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

---

[1]   This Notice incorporates by reference the definitions in the Amended Stipulation of Settlement dated as of April 30, 2014 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.   The Stipulation can be obtained at www.oclarosettlement.com.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in loss at summary judgment, trial or on appeal.  The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiff prevailed at trial.  The issues on which the parties disagree are many and include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the method for determining whether the price of Oclaro common stock was artificially inflated, if at all, during the relevant period; (4) whether there was any such inflation and the amount of any such alleged inflation; (5) the extent to which external factors or market factors influenced the trading price of Oclaro common stock during the Class Period; (6) the extent that various facts alleged by Lead Plaintiff influenced the trading price of Oclaro common stock during the Class Period; and (7) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:**  Court-appointed Lead Plaintiff's counsel will ask the Court for attorneys' fees of 25% (*i.e.* $925,000) of the Settlement Fund and expenses not to exceed $175,000 to be paid from the Settlement Fund plus interest.  Lead Plaintiff's counsel have not received any payment for their work for prosecuting this Litigation, and negotiating this settlement on behalf of the Lead Plaintiff and the Class.  **If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.04.**

**Deadlines:**

> Submit Claim:                   _____, 2014

> Request Exclusion:         _____, 2014

> File Objection:                 _____, 2014

**Court Hearing on Fairness of Settlement:** _____, 2014

**More Information:** www.oclarosettlement.com or

| Claims Administrator: | Representative of Lead Plaintiff's counsel: |
|---|---|
| *Oclaro Securities Litigation*<br>Claims Administrator<br>c/o Gilardi & Co. LLC<br>P.O. Box 8040<br>San Rafael, CA 94912-8040<br>1-800-447-7657 | Rick Nelson<br>Shareholder Relations<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>1-800-449-4900 |

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| **SUBMIT A CLAIM FORM** | If you are a Class Member and do not exclude yourself from the Class, the only way to get a payment is to submit a claim form. You may submit a claim form and still object to any aspect of the settlement, the request for an award of attorneys' fees and expenses and/or the Plan of Allocation. If you submit a claim form, you give up your right to participate in another lawsuit against the Defendants for the legal claims in this case. *See* Answer to Question 12 for a more detailed description of what you are giving up if you submit a claim form. |
|---|---|
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants for the legal claims in this case. |
| **OBJECT** | If you are a Class Member and do not exclude yourself from the Class, you may write to the Court if you do not like the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation. If you submit an objection to the settlement, Plan of Allocation or the request for an award of attorneys' fees and expenses and do not submit a claim form seeking payment from the settlement proceeds, your objection may be rejected because you would no longer have an interest in the settlement. You may also ask to speak in Court about the |

|   |   |   |
|---|---|---|
| 1 | | fairness of the settlement, the request for attorneys' fees and |
| 2 | | expenses, or the Plan of Allocation. |
| 3 | **DO NOTHING** | **If you do nothing, you will not receive any payments, will** |
| 4 | | **not be allowed to object to the settlement, Plan of** |
| 5 | | **Allocation or Lead Plaintiff's counsel's request for an** |
| 6 | | **award of attorneys' fees and expenses and will give up your** |
| 7 | | **right to participate in another lawsuit against the** |
| 8 | | **Defendants for the legal claims in this case.** *See* Answer to |
| 9 | | Question 12 for a more detailed description of what you are |
| 10 | | giving up if you do nothing. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.     Why did I get this notice package?

You or someone in your family may have purchased or acquired Oclaro common stock between May 6, 2010 and October 28, 2010, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Westley v. Oclaro, Inc.*, No. C11-02448-EMC. The entity that leads the Litigation, Connecticut Laborers' Pension Fund, is called the Lead Plaintiff and the company and the individuals it sued are called Defendants.

