1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    SUNNY S. SARKIS (258073)
3   Post Montgomery Center
    One Montgomery Street, Suite 1800
4   San Francisco, CA  94104
    Telephone:  415/288-4545
5   415/288-4534 (fax)
    shawnw@rgrdlaw.com
6   ssarkis@rgrdlaw.com
            – and –
7   JEFFREY D. LIGHT (159515)
    JULIE A. KEARNS (246949)
8   655 West Broadway, Suite 1900
    San Diego, CA  92101
9   Telephone:  619/231-1058
    619/231-7423 (fax)
10  jeffl@rgrdlaw.com
    jkearns@rgrdlaw.com
11
    Lead Counsel for Plaintiffs
12  [Additional counsel appear on signature page.]

13              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
14
    CURTIS AND CHARLOTTE WESTLEY,      )   No. C11-02448-EMC
15  Individually and on Behalf of All Others  )   and related consolidated action
    Similarly Situated,                )   (Lead Case No. C11-3176-EMC)
16                                     )   (Derivative Action)
                        Plaintiffs,    )
17                                     )
            vs.                        )
18                                     )
    OCLARO, INC., et al.,              )
19                                     )
                        Defendants.    )
20  _____)
    In re OCLARO, INC. DERIVATIVE      )   Lead Case No. C11-3176-EMC
21  LITIGATION                         )   (Derivative Action)
                                       )
22  _____)
                                       )
23  This Document Relates To:          )
                                       )   DATE:    July 31, 2014
24      Westley v. Oclaro, Inc., et al.,  )   TIME:    1:30 p.m.
        C11-02448-EMC.                 )   CTRM:    Courtroom 5, 17th Floor
25  _____)            The Honorable Edward M. Chen

26  NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
    EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
27                                  THEREOF

28

950638_2

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ........................................................................... 1

II.  AWARD OF ATTORNEYS' FEES .................................................. 4

    A.  A Reasonable Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases .......................... 4

    B.  A Percentage Fee of 25% of the Fund Created Is Reasonable In This Case .......... 6

        1.  The Result Achieved ............................................................. 6

        2.  The Risks of the Litigation and the Novelty and Difficulty of the Questions Presented .................................................... 7

        3.  The Skill Required and the Quality and Efficiency of the Work ............. 11

        4.  The Contingent Fee Nature of the Case and the Financial Burden Carried by Lead Counsel .................................................. 12

        5.  A 25% Fee Award Is Consistent With the Market Rate in Similar Complex, Contingent Litigation ........................................... 13

    C.  Reaction of the Class Supports Approval of the Attorneys' Fees Requested ....... 15

    D.  The Requested Fee Is Reasonable Under a Lodestar Cross-Check Analysis ........ 15

III.  LEAD COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED .......... 16

IV.  CONCLUSION ............................................................................ 17

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC   - i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abrams v. Lightolier Inc.*,
  50 F.3d 1204 (3d Cir. 1995) .................................................................. 16

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
  572 F.3d 221 (5th Cir. 2009) .................................................................. 2

*Anixter v. Home-Stake Prod. Co.*,
  77 F.3d 1215 (10th Cir. 1996) ................................................................ 13

*Arenson v. Bd. of Trade*,
  372 F. Supp. 1349 (N.D. Ill. 1974) ......................................................... 11

*Backman v. Polaroid Corp.*,
  910 F.2d 10 (1st Cir. 1990) .................................................................... 13

*Behrens v. Wometco Enters., Inc.*,
  118 F.R.D. 534 (S.D. Fla. 1988),
  *aff'd*, 899 F.2d 21 (11th Cir. 1990) ......................................................... 6

*Berkey Photo, Inc. v. Eastman Kodak Co.*,
  603 F.2d 263 (2d Cir. 1979) ................................................................... 13

*Blum v. Stenson*,
  465 U.S. 886 (1984) ......................................................................... 4, 5, 14

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*,
  8 F.3d 722 (10th Cir. 1993) .................................................................... 16

*Brown v. Phillips Petroleum Co.*,
  838 F.2d 451 (10th Cir. 1988) ................................................................. 5

*Camden I Condo. Ass'n v. Dunkle*,
  946 F.2d 768 (11th Cir. 1991) ................................................................. 5

*Cent. R.R. & Banking Co. v. Pettus*,
  113 U.S. 116 (1885) ............................................................................. 4

*Churchill Vill., L.L.C. v. GE*,
  361 F.3d 566 (9th Cir. 2004) .................................................................. 8

*Clark v. Lomas & Nettleton Fin. Corp.*,
  79 F.R.D. 641 (N.D. Tex. 1978), *vacated on*
  *other grounds*, 625 F.2d 49 (5th Cir. 1980) ............................................ 9

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC                - ii -

1

2                                                                                    **Page**

3

4    *Goldberger v. Integrated Res., Inc.,*
         209 F.3d 43 (2d Cir. 2000) ................................................................. 5

5    *Goldstein v. MCI WorldCom,*
         340 F.3d 238 (5th Cir. 2003) ............................................................... 9
6

7    *Gottlieb v. Barry,*
         43 F.3d 474 (10th Cir. 1994) ............................................................... 5

8
     *Harman v. Lyphomed, Inc.,*
9        945 F.2d 969 (7th Cir. 1991) ............................................................... 5

10   *Harris v. Marhoefer,*
         24 F.3d 16 (9th Cir. 1994) ................................................................. 16
11

12   *Hensley v. Eckerhart,*
         461 U.S. 424 (1983) .......................................................................... 6
13

14   *In re Alstom SA Sec. Litig.,*
         741 F. Supp. 2d 469 (S.D.N.Y. 2010) ............................................... 13

15   *In re Apple Computer Sec. Litig.,*
         No. C-84-20148(A)-JW, 1991 U.S. Dist. LEXIS 15608
16       (N.D. Cal. Sept. 6, 1991) .................................................................. 13

17   *In re BankAtlantic Bancorp, Sec. Litig.,*
         No. 07-61542-CIV-UNGARO, 2011 U.S. Dist. LEXIS 48057
18       (S.D. Fla. Apr. 25, 2011), *aff'd sub nom. Hubbard v.*
         *BankAtlantic Bancorp, Inc.,* 688 F.3d 713 (11th Cir. 2012) ............... 13
19

20   *In re Bluetooth Headset Prods. Liab. Litig.,*
         654 F.3d 935 (9th Cir. 2011) ............................................................... 6
21

22   *In re Crazy Eddie Sec. Litig.,*
         824 F. Supp. 320 (E.D.N.Y. 1993) .................................................... 15
23

24   *In re Delphi Corp. Sec.,*
         248 F.R.D. 483 (E.D. Mich. 2008) ...................................................... 3
25   *In re Equity Funding Corp. Sec. Litig.,*
         438 F. Supp. 1303 (C.D. Cal. 1977) ................................................. 11
26

27   *In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.,*
         No. 02-ML-1475-DT(RCx), 2005 U.S. Dist. LEXIS 13627
28       (C.D. Cal. June 10, 2005) ......................................................... 8, 11, 15

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC          - iii -

**Page**

*In re Ikon Office Solutions, Inc.,*
   194 F.R.D. 166 (E.D. Pa. 2000) ..................................................................8, 9, 14

*In re JDS Uniphase Corp. Sec. Litig.,*
   No. C-02-1486 CW (EDL), 2007 WL 4788556
   (N.D. Cal. Nov. 27, 2007) ......................................................................................12

*In re King Res. Co. Sec. Litig.,*
   420 F. Supp. 610 (D. Colo. 1976) ....................................................6, 7, 8, 11

*In re M.D.C. Holdings Sec. Litig.,*
   No. CV 89-0090 E (M), 1990 U.S. Dist. LEXIS 15488
   (S.D. Cal. Aug. 30, 1990) ......................................................................................15

*In re Mego Fin. Corp. Sec. Litig.,*
   213 F.3d 454 (9th Cir. 2000) ................................................................................15

*In re Omnivision Techs.,*
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ..........................................................6, 16

*In re Oracle Corp. Sec. Litig.,*
   No. C 01-00988 SI, 2009 U.S. Dist. LEXIS 50995
   (N.D. Cal. June 16, 2009), *aff'd,* 627 F.3d 376 (9th Cir. 2010) ......................12

*In re Prudential-Bache Energy Income P'ships Sec. Litig.,*
   MDL No. 888, 1994 U.S. Dist. LEXIS 6621
   (E.D. La. May 18, 1994)..........................................................................................12

*In re Rite Aid Corp. Sec. Litig.,*
   146 F. Supp. 2d 706 (E.D. Pa. 2001)..................................................................11

*In re Wash. Pub. Power Supply Sys. Sec. Litig.,*
   19 F.3d 1291 (9th Cir. 1994) ....................................................................4, 6, 7, 12

*In re Xcel Energy, Inc.,*
   364 F. Supp. 2d 980 (D. Minn. 2005)..............................................................7, 13, 14

*Kirchoff v. Flynn,*
   786 F.2d 320 (7th Cir. 1986) ..................................................................................5

*Maley v. Del Global Techs. Corp.,*
   186 F. Supp. 2d 358 (S.D.N.Y. 2002) ..............................................................11, 16

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC      - iv -

**Page**

*Miller v. Woodmoor Corp.,*
   No. 74-F-988, 1978 U.S. Dist. LEXIS 15234
   (D. Colo. Sept. 28, 1978)................................................................9

*Miltland Raleigh-Durham v. Myers,*
   840 F. Supp. 235 (S.D.N.Y. 1993) ..................................17

*Morrison v. Nat'l Austl. Bank Ltd.,*
   561 U.S. 247 (2010) ..........................................................13

*Paul, Johnson, Alston & Hunt v. Graulty,*
   886 F.2d 268 (9th Cir. 1989)...................................4, 5, 6

*Powers v. Eichen,*
   229 F.3d 1249 (9th Cir. 2000) ..........................................6

*Robbins v. Koger Props.,*
   116 F.3d 1441 (11th Cir. 1997).......................................13

*Six Mexican Workers v. Ariz. Citrus Growers,*
   904 F.2d 1301 (9th Cir. 1990) ...........................................4

*Swedish Hosp. Corp. v. Shalala,*
   1 F.3d 1261 (D.C. Cir. 1993)..............................................5

*Torrisi v. Tucson Elec. Power Co.,*
   8 F.3d 1370 (9th Cir. 1993) .........................................4, 6

*Trustees v. Greenough,*
   105 U.S. 527 (1882) ...........................................................4

*Vincent v. Hughes Air West, Inc.,*
   557 F.2d 759 (9th Cir. 1977).............................................4

*Vizcaino v. Microsoft Corp.,*
   290 F.3d 1043 (9th Cir. 2002) ..........................5, 7, 13, 16

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 1............................................................................7
   Rule 30(b)(6) .................................................................3

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC

- v -

1

2                                                                                        **Page**