**2.      What is this lawsuit about?**

Defendant Oclaro provides optical components and subsystems to the telecommunications industry. This is a securities class action on behalf of all persons who purchased or acquired the common stock of Oclaro between May 6, 2010 and October 28, 2010, inclusive, against Oclaro and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 ("Exchange Act"). Lead Plaintiff alleges that throughout the Class Period – and more specifically in May, June, July and August 2010 – the Company and certain of its top executives made false and misleading statements to the investment community concerning purported current and increasingly strong customer demand for Oclaro's products. In addition, Lead Plaintiff alleges that Defendants made false and misleading statements in July and August 2010 in issuing (and then reaffirming) Oclaro's increased revenue and earnings guidance for first quarter 2011 ("1Q11") (ended October 2, 2010) and accelerated margin guidance for the calendar year 2010 at a time they were aware of facts seriously undermining the reasonableness of these projections. In July and August 2010, Lead Plaintiff alleges that Defendants also misrepresented to the market the significance of Oclaro's close customer relationships by inaccurately boasting that these relationships provided them with knowledge of existing order firmness as well as future customer needs. Lead Plaintiff alleges that when Defendants disclosed the truth about the Company's true condition, Class Members suffered damages as a result of the decline in the price of Oclaro common stock.

Defendants have denied and continue to deny each and all of the claims and allegations of wrongdoing made by Lead Plaintiff in the Litigation and maintain furthermore that they have meritorious defenses. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Lead Plaintiff or the Class have suffered

any damage, that the price of Oclaro common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation.

### 3.   Why is this a class action?

In a class action, one or more people called class representatives (in this case, the Court-appointed Connecticut Laborers' Pension Fund as Lead Plaintiff), sue on behalf of people who have similar claims. All of these people and/or entities are called a class or class members. One judge – in this case, United States District Court Judge Edward M. Chen – resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4.   Why is there a settlement?

The Court did not decide in favor of the Lead Plaintiff or Defendants. Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, with the assistance of the Honorable Layn R. Phillips (Ret.), a former United States District Court Judge, that they believe is in the best interests of their respective clients. The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated without further delay. The Lead Plaintiff and its attorneys think the settlement is best for all Class Members.

### WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

### 5.   How do I know if I am part of the settlement?

The Class includes *all Persons who purchased or acquired Oclaro's common stock between May 6, 2010 and October 28, 2010, inclusive*.

### 6.   Are there exceptions to being included in the Class?

Yes. Excluded from the Class are Defendants, Oclaro's officers and directors during the Class Period, and their immediate families and affiliates. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

**7.     I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help.  You can call 1-800-447-7657 or visit www.oclarosettlement.com for more information; or, you can call Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, at 1-800-449-4900 for more information.

<strong>THE SETTLEMENT BENEFITS – WHAT YOU GET</strong>

**8.     What does the settlement provide?**

Oclaro has agreed to pay or cause to be paid $3,700,000 in cash (the "Settlement Fund"). The Settlement Fund, plus interest earned from the date it is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid Proofs of Claim ("Authorized Claimants").   Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, the costs of claims administration, and taxes on the Settlement Fund.  The Net Settlement Fund is estimated to be $2,392,000.

**9.     How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members send in and how many shares of Oclaro common stock you purchased and/or acquired during the relevant period and when you purchased, acquired and/or sold them.  You can estimate the payment you might receive if all Class Members submit claims by inputting your transactions in Oclaro's common stock in a calculator at www.oclarosettlement.com.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Plaintiff's counsel conferred with their damages consultants and the Plan of Allocation reflects their judgment regarding the relative strengths of the claims at issue in light of the order issued by the District Court that they believe could have been recovered had Lead Plaintiff prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If,

however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A "Claim" will be calculated as follows:

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

The allocation below is based on the following Inflation Amounts[2] as well as the statutory PSLRA 90-day look-back amount of $11.53.[3]

1.    For shares of Oclaro common stock *purchased or acquired, on or between May 6, 2010 through October 27, 2010*, the claim per share shall be as follows:

(a)    If sold on or between May 6, 2010 through October 27, 2010, the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase less the inflation in Table A at the time of sale; and (ii) the difference between the purchase price and the selling price.

---

[2]    The Inflation Amounts which are listed in Table A are based on the July 30, 2010 and October 28, 2010 price declines in Oclaro common stock that plaintiffs allege resulted from Oclaro correcting earlier false and misleading statements.  A market adjusted dollar decline of $1.11 was used for the July 30, 2010 price decline.  For the October 28, 2010 price decline, the market adjusted price decline of $5.16 was reduced by 90% to $0.52 per share because plaintiffs believe that the claims related to the October 28, 2010 price decline were significantly weaker than the claims associated with the July 30, 2010 decline as reflected in the Court's May 30, 2013 Order.  As a result, the $1.63 inflation amount for the time period May 6, 2010 to July 29, 2010 listed in Table A reflects both the inflation amounts for the adjusted price declines on July 30, 2010 ($1.11) and  on  October 28, 2010 ($0.52). The inflation amount for the time period July 30, 2010 to October 27, 2010 listed in Table A reflects the adjusted price decline of $0.52.