3  **SECONDARY AUTHORITIES**

4
5  Charles Silver, *Due Process and the Lodestar Method:*
   *You Can't Get There from Here,*
6       74 Tul. L. Rev. 1809 (June 2000) ............................................................................ 6

7  Denise N. Martin, Vinita M. Juneja, Todd S. Foster,
   Frederick C. Dunbar, *Recent Trends IV: What Explains Filings*
8  *and Settlements in Shareholder Class Actions?* (NERA Nov. 1996) ............................ 14

9  Dr. Renzo Comolli and Svetlana Starykh, *Recent Trends in*
   *Securities Class Action Litigation: 2013 Full-Year Review,*
10 *Large Settlements Get Larger; Small Settlements Get Smaller*
   (NERA Jan. 21, 2014) ..................................................................................................... 14
11
   Dr. Renzo Comolli, Sukaina Klein, Dr. Ronald I. Miller, and
12 Svetlana Starykh, *Recent Trends in Securities Class Action Litigation:*
   *2012 Full Year Review* (NERA Jan. 29, 2013) ............................................................... 9
13
   Report of the Third Circuit Task Force, *Court Awarded Attorney Fees,*
14      108 F.R.D. 237 (Oct. 8, 1985) ................................................................................... 5
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2         PLEASE TAKE NOTICE that pursuant to an order of this Court dated May 5, 2014, on July

3  31, 2014, at 1:30 p.m., in the Courtroom of the Honorable Edward M. Chen, United States District

4  Judge, Northern District of California, at the Phillip Burton United States Courthouse, 450 Golden

5  Gate Avenue, San Francisco, California, Lead Counsel will and hereby does move this Court for an

6  order awarding Lead Counsel attorneys' fees of 25% of the Settlement Fund plus expenses incurred

7  in the prosecution of the Litigation, plus interest.  This motion is based upon the attached

8  Memorandum of Points and Authorities in Support of Motion for an Award of Attorneys' Fees and

9  Expenses, the previously filed Declaration of Shawn A. Williams in Support of Unopposed Motion

10  for Preliminary Approval of Class Action Settlement ("Williams Decl."), the Declaration of Shawn

11  A. Williams Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for

12  Award of Attorneys' Fees and Expenses ("Lead Counsel's Fee and Expense Decl."), the Declaration

13  of Nashira Washington Re A) Mailing of the Notice of Proposed Settlement of Class Action and the

14  Proof of Claim and Release Form, B) Publication of the Summary Notice, and C) Internet Posting

15  ("Washington Decl."), the Amended Stipulation of Settlement dated as of April 30, 2014

16  ("Stipulation"), all other pleadings and matters of record, and such additional evidence and

17  testimony as may be presented before or at the hearing.

18                **MEMORANDUM OF POINTS AND AUTHORITIES**

19  **I.     INTRODUCTION**

20         Lead Counsel have succeeded in obtaining a $3,700,000 cash settlement for the benefit of

21  Members of the Class.[1]  The substantial and certain recovery obtained for the Class was achieved

22  solely through the skill, work, tenacity, and effective advocacy of Lead Counsel in the face of

23  considerable risk.[2]  As compensation for their efforts in achieving this result, Lead Counsel seek an

24

25  _____

    [1]   All capitalized terms not defined herein shall have the same meanings set forth in the Amended
26  Stipulation of Settlement dated April 30, 2014 ("Stipulation" or "Settlement").

27  [2]   Submitted herewith in support of approval of the proposed Settlement is the Notice of Motion
    and Motion for (1) Final Approval of Class Action Settlement; and (2) Approval of the Plan of
28  Allocation of Settlement Proceeds and Memorandum of Points and Authorities in Support thereof
    (the "Settlement Brief").  The Williams Declaration fully describes the history of the Litigation, the

1  award of attorneys' fees of 25% of the Settlement Fund, plus expenses incurred in the prosecution of

2  the Litigation in the amount of $114,945.53, plus interest at the same rate and for the same period of

3  time as that earned by the Settlement Fund until paid.

4      The requested fee is consistent with the Ninth Circuit's 25% "benchmark" fee in similar

5  actions, numerous decisions in this Circuit, and decisions throughout the United States.  The amount

6  requested is warranted in light of the substantial recovery obtained for the Class, the extensive

7  efforts of counsel in obtaining this highly favorable result, and the significant risks in bringing and

8  prosecuting this action.

9      This Litigation was prosecuted under the provisions of the Private Securities Litigation

10  Reform Act of 1995 ("PSLRA") and, therefore, was extremely risky and difficult from the outset.

11  The effect of the PSLRA is to make it harder for investors to bring and successfully conclude

12  securities class actions.  Lead Counsel and Lead Plaintiff were mindful of the fact that in this post-

13  PSLRA environment, a greater percentage of cases are being dismissed than ever before, amid

14  defendants' constant attempts to push the envelope and contents of the PSLRA.  As retired Supreme

15  Court Justice Sandra Day O'Connor recognized: "To be successful, a securities class-action plaintiff

16  must thread the eye of a needle made smaller and smaller over the years by judicial decree and

17  congressional action."  *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir.

18  2009).

19      In addition to the significant risks, the prosecution of this Litigation required great skill and

20  extensive effort by Lead Counsel.  Lead Counsel marshaled considerable resources and committed

21  substantial amounts of time and expense in the prosecution of this Litigation.  As set forth in the

22  Williams Declaration, Lead Counsel conducted an extensive investigation, conducted and oversaw

23  detailed investigative interviews of 26 witnesses, including former employees of the defendant

24  corporation, Oclaro, Inc. ("Oclaro" or the "Company"), filed three detailed complaints, successfully,

25  in part, opposed Defendants' repeated and comprehensive attempts to dismiss Lead Plaintiff's claims

26  at the pleading state, consulted with an economic expert, conducted targeted yet thorough discovery

27  claims asserted, the investigation undertaken, the negotiation and substance of the Settlement and the

28  substantial risks of the Litigation.

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC          - 2 -

1  on critical questions of fact related to the merits of the case, reviewed and analyzed over 220,000

2  pages of documents produced by Defendants, and multiple third parties in response to Lead

3  Plaintiff's discovery requests, and conducted two Federal Rule of Civil Procedure 30(b)(6)

4  depositions. In total, Lead Counsel spent more than 4,350 hours of attorney and paraprofessional

5  time resulting in a lodestar of $1,980,448.00. As a result, the requested fee of 25% or $925,000

6  represents less than 50% of counsel's lodestar. The parties also participated in extensive and

7  arduous settlement negotiations, including an all-day mediation session with the Honorable Layn R.

8  Phillips (Ret.), a highly respected mediator with extensive experience in the mediation of complex

9  class actions. *See, e.g., See In re Delphi Corp. Sec.*, 248 F.R.D. 483, 498 & n.14 (E.D. Mich. 2008)

10  (recognizing "the outstanding work done by Judge Phillips" in settlement negotiations and "the

11  added benefit of the insight and considerable talents of [this] former federal judge who is one of the

12  most prominent and highly skilled mediators of complex actions").

13       Lead Counsel undertook the representation of the Class on a contingent fee basis and no

14  payment has been made to Lead Counsel to date for their services or for the Litigation expenses they

15  have advanced on behalf of the Class. Lead Counsel firmly believe that the Settlement is the result

16  of their diligent and effective advocacy, as well as their reputations as attorneys who are unwavering

17  in their dedication to the interests of the Class and unafraid to zealously prosecute a meritorious case

18  through trial and subsequent appeals. In a case asserting claims based on complex legal and factual

19  issues which were vigorously opposed by highly skilled and experienced defense counsel, Lead

20  Counsel succeeded in securing a highly favorable result for the Class.

21       As discussed herein as well as in the Settlement Brief and the Williams Declaration, the

22  requested fee is fair and reasonable when considered under the applicable standards in the Ninth

23  Circuit and is well within the range of awards in class actions in this Circuit and courts nationwide,

24  particularly in view of the substantial risks of bringing and pursuing this Litigation, the extensive

25  investigation and litigation efforts, and the results achieved for the Class. Moreover, the expenses

26  requested are reasonable in amount and were necessarily incurred for the successful prosecution of

27  this Litigation. *See* Lead Counsel's Fee and Expense Decl., submitted herewith.

28

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC          - 3 -

## II.    AWARD OF ATTORNEYS' FEES

### A.    A Reasonable Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees in Common Fund Cases

For their efforts in creating a common fund for the benefit of the Class, Lead Counsel seek a reasonable percentage of the fund recovered as attorneys' fees.  The percentage method of awarding fees has become an accepted, if not the prevailing method, for awarding fees in common fund cases in this Circuit and throughout the United States.

It has long been recognized that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).  The purpose of this doctrine is to avoid unjust enrichment so that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*").  This rule, known as the "common fund" doctrine, is firmly rooted in American case law.  *See, e.g., Trustees v. Greenough*, 105 U.S. 527 (1882); *Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885).[3]

In *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984), the Supreme Court recognized that under the common fund doctrine a reasonable fee may be based "on a percentage of the fund bestowed on the class."  In this Circuit, the district court has discretion to award fees in common fund cases based on either the so-called lodestar/multiplier method or the percentage-of-the-fund method.  *WPPSS*, 19 F.3d at 1296.  In *Paul, Johnson*, 886 F.2d 268, *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990), *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993), and

---

[3]    In *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989), the Ninth Circuit explained the principle underlying fee awards in common fund cases:

> Since the Supreme Court's 1885 decision in [*Pettus*, 113 U.S. 116], it is well settled that the lawyer who creates a common fund is allowed an ***extra*** reward, beyond that which he has arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit.  The amount of such a reward is that which is deemed "reasonable" under the circumstances.

*Id.* at 271 (emphasis in original).  All citations and footnotes are omitted and emphasis is added, unless otherwise indicated.

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC          - 4 -

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), the Ninth Circuit expressly approved the use of the percentage method in common fund cases. Moreover, supporting authority for the percentage method in other circuits is overwhelming.[4]

Since *Paul, Johnson* and its progeny, district courts in this Circuit have almost uniformly shifted to the percentage method in awarding fees in common fund representative actions. The rationale for compensating counsel in common fund cases on a percentage basis is sound. First, it is consistent with the practice in the private marketplace where contingent fee attorneys are customarily compensated by a percentage of the recovery. Second, it more closely aligns the lawyers' interest in being paid a fair fee with the interest of the class in achieving the maximum possible recovery in the shortest amount of time.[5] Indeed, one of the nation's leading scholars in the field of class actions and attorneys' fees, Professor Charles Silver of the University of Texas School of Law, has concluded that the percentage method of awarding fees is the only method of fee awards that is consistent with class members' due process rights. Professor Silver notes:

> The consensus that the contingent percentage approach creates a closer harmony of interests between class counsel and absent plaintiffs than the lodestar method is strikingly broad. It includes leading academics, researchers at the RAND Institute for Civil Justice, and many judges, including those who contributed to the

---

[4] Courts in other circuits favor the percentage-of-recovery approach for the award of attorneys' fees in common fund cases. Two circuits have ruled that the *percentage method is mandatory in common fund cases*. *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991). Other circuits and commentators have expressly approved the use of the percentage method. *Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988) (citing footnote 16 of *Blum* recognizing both "implicitly" and "explicitly" that a percentage recovery is reasonable in common fund cases); *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 975 (7th Cir. 1991); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); Report of the Third Circuit Task Force, *Court Awarded Attorney Fees*, 108 F.R.D. 237, 254 (Oct. 8, 1985).