[3]    The statutory PSLRA 90-day look-back amount of $11.53, reflects that the PSLRA, the statute this case was brought under, provides that the award of damages to the plaintiffs shall not exceed the difference between the purchase or sale price paid or received for the stock at issue, here Oclaro common stock and the average trading price of Oclaro common stock during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated, in this case October 28, 2010. Consistent with the requirements of the PSLRA, claims are reduced by taking into account the closing prices of Oclaro's common stock during the 90 day period.  The average closing price for Oclaro's common stock at the end of the 90 day period was $11.53.

1      (b)     If retained at the end of October 27, 2010 and sold prior to January 25, 2011,

2  the claim per share shall be the lesser of (i) the inflation in Table A at the time of purchase; (ii) the

3  difference between the purchase price and the selling price; and (iii) the difference between the

4  purchase price per share and the average closing price per share up to the date of sale as set forth in

5  Table B below.

6      (c)     If retained at the close of trading on January 24, 2011, or sold on January 25,

7  2011 or thereafter, the claim per share shall be the lesser of (i) the inflation in Table A at the time of

8  purchase; and (ii) the difference between the purchase price per share and $11.53 per share.

9      2.     For shares of Oclaro common stock *purchased or acquired, on October 28, 2010*, the

10  claim per share shall be $0.00.[4]

**TABLE A**

| Time Period | Inflation |
|---|---|
| May 6, 2010 – July 29, 2010 | $1.63 |
| July 30, 2010 – October 27, 2010 | $0.52 |

**TABLE B**

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 28-Oct-10 | $8.60 | $8.60 |
| 29-Oct-10 | $8.41 | $8.51 |
| 1-Nov-10 | $8.62 | $8.54 |
| 2-Nov-10 | $9.00 | $8.66 |
| 3-Nov-10 | $9.51 | $8.83 |
| 4-Nov-10 | $9.89 | $9.01 |
| 5-Nov-10 | $9.97 | $9.14 |
| 8-Nov-10 | $9.96 | $9.25 |
| 9-Nov-10 | $9.28 | $9.25 |
| 10-Nov-10 | $9.48 | $9.27 |
| 11-Nov-10 | $9.48 | $9.29 |
| 12-Nov-10 | $9.70 | $9.33 |

[4]  Please note that although the Class Period includes October 28, 2010, shares of Oclaro common stock that were purchased and/or acquired on October 28, 2010 are not eligible for a recovery under the Plan of Allocation because the disclosure made on October 28, 2010 that Lead Plaintiff alleges corrected earlier alleged misrepresentations and omissions was made before the opening of trading that day.