[5] In *Kirchoff v. Flynn*, 786 F.2d 320, 325-26 (7th Cir. 1986), the court stated:

> The contingent fee uses private incentives rather than careful monitoring to align the interests of lawyer and client. The lawyer gains only to the extent his client gains. . . . The unscrupulous lawyer paid by the hour may be willing to settle for a lower recovery coupled with a payment for more hours. Contingent fees eliminate this incentive and also ensure a reasonable proportion between the recovery and the fees assessed to defendants. . . .

> At the same time as it automatically aligns interests of lawyer and client, rewards exceptional success, and penalizes failure, the contingent fee automatically handles compensation for the uncertainty of litigation.

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC     - 5 -

Manual for Complex Litigation, the Report of the Federal Courts Study Committee, and the report of the Third Circuit Task Force.  Indeed, it is difficult to find anyone who contends otherwise.  No one writing in the field today is defending the lodestar on the ground that it minimizes conflicts between class counsel and absent claimants.

In view of this, it is as clear as it possibly can be that judges should not apply the lodestar method in common fund class actions.  The Due Process Clause requires them to minimize conflicts between absent claimants and their representatives.  The contingent percentage approach accomplishes this.

Charles Silver, *Due Process and the Lodestar Method: You Can't Get There from Here*, 74 Tul. L. Rev. 1809, 1819-20 (June 2000).

**B.   A Percentage Fee of 25% of the Fund Created Is Reasonable in This Case**

In *Paul, Johnson*, 886 F.2d at 272, the Ninth Circuit established 25% of a common fund as the "benchmark" award for attorneys' fees.  *See also Torrisi*, 8 F.3d at 1376 (reaffirming 25% benchmark); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (same); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (reaffirming 25% benchmark in a common fund case).  The guiding principle in this Circuit is that a fee award be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1295.  "The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007).  In view of the risks in pursuing this Litigation, the highly favorable result obtained, the financial commitment of Lead Counsel, the contingent nature of the representation, and the skill of Lead Counsel, an award of 25% of the recovery obtained for the Class is entirely appropriate.

**1.   The Result Achieved**

Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained"); *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 630 (D. Colo. 1976) ("the amount of the recovery, and end result achieved are of primary importance, for these are the true benefit to the client"); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 547-48

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC          - 6 -

1  (S.D. Fla. 1988) ("The quality of work performed in a case that settles before trial is best measured

2  by the benefit obtained."), *aff'd*, 899 F.2d 21 (11th Cir. 1990).

3      Here, a substantial and certain recovery of $3.7 million in cash has been obtained through the

4  efforts of Lead Counsel at a relatively early stage of the Litigation without the substantial expense,

5  delay, risk, and uncertainty of continued litigation or the assistance of any regulatory or

6  governmental agency. Indeed, early settlements are encouraged by courts and are consistent with the

7  purposes of the Federal Rules of Civil Procedure, which "'shall be construed and administered to

8  ensure the *just, speedy, and inexpensive determination* of every action.'" *In re Xcel Energy, Inc.*,

9  364 F. Supp. 2d 980, 992 (D. Minn. 2005) (quoting Fed. R. Civ. P. 1) (emphasis in original). The

10  *Xcel* court, in awarding a 25% fee of an $80 million securities class action settlement (over a number

11  of objections, including a sophisticated pension fund), complimented counsel for the efficient

12  prosecution of the case and the prompt resolution of the litigation.

13      As detailed in the Settlement Brief, the Williams Declaration, and the Joint Submission[6] there

14  were significant legal and factual roadblocks to obtaining a more favorable outcome in this

15  Litigation. Despite these obstacles to recovery, Lead Counsel secured a sizeable recovery for the

16  benefit of the Class. As a result of this Settlement, Class Members will receive compensation for

17  their losses in Oclaro common stock now and avoid the substantial expense, delay, and uncertainty

18  of continued litigation.

19              **2.    The Risks of the Litigation and the Novelty and Difficulty of**
                        **the Questions Presented**
20

21      Numerous cases have recognized that risk as well as the novelty and difficulty of the issues

22  presented are important factors in determining a fee award. *E.g.*, *Vizcaino*, 290 F.3d at 1048;

23  *WPPSS*, 19 F.3d at 1299-1301. Uncertainty that an ultimate recovery would be obtained is highly

24  relevant in determining risk. *WPPSS*, 19 F.3d at 1300. As the court aptly observed in *King Res.*:

25          The litigation also involved unique and substantial issues of law in the
            technical area of SEC Rule 10b-5, . . . difficult, complex and oft-disputed class action
            questions, and difficult questions regarding computation of damages.
26

27  [6]   *See* Lead Plaintiff Connecticut Laborers' Pension Fund and Defendant Oclaro, Inc., et al.'s Joint
     Submission Re: March 25, 2014 Order Re Supplemental Briefing for Plaintiffs' Motion for
28   Preliminary Approval ("Joint Submission") (Dkt. No. 181).

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC          - 7 -

\* \* \*

    In evaluating the services rendered in this case, appropriate consideration must be given to the risks assumed by plaintiffs' counsel in undertaking the litigation. The prospects of success were by no means certain at the outset, and indeed, the chances of success were highly speculative and problematical.

420 F. Supp. at 632, 636-37; *see also In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.*, No. 02-ML-1475-DT(RCx), 2005 U.S. Dist. LEXIS 13627, at \*44 (C.D. Cal. June 10, 2005) ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").

    There is no question that from the outset this Litigation presented a number of sharply contested issues of both fact and law and that Lead Plaintiff faced formidable defenses to liability and damages. This class action involved complex legal and factual issues under the federal securities laws. Throughout the Litigation, Defendants have adamantly denied liability and asserted that they had absolute defenses to Lead Plaintiff's claims. *See Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 576 (9th Cir. 2004) (concluding that district court properly weighed risk when it concluded defendant's belief that it had strong case on merits supporting finding of risk).

    As discussed in the Williams Declaration and the Settlement Brief, substantial risks and uncertainties in this type of litigation, and in this case in particular, made it far from certain that a recovery, let alone $3.7 million, would ultimately be obtained. From the outset, this post-PSLRA action was an especially difficult and highly uncertain securities case, with no assurance whatsoever that the Litigation would survive Defendants' attacks on the pleadings, motion(s) for summary judgment, trial and appeal. As the court noted in *In re Ikon Office Solutions, Inc.*, 194 F.R.D. 166 (E.D. Pa. 2000), "[t]here were the legal obstacles of establishing scienter, [and] damages, causation . . . . The court also acknowledges that securities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA. . . . The Act imposes many new procedural hurdles. . . . It also substantially alters the legal standards applied to securities fraud claims in ways

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC     - 8 -

1  that generally benefit defendants rather than plaintiffs." *Id.* at 194-95. The court's statement in *Ikon*

2  is certainly applicable here.[7]

3       The application of the PSLRA to this Litigation posed significant risks to Lead Plaintiff's

4  ability to survive Defendants' motions to dismiss. In fact, after Congress passed the PSLRA, courts

5  in this Circuit and across the country have dismissed cases at the pleading stage in response to

6  defendants' arguments that the complaints do not meet the PSLRA's heightened pleading standards

7  making it clear that the risk of no recovery (and hence no fee) has increased exponentially. *See*

8  *Goldstein v. MCI WorldCom*, 340 F.3d 238, 241 (5th Cir. 2003) (affirming dismissal of securities

9  fraud action against Bernard Ebbers and WorldCom even though Ebbers was later convicted

10 criminally). A study of securities class actions filed and resolved between January 2000 and

11 December 2012, found that 42% of 2012 cases filed in the Ninth Circuit were dismissed in

12 defendants' favor. *See* Dr. Renzo Comolli, Sukaina Klein, Dr. Ronald I. Miller, and Svetlana

13 Starykh, *Recent Trends in Securities Class Action Litigation: 2012 Full Year Review*, at 18 (Figure

14 16) (NERA Jan. 29, 2013).

15      Lead Plaintiff faced the risk of dismissal at the pleading stage in this Litigation. Indeed, as

16 discussed below, Lead Plaintiff engaged in significant efforts to get past the pleading stage. Lead

17 Plaintiff's claims were initially dismissed by the Court for failure to adequately plead that the May

18 and June 2010 statements that customer demand was increasing were not adequately alleged as false

19 because Lead Plaintiff had not shown the order slowdown in April that Defendants disclosed on July

20 29, 2010 was material. March 27, 2012 Order Granting Defendants' Motion to Dismiss. Dkt. No.

21 58. Thereafter, Lead Plaintiff filed its Second Amended Complaint for Violation of the Federal

22 Securities Laws ("SAC"), specifically addressing the Court's concerns as articulated in the

---

[7] Even before the passage of the PSLRA, courts had noted that a securities case "by its very nature, is a complex animal." *Clark v. Lomas & Nettleton Fin. Corp.*, 79 F.R.D. 641, 654 (N.D. Tex. 1978), *vacated on other grounds*, 625 F.2d 49 (5th Cir. 1980); *see also Miller v. Woodmoor Corp.*, No. 74-F-988, 1978 U.S. Dist. LEXIS 15234, at *11-*12 (D. Colo. Sept. 28, 1978):

> The benefit to the class must also be viewed in its relationship to the complexity, magnitude, and novelty of the case. . . .

> Despite years of litigation, the area of securities law has gained little predictability. There are few "routine" or "simple" securities actions.

1   March 27, 2012 Order regarding the falsity of Defendants' May and June 2010 statements. On

2   May 25, 2012, Defendants filed a Motion to Dismiss the SAC. Dkt. No. 63. On September 21,

3   2012, the Court issued an Order Granting Defendants' Motion to Dismiss the SAC (the "September

4   21, 2012 Order"). Dkt. No. 79. The September 21, 2012 Order found that the SAC had adequately

5   pleaded falsity and loss causation; however, the SAC failed to adequately allege scienter.