| | | |
|---|---|---|
| 15-Nov-10 | $9.38 | $9.33 |
| 16-Nov-10 | $9.15 | $9.32 |
| 17-Nov-10 | $9.11 | $9.30 |
| 18-Nov-10 | $9.43 | $9.31 |
| 19-Nov-10 | $9.78 | $9.34 |
| 22-Nov-10 | $9.90 | $9.37 |
| 23-Nov-10 | $9.63 | $9.38 |
| 24-Nov-10 | $9.85 | $9.41 |
| 26-Nov-10 | $9.71 | $9.42 |
| 29-Nov-10 | $9.79 | $9.44 |
| 30-Nov-10 | $9.70 | $9.45 |
| 1-Dec-10 | $10.16 | $9.48 |
| 2-Dec-10 | $11.07 | $9.54 |
| 3-Dec-10 | $12.18 | $9.64 |
| 6-Dec-10 | $11.71 | $9.72 |
| 7-Dec-10 | $11.57 | $9.79 |
| 8-Dec-10 | $11.58 | $9.85 |
| 9-Dec-10 | $12.05 | $9.92 |
| 10-Dec-10 | $12.65 | $10.01 |
| 13-Dec-10 | $12.26 | $10.08 |
| 14-Dec-10 | $12.12 | $10.14 |
| 15-Dec-10 | $12.14 | $10.20 |
| 16-Dec-10 | $12.63 | $10.27 |
| 17-Dec-10 | $12.58 | $10.33 |
| 20-Dec-10 | $12.43 | $10.39 |
| 21-Dec-10 | $12.50 | $10.45 |
| 22-Dec-10 | $12.35 | $10.50 |
| 23-Dec-10 | $12.40 | $10.54 |
| 27-Dec-10 | $12.41 | $10.59 |
| 28-Dec-10 | $12.50 | $10.63 |
| 29-Dec-10 | $12.59 | $10.68 |
| 30-Dec-10 | $13.04 | $10.73 |
| 31-Dec-10 | $13.15 | $10.79 |
| 3-Jan-11 | $13.38 | $10.84 |
| 4-Jan-11 | $13.10 | $10.89 |
| 5-Jan-11 | $13.64 | $10.95 |
| 6-Jan-11 | $13.65 | $11.00 |
| 7-Jan-11 | $14.10 | $11.07 |
| 10-Jan-11 | $14.22 | $11.13 |
| 11-Jan-11 | $13.96 | $11.18 |
| 12-Jan-11 | $14.33 | $11.24 |
| 13-Jan-11 | $14.39 | $11.30 |
| 14-Jan-11 | $14.70 | $11.36 |
| 18-Jan-11 | $14.33 | $11.41 |
| 19-Jan-11 | $12.94 | $11.44 |
| 20-Jan-11 | $12.83 | $11.46 |
| 21-Jan-11 | $12.76 | $11.49 |
| 24-Jan-11 | $13.11 | $11.51 |
| 25-Jan-11 | $12.60 | $11.53 |

For Class Members who held Oclaro common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of Oclaro common stock during the Class Period will be matched, in chronological order, first against common stock held at the beginning of the Class Period. The remaining sales of Oclaro common stock during the Class Period will then be matched, in chronological order, against Oclaro common stock purchased or acquired during the Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Oclaro common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of Oclaro common stock which have been matched against Oclaro common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

If there is sufficient money left in the Net Settlement Fund after six months from the initial date of distribution of the Net Settlement Fund to Class Members to make a second distribution, a second distribution from the Net Settlement Fund will be made to Authorized Claimants who cashed their check in the initial distribution. The second distribution would be based on the percentage of the Net Settlement Fund that each such Authorized Claimant bears to the total of the claims of all Authorized Claimants who cashed their check in the initial distribution.

A second distribution will not be made to an Authorized Claimant if the second distribution would be less than one dollar. Furthermore, a second distribution will not be made if the Net Settlement Fund after six months from the initial date of distribution is less than $10,000, in which case the remaining funds would be distributed to the Bay Area Legal Aid pursuant to ¶5.6 of the Stipulation.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, any Plaintiffs'

counsel, any claims administrator or other Person designated by Lead Plaintiff's counsel or Defendants and/or the Related Parties and/or the Released Persons and/or their counsel based on distributions made pursuant to the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any order and/or judgment entered and the releases given.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**10.     How will I get a payment?**

To qualify for a payment, you must send in a Proof of Claim. A Proof of Claim is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

**11.     When would I get my payment?**

The Court will hold a hearing on _____, 2014, at _____, to decide whether to approve the settlement. If Judge Chen approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the claim forms to be processed. If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months after the fairness hearing. Please be patient.

**12.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case. It also means that all of the Court's orders – including the Final Order and Judgment – will apply to you and legally bind you and you will release your Released Claims in this case against Defendants and their Related Parties. "Released Claims" means, collectively, any and all claims (including, without limitation, Unknown Claims), demands, rights, liabilities, suits, debts, obligations and causes of action, of every nature

and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, including, without limitation, claims for negligence, gross negligence, recklessness, deliberate recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty, violation of any federal or state statute, rule or regulation, violation of the common law, violation of administrative rule or regulation, tort, breach of contract, violation of international law or violation of the law of any foreign jurisdiction, that Lead Plaintiff or any other Class Member (i) asserted in the Litigation and/or any complaint filed in the Litigation; or (ii) could have or might have asserted in the Litigation and/or any complaint filed in the Litigation and/or in any other litigation, action or forum that arise out of or are based upon, or are related in any way, directly or indirectly, in whole or in part, to (a) the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in the Litigation, and that relate to the purchase or other acquisition of Oclaro common stock during the Class Period, and/or (b) Defendants' defense or settlement of the Litigation and/or Defendants' defense or settlement of the Released Claims.  The Parties intend that that releases provided hereunder provide for claim and issue preclusion.  Released Claims do not include any derivative claims, including those claims pending in this Court in *In re Oclaro, Inc. Derivative Litigation*, Lead Case No. C11-3176-EMC.