6         Thereafter, on October 4, 2012, Lead Plaintiff filed a Motion for Leave to File a Motion for

7   Reconsideration of the September 21, 2012 Order granting Defendants' Motion to Dismiss the SAC

8   (the "Motion for Reconsideration"). Dkt. No. 81. On January 10, 2013, the Court issued an Order

9   Granting in Part and Denying in Part Plaintiffs' Motion for Leave to File a Motion for

10  Reconsideration (the "January 10, 2013 Order"). Dkt. No. 107. At the conclusion of its January 10,

11  2013 Order, the Court mandated that the parties file a joint status conference statement, in which

12  they were to discuss the possibility of limited discovery focused on scienter (including the size of the

13  April 2010 order slowdown), and also invited Defendants to file an early motion for summary

14  judgment on that single issue. *Id.*

15        On March 1, 2013, simultaneous with Lead Plaintiff's discovery efforts, Lead Plaintiff filed a

16  Third Amended Complaint for Violation of the Federal Securities Laws ("TAC"). Dkt. No. 121.

17  The TAC included Lead Plaintiff's amendments to the SAC relating solely to the only remaining

18  issue of Defendants' scienter with respect to the July and August 2010 false statements. On May 30,

19  2013, the Court entered an Order granting Defendants' Motion to Dismiss the TAC (the "May 30,

20  2013 Order"), finding that Lead Plaintiff had failed to adequately plead scienter with respect to

21  Defendants' July and August 2010 false statements, and dismissed the TAC with prejudice as it

22  related to those statements. Dkt. No. 157.

23        There is no question that absent settlement, Lead Counsel in this case faced the substantial

24  risk of years of additional litigation with no guarantee of any compensation, even if they prevailed

25  on the merits. Lead Counsel achieved a significant and certain recovery for the Class in the face of

26  very substantial risks. As a result, the requested fee is fully justified.

27

28

### 3.     The Skill Required and the Quality and Efficiency of the Work

The "'prosecution and management of a complex national class action requires unique legal skills and abilities.'" *Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at *39. Lead Counsel is a nationally recognized leader in the fields of securities class actions and complex litigation. *See* Exhibit G to Lead Counsel's Fee and Expense Decl., submitted herewith. The recovery obtained for the Class is the direct result of the significant efforts of highly skilled and specialized attorneys who possess substantial experience in prosecuting complex securities class actions. *See* www.rgrdlaw.com Lead Counsel's reputation as attorneys who will zealously carry a meritorious case through the trial and appellate levels, as well as its demonstrable ability to vigorously develop the evidence in this Litigation, enabled it to negotiate the highly favorable recovery for the benefit of the Class under difficult circumstances. Unlike those cases where plaintiffs' counsel were able to "free ride" on the work of others (such as the SEC or other governmental agency), here Lead Counsel – and only Lead Counsel – developed the case against Defendants. Courts have regularly recognized that the efforts of plaintiffs' counsel in achieving a favorable settlement should be accorded greater weight when achieved without the benefit of a governmental investigation.[8]

The quality of opposing counsel is also important in evaluating the quality of the work done by Lead Counsel. *See, e.g., In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977); *King Res.*, 420 F. Supp. at 634; *Arenson v. Bd. of Trade*, 372 F. Supp. 1349, 1354 (N.D. Ill. 1974). Lead Counsel were opposed in this Litigation by very skilled and highly respected counsel from Alston & Bird LLP, a law firm with a reputation for vigorous advocacy in the defense of complex civil cases such as this. In the face of this formidable opposition, Lead Counsel were

---

[8]     *See In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (in awarding 25% of a $193 million settlement fund, the court noted the skill and efficiency of plaintiffs' counsel and outstanding results "in a litigation that was far ahead of public agencies like the [SEC] and the United States Department of Justice, which long after the institution of this litigation awakened to the concerns that plaintiffs' counsel first identified"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (In awarding 33-1/3% of the settlement fund, the court noted, "[i]n this Action, Plaintiffs' Class Counsel did not 'piggy back' on any prior governmental action. . . . Plaintiffs' Class Counsel developed, litigated and successfully negotiated this Action by themselves, expending substantial time and effort.").

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC     - 11 -

able to develop their case so as to engage Defendants and to settle the Litigation for a substantial sum of money under the circumstances.

### 4. The Contingent Fee Nature of the Case and the Financial Burden Carried by Lead Counsel

A determination of a fair fee must include consideration of the contingent nature of the fee and the difficulties which were overcome in obtaining the Settlement.

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. *See* Richard Posner, *Economic Analysis of Law* §21.9, at 534-35 (3d ed. 1986). Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose.

*WPPSS*, 19 F.3d at 1299.

In awarding counsel's attorneys' fees in *In re Prudential-Bache Energy Income P'ships Sec. Litig.*, MDL No. 888, 1994 U.S. Dist. LEXIS 6621 (E.D. La. May 18, 1994), the court noted the risks that plaintiffs' counsel had taken:

> Although today it might appear that risk was not great based on Prudential Securities' global settlement with the Securities and Exchange Commission, such was not the case when the action was commenced and throughout most of the litigation. Counsel's contingent fee risk is an important factor in determining the fee award. Success is never guaranteed and counsel faced serious risks since both trial and judicial review are unpredictable. Counsel advanced all of the costs of litigation, a not insubstantial amount, and bore the additional risk of unsuccessful prosecution.

*Id.* at *16.

Indeed, the risk of no recovery in complex cases of this type is very real. There are numerous class actions in which plaintiffs' counsel expended thousands of hours and yet received no remuneration whatsoever despite their diligence and expertise. For example, in *In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 U.S. Dist. LEXIS 50995 (N.D. Cal. June 16, 2009), *aff'd*, 627 F.3d 376 (9th Cir. 2010), a case that Lead Counsel prosecuted, the court granted summary judgment to defendants after eight years of litigation, and after plaintiff's counsel incurred some $7 million in expenses, and worked over 100,000 hours, representing a lodestar of more than $30 million. And, in a case against JDS Uniphase Corporation, after a lengthy trial involving securities claims, the jury reached a verdict in defendants' favor. *See In re JDS Uniphase Corp. Sec. Litig.*, No. C-02-1486

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC   - 12 -

CW (EDL), 2007 WL 4788556 (N.D. Cal. Nov. 27, 2007).  Similarly, even the most promising multi-hundred million dollar case can be eviscerated by a sudden change in the law after years of litigation.  *See, e.g.*, *In re Alstom SA Sec. Litig.*, 741 F. Supp. 2d 469, 471-73 (S.D.N.Y. 2010) (after completing extensive foreign discovery, 95% of plaintiffs' damages were eliminated by the Supreme Court's reversal of some 40 years of unbroken circuit court precedents in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010)).  As the court in *Xcel* recognized, "[p]recedent is replete with situations in which attorneys representing a class have devoted substantial resources in terms of time and advanced costs yet have lost the case despite their advocacy." 364 F. Supp. 2d at 994.  Even plaintiffs who get past summary judgment and succeed at trial may find their judgment overturned on appeal or on a post-trial motion.[9]

Because the fee in this matter was entirely contingent, the only certainties were that there would be no fee without a successful result and that such a result would be realized only after considerable and difficult effort.  Lead Counsel committed significant resources of both time and money to the vigorous and successful prosecution of this action for the benefit of the Class.  *See* Exhibit G to Lead Counsel's Fee and Expense Decl. and www.rgrdlaw.com.  The contingent nature of counsel's representation strongly favors approval of the requested fee.

### 5.  A 25% Fee Award Is Consistent With the Market Rate in Similar Complex, Contingent Litigation

Courts often look to fees awarded in comparable cases to determine if the fee requested is reasonable.  *See Vizcaino*, 290 F.3d at 1050 n.4.  As demonstrated by the decisions cited in

---

[9]  *See, e.g.*, *In re BankAtlantic Bancorp, Sec. Litig.*, No. 07-61542-CIV-UNGARO, 2011 U.S. Dist. LEXIS 48057 (S.D. Fla. Apr. 25, 2011) (court granted defendants' judgment as a matter of law on the basis of loss causation, overturning jury verdict and award in plaintiff's favor), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012); *Robbins v. Koger Props.*, 116 F.3d 1441, 1448-49 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation grounds and judgment entered for defendant); *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1233 (10th Cir. 1996) (Tenth Circuit overturned securities fraud class action jury verdict for plaintiffs in case filed in 1973 and tried in 1988 on the basis of 1994 Supreme Court opinion); *In re Apple Computer Sec. Litig.*, No. C-84-20148(A)-JW, 1991 U.S. Dist. LEXIS 15608, at *1-*2 (N.D. Cal. Sept. 6, 1991) (verdict against two individual defendants, but court vacated judgment on motion for judgment notwithstanding the verdict); *Backman v. Polaroid Corp.*, 910 F.2d 10, 18 (1st Cir. 1990) (where the class won a substantial jury verdict and motion for J.N.O.V. was denied, on appeal the judgment was reversed and the case was dismissed – after 11 years of litigation); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 309 (2d Cir. 1979) (multimillion dollar judgment reversed after lengthy trial).

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC         - 13 -

Appendix A attached hereto, a fee of 25% or more has been repeatedly awarded by the courts in this Circuit and district and in numerous other similar cases throughout the country. The court in *Xcel*, after considering "cases from [the District of Minnesota], other districts, and [ ] attorney fee studies referenced in other cases" concluded that "this factor – comparison to other cases – supports the 25% requested [fee]." 364 F. Supp. 2d at 998, 999.

The requested fee is less than the average attorney-fee percentage granted as demonstrated by an analysis of fee awards in class actions conducted in 1996 by National Economic Research Associates ("NERA"), an economics consulting firm. Using data from 433 shareholder class actions, the study reports on the central question of attorneys' fees: "Regardless of case size, fees average approximately 32 percent of the settlement." Denise N. Martin, Vinita M. Juneja, Todd S. Foster, Frederick C. Dunbar, *Recent Trends IV: What Explains Filings and Settlements in Shareholder Class Actions?* at 12-13 (NERA Nov. 1996). Specifically, NERA examined 433 settlements. Of the 433 settlements, 155, or 35.8%, were in the Ninth Circuit. *Id.* at Table 12b. The average attorney fee as a percentage of the settlement in this Circuit was 32.57%. *Id.*

The requested fee is also less than the median fee award for securities cases based on an analysis of fee awards conducted in 2014 by NERA. Using data from securities class actions from 1996 through 2013, the study found that for settlements less than $5 million, where this Settlement falls, the median fee award was 33.3% of the settlement amount. Dr. Renzo Comolli and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2013 Full-Year Review, Large Settlements Get Larger; Small Settlements Get Smaller* at 34, Figure 34 (NERA Jan. 21, 2014) ("2014 NERA Study").

Moreover, if this were a non-representative litigation, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery. The Supreme Court in *Blum*, stated:

> "In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery."

465 U.S. at 903*; *Ikon*, 194 F.R.D. at 194 ("in private contingency fee cases, particularly in tort matters, plaintiffs' counsel routinely negotiate agreements providing for between thirty and forty

1  percent of any recovery"); *In re M.D.C. Holdings Sec. Litig.*, No. CV 89-0090 E (M), 1990 U.S.