"Related Parties" means each of a Defendant's past, present or future directors, officers, employees, partnerships and partners, principals, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, investment banks and investment bankers, underwriters, advisors, financial advisors, personal or legal representatives, analysts, associates, predecessors, successors, parents, subsidiaries, divisions, joint ventures and joint venturers, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, and any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13.    How do I get out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Westley v. Oclaro, Inc.*, No. C11-02448-EMC. You must include your name, address, telephone number, your signature, the number of shares of Oclaro common stock you purchased and/or acquired, and sold between May 6, 2010 and October 28, 2010, inclusive, and the dates and prices of such purchases, acquisitions and sales. If you cannot find the prices or exact dates of your purchases, acquisitions and/or sales, you can still submit an exclusion request for review. You must mail your exclusion request postmarked no later than _____, 2014 to:

> *Oclaro Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants and their Related Parties for the claims that this settlement resolves. Remember, the exclusion deadline is _____, 2014.

**15.    If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

**THE LAWYERS REPRESENTING YOU**

**16.    Do I have a lawyer in this case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Class Members.  These lawyers are called Lead Counsel.  These lawyers will apply to the Court for payment from the Settlement Fund; you have not been and will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How will the lawyers be paid?**

At the fairness hearing, Lead Plaintiff's counsel will request the Court to award attorneys' fees of 25% (*i.e.* $925,000) of the Settlement Fund and for expenses up to $175,000, which were incurred in connection with the Litigation.  If awarded, the cost would be approximately $0.04 per share.  This compensation will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  To date, Lead Plaintiff's counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor have counsel been paid for their expenses.  The fee requested will compensate Lead Plaintiff's counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement, the Plan of Allocation, or Lead Plaintiff's counsel's request for an award of attorneys' fees and expenses.

**18.    How do I tell the Court that I do not like the settlement?**

If you are a Class Member (and you have not excluded yourself), you can object to the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation if you do not like any part of it.  You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed settlement in *Westley v. Oclaro, Inc.*, No. C11-02448-EMC.  Be sure to include your name, address, telephone

1  number, your signature, the number of shares of Oclaro common stock purchased and/or acquired

2  between May 6, 2010 and October 28, 2010, inclusive, and the reasons you object to the settlement,

3  the requested attorneys' fees and expenses, or the Plan of Allocation.  Any such objection must be

4  filed with the Court no than _____, 2014 at the following address:

5  *Court*:

6  Clerk of the Court
   United States District Court
7  Northern District of California
   450 Golden Gate Avenue
8  San Francisco, CA 94102

9       If you submit an objection to the settlement, Plan of Allocation or the request for an award of

10  attorneys' fees and expenses and do not submit a claim form seeking payment from the settlement

11  proceeds, your objection may be rejected because you would no longer have an interest in the

12  settlement.

13       **19.**    **What is the difference between objecting and excluding myself from the**

14  **settlement?**

15       Objecting is telling the Court that you do not like something about the proposed settlement.

16  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that you do not

17  want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no

18  longer applies to you.

19       **THE COURT'S FAIRNESS HEARING**

20       The Court will hold a hearing to decide whether to approve the proposed settlement.  You

21  may attend, but you do not have to.

22       **20.**    **When and where will the Court decide whether to approve the settlement?**

23       The Court will hold a hearing at _____, on _____, 2014, at the United States District

24  Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

25  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If

26  there are objections, the Court will consider them.  The Court will listen to people who have asked to

27  speak at the hearing.  The Court will also decide whether to approve the payment of fees and

28  expenses to Lead Plaintiff's counsel and the Plan of Allocation.  We do not know how long the

1  hearing will take or whether the Court will make its decision on the day of the hearing or sometime
2  later.