2  Dist. LEXIS 15488, at *22 (S.D. Cal. Aug. 30, 1990) ("In private contingent litigation, fee contracts

3  have traditionally ranged between 30% and 40% of the total recovery.").

4       **C.**     **Reaction of the Class Supports Approval of the Attorneys' Fees**
          **Requested**

5

6       District courts in the Ninth Circuit also consider the reaction of the class when deciding

   whether to award the requested fee. *Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at *48 ("The

7  presence or absence of objections . . . is also a factor in determining the proper fee award.").

8

9       To date, over 21,600 copies of the Notice of Proposed Settlement of Class Action ("Notice")

10  were mailed to potential Class Members. Washington Decl., ¶¶3-10. The Summary Notice was

    published in *Investor's Business Daily* and over the *Business Wire* on May 20, 2014. *Id.*, ¶14. In

11  addition, the Stipulation, the Notice, Proof of Claim and Release, and Order Preliminarily Approving

12  Settlement and Providing for Notice were posted on the Claims Administrator's website. *Id.*, ¶13.

13  Class Members were informed in the Notice that Lead Counsel were moving the Court for attorneys'

14  fees in an amount of 25% of the Settlement Fund and for payment of expenses in an amount not to

15  exceed $175,000.00. Class Members were also advised of their right to object to the fee and expense

16  request, and that such objections are required to be filed with the Court and served on counsel no

17  later than July 7, 2014. As of the date of this memorandum, not a single Class Member has objected

18  to counsel's fee and expense request or any other aspect of the Settlement. The lack of objection is

19  compelling evidence that the requested fees and expenses are fair. *See, e.g., In re Crazy Eddie Sec.*

20  *Litig.*, 824 F. Supp. 320, 325 (E.D.N.Y. 1993). Moreover, a small number of objections do not stand

21  in the way of approval of a reasonable fee. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459

22  (9th Cir. 2000).[10]

23       **D.**     **The Requested Fee Is Reasonable Under a Lodestar Cross-Check**
          **Analysis**

24

25       Although Lead Counsel seek approval of a fee based on a percentage of the recovery, "[a]s a

26  final check on the reasonableness of the requested fees, courts often compare the fee counsel seeks

27  _____

    [10]  If any objections are received, Lead Counsel will address them in a reply brief to be filed on or

28  before July 17, 2014, in accordance with the Court's preliminary approval order.

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC   - 15 -

as a percentage with what their hourly bills would amount to under the lodestar analysis." *Omnivision*, 559 F. Supp. 2d at 1048.  In *Vizcaino*, the Ninth Circuit noted that an analysis of the "lodestar method is merely a cross-check on the reasonableness of a percentage figure, and it is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement." 290 F.3d at 1050 n.5.

Here, Lead Counsel spent 4,354.15 hours of attorney and paraprofessional time prosecuting this action on behalf of the Class.  The resulting lodestar is $1,980,448.00.  The requested fee of 25% would equal $925,000.  Thus, the requested fee represents a negative multiplier representing less than 50% of counsel's lodestar.  In *Vizcaino*, the Ninth Circuit approved a 28% fee that resulted in a 3.65 multiplier.  *Id.* at 1052-54 (finding multipliers ranged as high as 19.6 though most run from 1.0-4.0); *Maley*, 186 F. Supp. 2d at 371 ("modest multiplier of 4.65 is fair and reasonable"). Accordingly, using counsel's lodestar as a cross-check on counsel's requested fee confirms its reasonableness.

## III.     LEAD COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED

Lead Counsel also request payment of expenses incurred by them in connection with the prosecution of this Litigation.  Lead Counsel have incurred expenses in the amount of $114,945.53 in prosecuting this Litigation.  These expenses are categorized in Lead Counsel's Fee and Expense Declaration.

The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'").  Therefore, it is proper to pay reasonable expenses even though they are greater than taxable costs. *Id.*; *see also Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 725-26 (10th Cir. 1993) (expenses reimbursable if they would normally be billed to client); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (expenses recoverable if

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC                - 16 -

customary to bill clients for them); *Miltland Raleigh-Durham v. Myers*, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they 'were incidental and necessary to the representation' of those clients."). The categories of expenses for which counsel seek payment here are the type of expenses routinely charged to hourly clients and, therefore, should be paid out of the common fund.

A significant component of Lead Counsel's expenses is the cost of their economic consultant and investigator. *See* Lead Counsel's Fee and Expense Decl., ¶6(h). Financial Markets Analysis, LLC ("FMA"), an economic consulting firm that specializes in financial and economic issues that typically arise in securities class actions. FMA services in this Litigation were necessary and contributed to the benefits achieved for the Class. Williams Decl., ¶¶54-57. In the post-PSLRA era the use of professional investigators to gather detailed fact-specific information from percipient witnesses in order to plead complaints that will survive motions to dismiss is a necessity. Lead Counsel engaged the services of L.R. Hodges & Associates, Ltd. ("L.R. Hodges") to assist counsel. *Id.*, ¶53. L.R. Hodges conducted a substantial amount of work on behalf of the Class. L.R. Hodges was able to identify, locate, and interview numerous witnesses who had knowledge of the alleged wrongdoing including former employees of Oclaro. *Id.* These investigators were instrumental in helping Lead Plaintiff achieve this result for the benefit of the Class. Another significant expense was the cost of Judge Phillips who mediated the case and provided substantial assistance in the settlement of this action.

Other expenses include the costs of computerized research. These are the charges for computerized factual and legal research services, including Courtlink, Lexis Nexis, Mealey Service, PACER, Thomson Financial and Westlaw. It is standard practice for attorneys to use these services to assist them in researching legal and factual issues. These services allowed counsel to access Oclaro's SEC filings, perform media searches on Oclaro, and obtain analysts' reports on Oclaro.

## IV.   CONCLUSION

Based on the foregoing and upon the entire record herein, Lead Counsel respectfully submit that the Court award attorneys' fees in the amount of 25% of the Settlement Fund, plus expenses in

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC          - 17 -

1   the amount of $114,945.53, plus interest earned at the same rate and for the same period as that

2   earned on that portion of the Settlement Fund until paid.

3   DATED:  June 23, 2014                          Respectfully submitted,

4                                                  ROBBINS GELLER RUDMAN
                                                       & DOWD LLP
5                                                  SHAWN A. WILLIAMS
                                                   SUNNY S. SARKIS

6

7                                                        s/ Shawn A. Williams
8                                                  SHAWN A. WILLIAMS

9                                                  Post Montgomery Center
                                                   One Montgomery Street, Suite 1800
10                                                 San Francisco, CA  94104
                                                   Telephone:  415/288-4545
11                                                 415/288-4534 (fax)

12                                                 ROBBINS GELLER RUDMAN
                                                       & DOWD LLP
13                                                 JEFFREY D. LIGHT
                                                   JULIE A. KEARNS
14                                                 655 West Broadway, Suite 1900
                                                   San Diego, CA  92101
15                                                 Telephone:  619/231-1058
                                                   619/231-7423 (fax)
16
                                                   Lead Counsel for Plaintiffs
17
                                                   ROBERT M. CHEVERIE & ASSOCIATES
18                                                 GREGORY S. CAMPORA
                                                   Commerce Center One
19                                                 333 E. River Drive, Suite 101
                                                   East Hartford, CT  06108
20                                                 Telephone:  860/290-9610
                                                   860/290-9611 (fax)
21
                                                   HOLZER & HOLZER, LLC
22                                                 COREY D. HOLZER
                                                   1200 Ashwood Parkway, Suite 410
23                                                 Atlanta, GA  30338
                                                   Telephone:  770/392-0090
24                                                 770/392-0029 (fax)

25

26

27

28

950638_2

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC       - 18 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 810
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)

Additional Counsel for Plaintiff

NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - C11-02448-EMC    - 19 -

# APPENDIX A

2004 To The Present
Cases In Which Award Of Fees Equalled Or Exceeded
25% Of The Fund Plus Expenses (with Settlement Amounts)

1.   *North Port Firefighters' Pension-Local Option Plan v. Fushi Copperweld, Inc.*, No. 3:11-cv-00595 (M.D. Tenn. May 12, 2014) (awarded fees of 33-1/3% of $3.25 million, plus expenses);

2.   *Landmen Partners Inc. v. Blackstone Group*, No. 08-cv-03601-HB-FM (S.D.N.Y.  Dec. 18, 2013) (awarded fees of 33-1/3% of $85 million recovery, plus expenses);

3.   *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-421 (S.D. Ohio Nov. 20, 2013) (awarded fees and expenses of 33-1/3% of $16 million recovery);

4.   *In re Constellation Energy Group, Inc. Sec. Litig.*, No. 1:08-cv-02854-CCB (D. Md. Nov. 4, 2013) (awarded fees of 33-1/3% of $4 million recovery, plus expenses);

5.   *Levine v. Atricure, Inc.*, No. 1:06-cv-14324-RJH (S.D.N.Y. May 27, 2011) (awarded fees of 33-1/3% of $2 million recovery, plus expenses);

6.   *In re Noah Educ. Holdings Ltd. Sec. Litig.*, No. 1:08-cv-09203 (S.D.N.Y. May 27, 2011) (awarded fees of 33-1/3% of $1.75 million recovery, plus expenses);

7.   *Eaton v. Halifax PLC*, No. MON-L-2365-03 (Monmouth Cnty. NJ Super. Ct. May 26, 2011) (awarded fees of 33-1/3% of $8.6 million recovery, plus expenses);

8.   *Menkes v. Stolt-Nielsen S.A.*, No. 3:03CV00409(DJS) (D. Conn. Jan. 25, 2011) (awarded fees of 33-1/3% of $2 million recovery, plus expenses);

9.   *Moorhead v. CONSOL Energy, Inc.*, No. 2:03-cv-01588-TFM (W.D. Pa. May 14, 2007) (awarded fees of 33-1/3% of $2.7 million recovery; plus expenses);

10.  *Wade v. Bayer AG, et al.*, No. CT-004748-06 (Shelby County, Tenn. Cir. Ct. Dec. 7, 2006) (awarded fees of 33-1/3% of $3.7 million recovery, plus expenses);

11.  *In re Van der Moolen Holding N.V. Sec. Litig.*, No. 1:03-CV-8284 (S.D.N.Y. Dec. 6, 2006) (awarded fees of 33-1/3% of $8 million recovery, plus expenses);

12.  *In re Interpool, Inc. Sec. Litig.*, No. 3:04-cv-00321-SRC (D.N.J. Sept. 9, 2006) (awarded fees of 33-1/3% of $1 million recovery, plus expenses);

13.  *Denver Area Meat Cutters and Employers Pension Plan v. James L. Clayton, et al.*, Case No. E-19723 (Blount County Tenn. June 8, 2005) (awarded fees of 33-1/3% of $5 million recovery, plus expenses);