3  **21.    Do I have to come to the hearing?**

4  No.  Lead Plaintiff's counsel will answer questions Judge Chen may have.  But, you are
5  welcome to come at your own expense.  If you send an objection, you do not have to come to Court
6  to talk about it.  As long as you filed your written objection on time, the Court will consider it.  You
7  may also pay your own lawyer to attend, but you are not required to do so.

8  **22.    May I speak at the hearing?**

9  You may ask the Court for permission to speak at the hearing.  To do so, you must send a
10  letter saying that it is your intention to appear in *Westley v. Oclaro, Inc.*, No. C11-02448-EMC.  Be
11  sure to include your name, address, telephone number, your signature, and the number of Oclaro
12  common stock purchased or acquired between May 6, 2010 and October 28, 2010, inclusive.  Your
13  notice of intention to appear must be filed no later than _____, 2014 with the Clerk of
14  the Court, at the address listed in Question 18.  You cannot speak at the hearing if you exclude
15  yourself from the Class.

16
17                            **IF YOU DO NOTHING**

**23.    What happens if I do nothing at all?**

18
19  If you do nothing, you will get no money from this settlement.  But, unless you exclude
20  yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other
21  lawsuit against the Defendants or their Related Parties about the same issues in this case.

22                            **GETTING MORE INFORMATION**

23  **24.    Are there more details about the settlement?**

24  This Notice only contains a summary of the proposed settlement.  More details are in the
25  Stipulation, which has been filed with the Court.  You can get a copy of the Stipulation from the
26  Clerk's office at the United States District Court for the Northern District of California, 450 Golden
27  Gate  Avenue,  San  Francisco,  CA  94102,  during  regular  business  hours,  or  at
28

www.oclarosettlement.com, or you can contact a representative of Lead Counsel at the number and address below in the Answer to Question 25.

**25.     How do I get more information?**

For more information about the settlement or the Litigation, you can call 1-800-449-4900 or write to a representative of Lead Plaintiff's counsel, Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the Claims Administrator's website at www.oclarosettlement.com. *Please do not call the Court or the Clerk of the Court for additional information about the settlement*.

**26.     Special notice to banks, brokers, and other nominees**

If you hold any Oclaro common stock purchased or acquired between May 6, 2010 and October 28, 2010, inclusive, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Oclaro Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2014          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          NORTHERN DISTRICT OF CALIFORNIA

**EXHIBIT A-2**

1  ROBBINS GELLER RUDMAN
       & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   SUNNY S. SARKIS (258073)
3  Post Montgomery Center
   One Montgomery Street, Suite 1800
4  San Francisco, CA  94104
   Telephone:  415/288-4545
5  415/288-4534 (fax)
   shawnw@rgrdlaw.com
6  ssarkis@rgrdlaw.com
       – and –
7  JEFFREY D. LIGHT (159515)
   JULIE A. KEARNS (246949)
8  655 West Broadway, Suite 1900
   San Diego, CA  92101
9  Telephone:  619/231-1058
   619/231-7423 (fax)
10 jeffl@rgrdlaw.com
   jkearns@rgrdlaw.com
11
   Lead Counsel for Plaintiffs
12
                    UNITED STATES DISTRICT COURT
13               NORTHERN DISTRICT OF CALIFORNIA

14 CURTIS AND CHARLOTTE WESTLEY,       )  No. C11-02448-EMC
   Individually and on Behalf of All Others  )  and related consolidated action
15 Similarly Situated,                  )  (Lead Case No. C11-3176-EMC)
                                        )  (Derivative Action)
16                          Plaintiffs,  )
                                        )  PROOF OF CLAIM AND RELEASE
17         vs.                          )
                                        )  EXHIBIT A-2
18 OCLARO, INC., et al.,                )
                                        )
19                          Defendants.  )  Lead Case No. C11-3176-EMC
                                        )  (Derivative Action)
20 In re OCLARO, INC. DERIVATIVE        )
   LITIGATION                           )
21                                      )
                                        )
22 This Document Relates To:            )
                                        )
23      Westley v. Oclaro, Inc., et al.,  )
        C11-02448-EMC.                   )
24                                      )

25

26

27

28

876890_5

## I.       GENERAL INSTRUCTIONS

1.       All capitalized terms not otherwise defined shall have the same meanings as set forth in the Amended Stipulation of Settlement dated as of April 30, 2014 ("Stipulation"), which can be downloaded at www.oclarosettlement.com.