14.  *Lezin v. MiniMed, Inc., et al.*, Case No. BC251832 (Los Angeles Super. Ct. Aug. 10, 2004) (awarded fees of 33-1/3% of $1.25 million recovery, plus expenses);

15. *Franks v. Cheap Tickets, Inc., et al.*, Civil No. 01-1-2376-08-DDD (1st Cir. Haw. July 2, 2004 (awarded fees of 33-1/3% of $1 million recovery, plus expenses);

16. *Conlee v. WMS Industries*, No. 1:11-cv-03503-JBZ (N.D. Ill. May 20, 2014) (awarded fees of 33% of $3.7 million recovery, plus expenses);

17. *In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.*, No. 1:08-cv-08235-PAC (S.D.N.Y. Sept. 6, 2012) (awarded fees of 33% of $6.25 million recovery, plus expenses);

18. *Schultz v. Applica, Inc.*, No. 06-60149-CIV (S.D. Fla. Jan. 15, 2008) (awarded fees of 33% of $2 million recovery, plus expenses);

19. *In re Canadian Superior Energy Inc. Sec. Litig.*, Master File No. 04-CV-02020(RO) (S.D.N.Y. Oct. 19, 2005) (awarded fees of 33% of $3.2 million recovery, plus expenses);

20. *Thomas & Thomas Rodmakers Inc., et al. v. Newport Adhesives and Composites, Inc., et al.*, Case No. CV-99-07796-FMC(RNBx) (C.D. Cal. Oct. 17, 2005) (awarded fees of 33% of $36.25 million recovery, plus expenses);

21. *Roth v. Aon Corp.*, No. 04-C-6835 (N.D. Ill. Nov. 18, 2009) (awarded fees of 31% of $30 million recovery, plus expenses);

22. *Board of Trustees of the Operating Engineers Pension Trust v. JPMorgan Chase Bank*, No. 09-cv-09333-KBF (S.D.N.Y. November 20, 2013) (awarded fees of 30% of $23 million recovery, plus expenses);

23. *Fisher v. Suffolk*, No. 1:11-cv-05114-SJ-RML (E.D.N.Y. Nov. 19, 2013) (awarded fees of 30% of $2.8 million recovery, plus expenses);

24. *Buettgen v. Harless*, No. 3:09-cv-00791-K (N.D. Tex. Nov. 13, 2013) (awarded fees of 30% of $33.75 million recovery, plus expenses);

25. *Luman v. Anderson*, No. 4:08-cv-00514-C-W-HFS (W.D. Mo. July 23, 2013) (awarded fees of 30% of $4.25 million recovery, plus expenses);

26. *Hildenbrand v. W Holding*, No. 07-1886 (JAG) (D. P.R. June 10, 2013) (awarded fees of 30% of $8.75 million recovery, plus expenses);

27. *Citiline Holdings, Inc. v. iStar Fin. Inc.*, No. 1:08-cv-03612-RJS (S.D.N.Y. Apr. 5, 2013) (awarded fees of 30% of $29 million recovery, plus expenses);

28. *In re Constar Int'l Sec. Litig.*, No. 03cv05020 (E.D. Pa. Dec. 19, 2012) (awarded fees of 30% of $23.5 million recovery, plus expenses);

29. *Siracusano v. Matrixx Initiatives, Inc.*, No. CV-04-0886-PHX-NVW (D. Ariz. Nov. 13, 2012) (awarded fees of 30% of $4.5 million recovery, plus expenses);

2

30. *Winslow v. BancorpSouth, Inc.*, No. 3:10-cv-00463 (M.D. Tenn. Oct. 31, 2012) (awarded 30% of $29.25 million recovery, plus expenses);

31. *Szymborski v. Ormat Techs., Inc.*, No. 3:10-CV-132-RCJ (D. Nev. Oct. 16, 2012) (awarded fees of 30% of $3.1 million recovery, plus expenses);

32. *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co., et al.*, No. 4:08-cv-02348-TLW-KDW (D.S.C. Sept. 7, 2012) (awarded fees of 30% of $13 million recovery, plus expenses);

33. *In re Sturm, Ruger & Co., Inc. Sec. Litig.*, No. 3:09-cv-01293-VLB (D. Conn. Aug. 20, 2012) (awarded fees of 30% of $3 million recovery, plus expenses);

34. *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund v. Swanson*, No. 1:09-cv-00799-MMB (D. Del. June 22, 2012) (awarded 30% of $25 million recovery, plus expenses);

35. *In re Focus Media Holding Ltd. Litig.*, No. 1:07-cv-10617-LTS(GWG) (S.D.N.Y. Apr. 25, 2012) (awarded fees of 30% of $2 million recovery, plus expenses);

36. *Western Wash. Laborers-Employers Pension Trust v. Panera Bread Co., et al.*, No. 4:08-cv-00120 ERW (E.D. Mo. June 22, 2011) (awarded fees of 30% of $5.75 million recovery, plus expenses);

37. *Norfolk Cnty. Ret. Sys. v. Ustian*, No. 1:07-cv-07014 (N.D. Ill. May 25, 2011) (awarded fees of 30% of $13 million recovery, plus expenses);

38. *In re Orion Sec. Litig.*, No. 1:08-cv-01328-RJS (S.D.N.Y. Apr. 14, 2011) (awarded fees of 30% of $3.25 million recovery, plus expenses);

39. *Schultz v. Tomotherapy, Inc.*, No. 08-cv-000314-SLC (W.D. Wis. Mar. 22, 2011) (awarded fees of 30% of $5 million recovery, plus expenses);

40. *In re L.G. Philips LCD Co., Ltd. Sec. Litig.*, No. 1:07-cv-00909-RJS (S.D.N.Y. Mar. 17, 2011) (awarded fees of 30% of $18 million recovery, plus expenses);

41. *In re Gilead Sciences Sec. Litig.*, No. C-03-4999-SI (N.D. Cal. Nov. 5, 2010) (awarded 30% of $8.25 million recovery, plus expenses);

42. *Beach v. Healthways, Inc.*, No. 3:08-cv-00569 (M.D. Tenn. Sept. 27, 2010) (awarded fees of 30% of $23.6 million recovery, plus expenses);

43. *In re TeleTech Litigation*, No. 1:08-cv-00913-LTS (S.D.N.Y. June 11, 2010) (awarded fees of 30% of $11 million recovery, plus expenses);

44. *In re PETCO Animal Supplies, Inc. S'holder Litig.*, No. GIC 869399 (San Diego Super. Ct. Mar. 26, 2010) (awarded fees of 30% of $16 million recovery, plus expenses);

45.   *Kelleher v. ADVO, Inc.*, No. 3:06-cv-01422-AVC (D. Conn. Mar. 3, 2010) (awarded fees of 30% of $12.5 million recovery, plus expenses);

46.   *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 1-04-CV-021465 (Santa Clara Super. Ct. Feb. 3, 2010) (awarded fees of 30% of $43 million recovery, plus expenses);

47.   *In re Prestige Brands Holdings, Inc. Sec. Litig.*, No. 7:05-cv-06924-CS (S.D.N.Y. Dec. 7, 2009) (awarded fees of 30% of $11 million recovery, plus expenses);

48.   *Rines v. Heelys, Inc.*, No. 3:07-cv-01468-K (N.D. Tex. Nov. 17, 2009) (awarded fees of 30% of $7.5 million recovery, plus expenses);

49.   *Aviva Partners LLC v. Exide Techs.*, No. 3:05-cv-03098-MLC-LHG (D.N.J. June 23, 2009) (awarded fees of 30% of $13.7 million recovery, plus expenses);

50.   *W. Pa. Elec. Employees Pension Fund v. Candela Corp.*, No. 1:08-cv-10551-DPW (D. Mass. June 23, 2009) (awarded fees of 30% of $3.85 million recovery, plus expenses);

51.   *Crowell v. Mannatech, Inc.*, No. 3:07-cv-00238-K (N.D. Tex. Mar. 10, 2009) (awarded fees of 30% of $11.25 million recovery, plus expenses);

52.   *In re LaBranche Sec. Litig.*, No. 03-CV-8201(RWS) (S.D.N.Y. Jan. 22, 2009) (awarded fees of 30% of $13 million recovery, plus expenses);

53.   *In re OSI Pharm., Inc. Sec. Litig.*, No. 2:04-CV-05505-JS-WDW (E.D.N.Y. Aug. 22, 2008) (awarded fees of 30% of $9 million recovery, plus expenses);

54.   *In re ChoicePoint, Inc. Sec. Litig.*, No. 1:05-CV-00686-JTC (N.D. Ga. July 21, 2008) (awarded fees of 30% of $10 million recovery, plus expenses);

55.   *Cement Masons & Plasters Joint Pension Trust v. TNS Inc.*, No. 1:06-cv-00363-CMH-BRP (E.D. Va. June 20, 2008) (awarded fees of 30% of $3.6 million recovery, plus expenses);

56.   *Croker v. Carrier Access Corp.*, No. 1:05-cv-01011-LTB-OES (D. Colo. Jan. 25, 2008) (awarded fees of 30% of $7.4 million recovery, plus expenses);

57.   *In re UICI Sec. Litig.*, No. 3:04-CV-1149-P (N.D. Tex. Jan. 23, 2008) (awarded fees of 30% of $6.9 million recovery, plus expenses);

58.   *In re Terayon Commc'n Sys., Inc. Sec. Litig.*, No. C-00-1967-MHP (N.D. Cal. Oct. 3, 2007) (awarded fees of 30% of $15 million recovery, plus expenses);

59.   *In re aaiPharma Inc. Sec. Litig.*, No. 7:04-CV-27-D (E.D. N.C. Oct. 2, 2007) (awarded fees of 30% of $7.55 million recovery, plus expenses);

60.  *In re Acclaim Entm't Sec. Litig.*, No. 2:03-CV-1270(JS)(ETB) (E.D.N.Y. Oct. 2, 2007) (awarded fees of 30% of $13.65 million recovery, plus expenses);

61.  *In re Odimo, Inc. Sec. Litig.*, No. 0512500 (Broward County Fla. Super. Ct. Sept. 25, 2007) (awarded fees of 30% of $1.25 million recovery, plus expenses);

62.  *In re eMachines, Inc. Merger Litig.*, No. 01-CC-00156 (Orange County Super. Ct. July 25, 2007) (awarded fees of 30% of $24 million recovery, plus expenses);

63.  *In re Direct Gen. Corp. Sec. Litig.*, No. 3:05-0077 (M.D. Tenn. July 20, 2007) (awarded fees of 30% of $14.94 million recovery, plus expenses);

64.  *The Takara Trust v. Molex Incorporated, et al.*, No. 05-C-1245 (N.D. Ill. Mar. 1, 2007) (awarded fees of 30% of $10.5 million recovery, plus expenses);