2.       To recover as a Member of the Class based on your claims in the action entitled *Westley v. Oclaro, Inc.*, No. C11-02448-EMC (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 4 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement.

3.       Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

4.       YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS:

> *Oclaro Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

5.       If you are a Member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.   CLAIMANT IDENTIFICATION

If you purchased and/or acquired Oclaro, Inc. ("Oclaro") common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or acquired Oclaro common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Oclaro common stock which forms the basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF OCLARO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Oclaro Common Stock" to supply all required details of your transaction(s) in Oclaro common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Oclaro common stock which took place at any time between May 6, 2010 and January 25, 2011, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number of shares of Oclaro common stock you held at the close of trading on May 5, 2010, October 28, 2010,

1   and January 25, 2011.  Failure to report all such transactions may result in the rejection of your

2   claim.

3           List each transaction in the Class Period separately and in chronological order, by trade date,

4   beginning with the earliest.  You must accurately provide the month, day, and year of each

5   transaction you list.

6           The date of covering a "short sale" is deemed to be the date of purchase of Oclaro common

7   stock.  The date of a "short sale" is deemed to be the date of sale of Oclaro common stock.

8           Copies of broker confirmations or other documentation of your transactions in Oclaro

9   common stock should be attached to your claim if available.  Failure to provide this documentation

10  could delay verification of your claim or result in rejection of your claim.

11          NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of

12  transactions may request, or may be requested, to submit information regarding their transactions in

13  electronic files.  All claimants MUST submit a manually signed paper Proof of Claim whether or not

14  they also submit electronic copies.  If you wish to file your claim electronically, you must contact the

15  Claims Administrator at 1-800-447-7657 to obtain the required file layout.  No electronic files will

16  be considered to have been properly submitted unless the Claims Administrator issues to the

17  claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*Westley v. Oclaro, Inc.*, No. C11-02448-EMC

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2014

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                                    State or Province

_____        _____
Zip Code or Postal Code                       Country

                                                                    Individual
_____        _____    Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____    _____
Area Code                     Telephone Number (work)

_____    _____
Area Code                     Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

PART II:        SCHEDULE OF TRANSACTIONS IN OCLARO COMMON STOCK

A.      Number of shares of Oclaro common stock held at the close of trading on May 5, 2010: _____

B.      Purchases or acquisitions of Oclaro common stock (May 6, 2010 – January 25, 2011, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.      Sales of Oclaro common stock (May 6, 2010 – January 25, 2011, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.      Number of shares of Oclaro common stock held at the close of trading on October 28, 2010: _____

E.      Number of shares of Oclaro common stock held at the close of trading on January 25, 2011: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Oclaro common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from and covenant not to sue with respect to, the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties.

2.    "Released Claims" means, collectively, any and all claims (including, without limitation, Unknown Claims), demands, rights, liabilities, suits, debts, obligations and causes of action, of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, including, without limitation, claims for negligence, gross negligence, recklessness, deliberate recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty, violation of any federal or state statute, rule or regulation, violation of the common

law, violation of administrative rule or regulation, tort, breach of contract, violation of international law or violation of the law of any foreign jurisdiction, that Lead Plaintiff or any other Class Member (i) asserted in the Litigation and/or any complaint filed in the Litigation; or (ii) could have or might have asserted in the Litigation and/or any complaint filed in the Litigation and/or in any other litigation, action or forum that arise out of or are based upon, or are related in any way, directly or indirectly, in whole or in part, to (a) the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in the Litigation, and that relate to the purchase or other acquisition of Oclaro common stock during the Class Period, and/or (b) Defendants' defense or settlement of the Litigation and/or Defendants' defense or settlement of the Released Claims. The Parties intend that that releases provided hereunder provide for claim and issue preclusion. Released Claims do not include any derivative claims, including those claims pending in this Court in *In re Oclaro, Inc. Derivative Litigation*, Lead Case No. C11-3176-EMC.