65.  *Underwood, et al. v. Lampert, et al.*, No. 1:02-cv-21154-CMA/Turnoff (S.D. Fla. Jan. 29, 2007) (awarded fees of 30% of $1.5 million recovery, plus expenses);

66.  *In re AMERCO Sec. Litig.*, No. 04-2182-PHX-RJB (D. Ariz. Nov. 2, 2006) (awarded fees of 30% of $7 million recovery; plus expenses);

67.  *Greater Pennsylvania Carpenters Pension Fund v. Whitehall Jewellers, Inc., et al.*, No. 04 C 1107 (N.D. Ill. July 24, 2006) (awarded fees of 30% of $7.5 million recovery, plus expenses);

68.  *In re Stellent, Inc. Sec. Litig.*, Master File No. CV-03-4384 RHK/AJB (D. Minn. Nov. 16, 2005) (awarded fees of 30% of $12 million recovery, plus expenses);

69.  *In re Descartes Systems Group, Inc. Sec. Litig.*, Master File No. 04 Civ. 3793(LTS)(MHD) (S.D.N.Y. Sept. 16, 2005) (awarded fees of 30% of $1.5 million recovery, plus expenses);

70.  *Brody v. Hellman*, Case No. 00-CV-4142 (City & County Denver Colo. Aug. 30, 2005) (awarded fees of 30% of $50 million recovery, plus expenses);

71.  *In re Daisytek International Litig.*, Master Docket No. 4:03-CV-212 (E.D. Tex. July 20, 2005) (awarded fees of 30% of $6 million recovery, plus expenses);

72.  *In re Novell, Inc. Sec. Litig.*, Case No. 2:99-CV-995 TC (D. Utah May 26, 2005) (awarded fees of 30% of $13.9 million recovery, plus expenses);

73.  *Deckler v. Ionics, Inc., et al.*, No. 03-CV-10393-WGY (D. Mass. Apr. 4, 2005) (awarded fees of 30% of $3 million recovery, plus expenses);

74.  *Southland Securities Corporation v. INSpire Insurance Solutions, Inc.*, No. 4:00-CV-355y (N.D. Tex. Mar. 9, 2005) (awarded fees of 30% of $4.8 million recovery, plus expenses);

75.   *Steinbeck v. Sonic Innovations, Inc., et al.*, Case No. 2:00-CV-848-PGC (D. Utah May 25, 2004 (awarded fees of 30% of $7 million recovery, plus expenses);

76.   *Broderick v. Mazur (PHP Healthcare)*, No. CV-98-1658-MRP(AJWx) (C.D. Cal. Apr. 27, 2004) (awarded fees of 30% of $4.5 million recovery, plus expenses);

77.   *Ronconi v. Larkin*, Case No. 767087-5 OV (Alameda County Super. Ct. Jan. 6, 2004) (awarded fees of 30% of $2.5 million recovery, plus expenses);

78.   *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc.*, Case No. CV-99-07796-FMC(RNx) (C.D. Cal. Jan. 31, 2005) (awarded fees of 29% of $32.75 million recovery, plus expenses);

79.   *In re Accredo Health, Inc. Sec. Litig.*, No. 03-CV-2216 (W.D. Tenn. Feb. 19, 2009) (awarded fees of 28% of $33 million recovery, plus expenses);

80.   *Olmsted v. ADAC Laboratories*, Case No. CV793923 (Santa Clara Super. Ct. May 10, 2004) (awarded fees of 28% of $3.55 million recovery, plus expenses);

81.   *In re Sanofi-Aventis Sec. Litig.*, No. 1:07-cv-10279-GBD (S.D.N.Y. Jan. 22, 2014) (awarded fees of 27.5% of $40 million recovery, plus expenses);

82.   *In re Coventry Healthcare, Inc. Sec. Litig.*, No. 8:09-cv-02337-AW (D. Md. Oct. 29, 2013) (awarded fees of 27.5% of $10 million recovery, plus expenses);

83.   *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-1519(AET) (D.N.J. Jan. 30, 2013) (awarded fees of 27.5% of $164 million recovery, plus expenses);

84.   *Silverman v. Motorola, Inc.*, No. 07 C 4507 (N.D. Ill. May 7, 2012) (awarded fees of 27.5% of $200 million recovery, plus expenses);

85.   *Cornwell v. Credit Suisse Group*, No. 08-cv-03758(VM) (S.D.N.Y. July 20, 2011) (awarded fees of 27.5% of $70 million recovery, plus expenses);

86.   *Ross v. Abercrombie & Fitch Co.*, No. 2:05-cv-00819-EAS-TPK (S.D. Ohio Sept. 24, 2010) (awarded fees of 27.5% of $12 million recovery, plus expenses);

87.   *Indiana State District Council of Laborers & HOD Carriers Pension Fund v. Brukardt*, No. 05-1392-II (Tenn. Chancery Ct. May 13, 2013) (awarded fees of 27% of $4 million recovery, plus expenses);

88.   *Brown v. Brewer, et al.*, No. 2:06-cv-03731-GHK-SH (C.D. Cal. Mar. 19, 2012) (awarded fees of 27% of $45 million recovery, plus expenses);

89.   *Hoff v. Popular Inc.*, No. 3:09-cv-01428-GAG (D.P.R. Nov. 2, 2011) (awarded fees of 27% of $37.5 million recovery, plus expenses);

90.     *In re Infineon Techs. AG Sec. Litig.*, No. C-04-4156-JW (N.D. Cal. Nov. 2, 2011) (awarded fees of 27% of $6.2 million recovery, plus expenses);

91.     *Thurber v. Mattel, Inc.*, No. CV-99-10368-MRP(CWx) (C.D. Cal. Oct. 1, 2003) (fee equal to 27% of $122 million recovery, plus expenses);

92.     *Massachusetts Bricklayers & Masons Trust Funds v. Deutsche Alt-A Sec., Inc.*, No. 2:08-cv-03178-LDW-ARL (E.D.N.Y. July 11, 2012) (awarded 26.5% of $32.5 million recovery, plus expenses);

93.     *In re CIT Grp. Inc. Sec. Litig.*, No. 1:08-cv-06613-BSJ-THK (S.D.N.Y. June 13, 2012 (awarded 26.5% of $75 million recovery, plus expenses);

94.     *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, No. 08-cv-10446 (D. Mass. Dec. 19, 2013) (awarded fees of 25% of $21.2 million recovery, plus expenses);

95.     *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Northwest Pipe Co.*, No. 3:09-cv-05724-RBL (W.D. Wash. Mar. 22, 2013) (awarded fees of 25% of $12.5 million recovery, plus expenses);

96.     *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech.*, No. 3:09-cv-00419-MMD-WGC (D. Nev. Oct. 19, 2012) (awarded fees of 25% of $12.5 million recovery, plus expenses);

97.     *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Allscripts-Misys Healthcare Solutions, Inc.*, No. 1:09-cv-04726 (N.D. Ill. July 12, 2012) (awarded 25% of $10.15 million recovery, plus expenses);

98.     *Maiman v. Talbott*, No. SACV 09-0012-AG(ANx) (C.D. Cal. July 9, 2012) (awarded 25% of $8.25 million recovery, plus expenses);

99.     *In re Accuray Inc. Sec. Litig.*, No. 4:09-cv-03362-CW (N.D. Cal. Dec. 8, 2011) (awarded fees of 25% of $13.5 million recovery, plus expenses);

100.    *In re Agria Corp. Sec. Litig.*, No. 1:08-cv-03536-WHP (S.D.N.Y. June 7, 2011) (awarded fees of 25% of $3.75 million recovery, plus expenses);

101.    *City of Roseville Emp. Ret. Sys. v. Micron Tech., Inc.*, No. 06-CV-85-WFD (D. Idaho Apr. 28, 2011) (awarded fees of 25% of $42 million recovery, plus expenses);

102.    *The City of Hialeah Employees' Ret. Sys. v. Toll Bros., Inc.*, No. 07-1513 (E.D. Pa. Mar. 4, 2011) (awarded fees of 25% of $25 million recovery, plus expenses);

103.    *In re America Service Group, et al.*, No. 3:06-cv-00323 (M.D. Tenn. Oct. 15, 2010) (awarded fees of 25% of recovery (worth $14,895,000 in cash and stock), plus expenses);

104. *Belodoff v. Netlist, Inc.*, No. SACV-07-00677-DOC(MLGx) (C.D. Cal. Sept. 30, 2010) (awarded fees of 25% of $2.6 million recovery, plus expenses);

105. *Charatz v. Avaya, Inc.*, No. 3:05-cv-02319 (D.N.J. Sept. 27, 2010) (awarded fees of 25% of $4.5 million recovery, plus expenses);

106. *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, No. 1:06-cv-01892-WMN (D. Md. July 28, 2010) (awarded 25% of $4 million recovery, plus expenses);

107. *Ryan v. Flowserve Corp.*, No. 3:03-CV-01769-B (N.D. Tex. May 11, 2010) (awarded 25% of $55 million recovery, plus expenses);

108. *Twinde v. Threshold Pharms., Inc.*, No. 4:07-cv-04972-CW (N.D. Cal. Apr. 16, 2010) (awarded 25% of $10 million recovery, plus expenses);

109. *City of Westland Police and Fire Retirement System v. Sonic Solutions*, No. C 07-05111-CW (N.D. Cal. Apr. 8, 2010) (awarded 25% of $5 million recovery, plus expenses);

110. *Batwin v. Occam Networks, Inc.*, No. 2:07-cv-02750-CAS(SHx) (C.D. Cal. Feb. 22, 2010) (awarded 25% of $13.945 million recovery, plus expenses);

111. *Tsirekidze v. Syntax-Brillian Corp.*, No. 2:07-cv-02204-FJM (D. Ariz. Feb. 18, 2010) (awarded 25% of $10 million recovery, plus expenses);

112. *In re Metawave Commc'ns Sec. Litig.*, No. 02-cv-00625-RSM (W.D. Wash. Feb. 11, 2010) (awarded 25% of $1.5 million recovery, plus expenses);

113. *In re 21st Century Holding Co. Sec. Litig.*, No. 07-61057-Civ-COHN/SELTZER (S.D. Fla. Jan. 29, 2010) (awarded 25% of $2.24 million recovery, plus expenses);

114. *West Palm Beach Firefighters' Pension Fund v. StarTek, Inc.*, No. 05-cv-01265-WDM-MEH (D. Colo. Dec. 21, 2009) (awarded 25% of $7.5 million recovery, plus expenses);

115. *In re Dura Pharms., Inc. Sec. Litig.*, No. 99-CV-0151-JLS(WMC) (S.D. Cal. Dec. 4, 2009) (awarded fees of 25% of $14 million recovery, plus expenses);

116. *In re Seracare Life Sciences, Inc. Sec. Litig.*, No. 05-CV-2335-JLS(CAB) (S.D. Cal. July 17, 2009) (awarded 25% of $1.6 million recovery, plus expenses);