3.       "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decisions with respect to this settlement. Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

1    Lead Plaintiff shall expressly waive and relinquish, and each of the Class Members shall be deemed

2    to have, and by operation of the Judgment shall have, expressly waived and relinquished, any and all

3    provisions, rights, and benefits conferred by any law of any state or territory of the United States, or

4    principle of common law or foreign law, which is similar, comparable or equivalent to California

5    Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or

6    different from those which he, she or it now knows or believes to be true with respect to the subject

7    matter of the Released Claims, but Lead Plaintiff upon the Effective Date shall expressly, fully,

8    finally, and forever settle and release and each Class Member, upon the Effective Date, shall be

9    deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and

10   released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or

11   non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed,

12   upon any theory of law or equity now existing or coming into existence in the future, including, but

13   not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach

14   of any duty, law or rule, without regard to the subsequent discovery or existence of such different or

15   additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation

16   of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a

17   key element of the settlement of which this release is a part.

18       4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

19   purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

20   release or any other part or portion thereof.

21       5.      I (We) hereby warrant and represent that I (we) have included information about all

22   of my (our) transactions in Oclaro common stock which occurred during the Class Period as well as

23   the number of shares of Oclaro common stock held by me (us) at the close of trading on May 5,

24   

25   2010, October 28, 2010, and January 25, 2011.

26       I (We) declare under penalty of perjury under the laws of the United States of America that

27   all of the foregoing information supplied on this Proof of Claim by the undersigned is true and

28   correct.

Executed this _____ day of _____
(Month/Year)

in _____
(City)                        (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach supporting documentation, if available.

3.    Do not send original stock certificates.

4.    Keep a copy of your claim form and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send us your new address.

**EXHIBIT A-3**

1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    SUNNY S. SARKIS (258073)
3   Post Montgomery Center
    One Montgomery Street, Suite 1800
4   San Francisco, CA  94104
    Telephone:  415/288-4545
5   415/288-4534 (fax)
    shawnw@rgrdlaw.com
6   ssarkis@rgrdlaw.com
        – and –
7   JEFFREY D. LIGHT (159515)
    JULIE A. KEARNS (246949)
8   655 West Broadway, Suite 1900
    San Diego, CA  92101
9   Telephone:  619/231-1058
    619/231-7423 (fax)
10  jeffl@rgrdlaw.com
    jkearns@rgrdlaw.com
11
    Lead Counsel for Plaintiffs
12
                    UNITED STATES DISTRICT COURT
13                NORTHERN DISTRICT OF CALIFORNIA

14  CURTIS AND CHARLOTTE WESTLEY,     )   No. C11-02448-EMC
    Individually and on Behalf of All Others  )   and related consolidated action
15  Similarly Situated,               )   (Lead Case No. C11-3176-EMC)
                                      )   (Derivative Action)
16                      Plaintiffs,   )
                                      )
17       vs.                          )   SUMMARY NOTICE
                                      )
18  OCLARO, INC., et al.,             )   EXHIBIT A-3
                                      )
19                      Defendants.   )
                                      )   Lead Case No. C11-3176-EMC
20  In re OCLARO, INC. DERIVATIVE     )   (Derivative Action)
    LITIGATION                        )
21                                    )
                                      )
22  This Document Relates To:         )
                                      )
23      Westley v. Oclaro, Inc., et al.,  )
        C11-02448-EMC.                )
24                                    )
25
26
27
28

876909_4

TO:     ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED OCLARO, INC. ("OCLARO") COMMON STOCK BETWEEN MAY 6, 2010 AND OCTOBER 28, 2010, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of California, a hearing will be held on _____, 2014, at ___:__ __.m., before the Honorable Edward M. Chen, United States District Judge, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $3,700,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Amended Stipulation of Settlement dated as of April 30, 2014 ("Stipulation")[1]; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for an award of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon.

If you purchased or acquired Oclaro common stock between May 6, 2010 and October 28, 2010, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Oclaro Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or by downloading this information at www.oclarosettlement.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form postmarked no later than _____, 2014, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by _____, 2014.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than _____, 2014, at the following address:

---

[1]   All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation. The Stipulation can be downloaded at www.oclarosettlement.com.

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2014          BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              NORTHERN DISTRICT OF CALIFORNIA