117. *In re Ace Ltd. Sec. Litig.*, No. 05-md-1675 (E.D. Pa. June 10, 2009) (awarded 25% of $1.95 million recovery, plus expenses);

118. *Darquea v. Jarden Corp.*, No. 1:06-cv-00722(RPP) (S.D.N.Y. May 18, 2009) (awarded 25% of $8 million recovery, plus expenses);

119. *In re Impax Labs., Inc. Sec. Litig.*, No. C-04-4802-JW (N.D. Cal. May 12, 2009) (awarded 25% of $9 million recovery, plus expenses);

120. *Parkside Capital Ltd. v. Xerium Techs. Inc.*, No. 06-10991-RWZ (D. Mass. Feb. 26, 2009) (awarded 25% of $3.6 million recovery, plus expenses);

121. *In re Sunterra Corp. Sec. Litig.*, No. 2:06-cv-00844-BES-RJJ (D. Nev. Feb. 10, 2009) (awarded 25% of $8 million recovery, plus expenses);

122. *In re Brocade Sec. Litig.*, No. C 05-02042 CRB (N.D. Cal. Jan. 26, 2009) (awarded 25% of the recovery, plus expenses);

123. *In re Bridgestone Sec. Litig.*, No. 3:01-0017 (M.D. Tenn. Jan. 23, 2009) (awarded 25% of $30 million recovery, plus expenses);

124. *In re Wireless Facilities, Inc. Sec. Litig.*, No. 04cv1589 NLS (S.D. Cal. Jan. 13, 2009) (awarded 25% of $12 million recovery, plus expenses);

125. *In re Wireless Facilities, Inc,. Sec. Litig.*, No. 07cv482 NLS (S.D. Cal. Dec. 19, 2008) (awarded 25% of $4.5 million recovery, plus expenses);

126. *In re Tommy Hilfiger Sec. Litig.*, No. 1:04-CV-07678-SAS (S.D.N.Y. Oct. 8, 2008) (awarded 25% of $16 million recovery, plus expenses);

127. *In re PETCO Corp. Sec. Litig.*, No. 05-CV-0823 H(RBB) (S.D. Cal. Sept. 2, 2008) (awarded 25% of $20.25 million recovery, plus expenses);

128. *In re DHB Indus., Inc. Class Action Litig.*, No. 2:05-cv-04296-JS-ETB (E.D.N.Y. July 21, 2008) (awarded 25% of recovery, plus expenses);

129. *In re Zale Corporation Sec. Litig.*, No. 3:06-cv-01470-N (N.D. Tex. July 10, 2008) (awarded 25% of $5.9 million recovery, plus expenses);

130. *Reynolds v. Repsol YPF, S.A.*, No. 1:06-cv-00733-DAB (S.D.N.Y. May 7, 2008) (awarded 25% of $8 million recovery, plus expenses);

131. *Sekuk Global Enters. v. KVH Indus., Inc.*, No. CA-04-306L (D.R.I. Jan. 25, 2008) (fee equal to 25% of $5 million recovery, plus expenses);

132. *In re SeraCare Life Sciences, Inc. Sec. Litig.*, No. 05-CV-2335-H(CAB) (S.D. Cal. Sept. 4, 2007) (awarding 25% of $3 million recovery, plus expenses);

133. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJH (N.D. Cal. Aug. 16, 2007) (fee equal to 25% of recovery, plus expenses);

134. *In re Watchguard Sec. Litig.*, No. 2:05-cv-00678-JLR (W.D. Wash. Aug. 6, 2007) (awarded 25% of $1.75 million recovery, plus expenses);

135. *In re Alliance Gaming Corp. Sec. Litig.*, No. CV-S-04-0821-BES-PAL (D. Nev. June 28, 2007) (awarding 25% of $15.5 million recovery, plus expenses);

136.   *Dutton v. D&K Healthcare Res., Inc.*, No. 4:04-CV-00147-SNL (E.D. Mo. June 5, 2007) (awarding 25% of $18.7 million recovery, plus expenses);

137.   *In re Vicuron Pharms., Inc. Sec. Litig.*, No. 04-2627 (E.D. Pa. May 31, 2007) (awarded 25% of $12.75 million recovery, plus expenses);

138.   *In re Verisign, Inc. Sec. Litig.*, No. C-02-2270-JW(PVT) (N.D. Cal. Apr. 24, 2007) (awarded 25% of $80 million recovery, plus expenses);

139.   *In re Amerada Hess Corp. Sec. Litig.*, No. 2:02cv03359 (D.N.J. Apr. 16, 2007) (awarded 25% of $9 million recovery, plus expenses);

140.   *Heller v. Quovadx, Inc.*, No. 04-cv-00665 (D. Colo. Apr. 13, 2007) (awarded 25% of $9 million recovery, plus expenses);

141.   *In re Charlotte Russe Holding, Inc. Sec. Litig.*, No. 04cv2528 (S.D. Cal. Aug. 30, 2006) (awarded 25% of $3.9 million recovery, plus expenses);

142.   *In re Surebeam Corp. Sec. Litig.*, No. 03-CV-01721-JM(POR) (S.D. Cal. July 17, 2006) (awarded 25% of $32.75 million recovery, plus expenses);

143.   *In re U.S. Aggregates, Inc. Sec. Litig.*, No. C-01-1688-CW (N.D. Cal. Apr. 6, 2006) (awarding 25% of $3.5 million recovery, plus expenses);

144.   *In re Titan, Inc. Sec. Litig.*, Master File No. 04-CV-0676-LAB(NLS) (S.D. Cal. Dec. 19, 2005) (fee award equal to 25% of $61.5 million recovery, plus expenses);

145.   *In re Intershop Communications AG Sec. Litig.*, Master File No. C-01-20333-JW (N.D. Cal. Dec. 5, 2005) (fee award equal to 25% of $2 million recovery, plus expenses);

146.   *In re Amazon.Com, Inc. Sec. Litig.*, Master File No. C-01-0358-L (W.D. Wash. Nov. 11, 2005) (fee award equal to 25% of $27.7 million recovery, plus expenses);

147.   *In re CVS Corp. Sec. Litig.*, No. C.A. 01-11464(JLT) (D. Mass. Sept. 7, 2005) (fee equal to 25% of recovery, plus expenses);

148.   *In re Intermune, Inc. Sec. Litig.*, No. C-03-2954-SI (N.D. Cal. Aug. 26, 2005) (fee award equal to 25% of $10.4 million recovery; plus expenses);

149.   *In re Pemstar, Inc. Sec. Litig.*, Master File No. 02-1821 (DWF/SRN) (D. Minn. May 27, 2005) (fee award equal to 25% of $12 million recovery, plus expenses);

150.   *In re Ventro Corp. Sec. Litig.*, No. C-01-1287-SBA (N.D. Cal. Mar. 29, 2005) (fee award equal to 25% of $6.935 million recovery; plus expenses);

151.   *In re Specialty Laboratories, Inc. Sec. Litig.*, Master File No. CV 02-04352-DDP(RCx) (C.D. Cal. Dec. 28, 2004) (fee award equal to 25% of $12 million recovery, plus expenses);

152.   *Brody v. TALX Corporation, et al.*, No. 4:01CV2014-HEA (E.D. Mo. Oct. 6, 2004) (fee equal to 25% of $5.75 million recovery, plus expenses);

153.   *In re National Golf Properties, Inc. Sec. Litig.*, Master File No. 02-1383-GHK(RZx) (C.D. Cal. Oct. 4, 2004) (fee award equal to 25% of $4.175 million recovery, plus expenses);

154.   *In re Infonet Services Corp. Sec. Litig.*, Master File No. CV-01-10456-NM(CWx) (C.D. Cal. July 26, 2004) (fee equal to 25% of $18 million recovery, plus expenses);

155.   *In re Mutual Risk Management Ltd. Sec. Litig.*, Case No. 02CV1110K(POR) (S.D. Cal. July 22, 2004) (fee equal to 25% of $3 million recovery, plus expenses);

156.   *In re Accelerated Networks, Inc. Sec. Litig.*, Master File No. CV-01-3585-SJO(MANx) (C.D. Cal. June 28, 2004) (fee equal to 25% of $8 million recovery, plus expenses);

157.   *In re DJ Orthopedics, Inc. Sec. Litig.*, Case No. 01-CV-2238-K(RBB) (S.D. Cal. June 21, 2004) (fee equal to 25% of $5.5 million fund, plus expenses);

158.   *In re TUT Systems, Inc. Sec. Litig.*, Master File No. C-01-2659-CW (N.D. Cal. May 14, 2004) (fee equal to 25% of $10 million recovery, plus expenses);

159.   *In re M&A West, Inc. Sec. Litig.*, Master File No. C-01-0033-SBA (N.D. Cal. Feb. 10, 2004) (fee equal to 25% of $2.615 million recovery, plus expenses).

S:\FORMS\Fees\25% and 30% Fee Charts to Use as Exhibits\2004 to Present F-Exp 25% lst with settlement amounts.docx
Revised March 7, 2014

1    <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on June 23, 2014, I authorized the electronic filing of the foregoing with

3    the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4    e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5    caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6    CM/ECF participants indicated on the attached Manual Notice List.

7        I certify under penalty of perjury under the laws of the United States of America that the

8    foregoing is true and correct.  Executed on June 23, 2014.

9                        s/ Shawn A. Williams

10                    SHAWN A. WILLIAMS

11                    ROBBINS GELLER RUDMAN<br>                          & DOWD LLP

12                    Post Montgomery Center<br>                    One Montgomery Street, Suite 1800

13                    San Francisco, CA  94104<br>                    Telephone:  415/288-4545

14                    415/288-4534 (fax)<br>                    E-mail:  shawnw@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case  3:11-cv-02448-EMC Westley et al v. Oclaro, Inc. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gidon M. Caine**
  gidon.caine@alston.com,joe.tully@alston.com,kathy.kirk@alston.com,chuck.mattson@alston.com

- **Jessica Perry Corley**
  jessica.corley@alston.com

- **Frank James Johnson**
  frankj@johnsonandweaver.com,paralegal@johnsonandweaver.com,nathanh@johnsonandweaver.com,shawnf@johnsonandweaver.com,michaelf@johnsonandweaver.cc

- **Julie A. Kearns**
  jkearns@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Tina Mehr**
  tina.mehr@alston.com

- **Brian O. O'Mara**
  bo'mara@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Mark Punzalan**
  markp@punzalanlaw.com,office@punzalanlaw.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Sunny September Sarkis**
  Ssarkis@rgrdlaw.com

- **Andrew Townsend Sumner**
  andy.sumner@alston.com

- **Joseph G Tully**
  joe.tully@alston.com

- **David Conrad Walton**
  davew@rgrdlaw.com,ldeem@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,erinj@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Robert                          J. Dyer                                , III
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203