ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS (213113)
SUNNY S. SARKIS (258073)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
ssarkis@rgrdlaw.com
– and –
JEFFREY D. LIGHT (159515)
JULIE A. KEARNS (246949)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jeffl@rgrdlaw.com
jkearns@rgrdlaw.com

Lead Counsel for Plaintiffs
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS AND CHARLOTTE WESTLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OCLARO, INC., et al.,<br><br>Defendants. | No. C11-02448-EMC<br>and related consolidated action<br>(Lead Case No. C11-3176-EMC)<br>(Derivative Action)<br><br>ORDER APPROVING THE SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| In re OCLARO, INC. DERIVATIVE LITIGATION | Lead Case No. C11-3176-EMC<br>(Derivative Action) |
| This Document Relates To:<br><br>*Westley v. Oclaro, Inc., et al.*, C11-02448-EMC. | |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated May 5, 2014, on the application of the parties for approval of the settlement set forth in the Amended Stipulation of Settlement dated as of April 30, 2014 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order Approving the Settlement and Order of Dismissal with Prejudice ("Final Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court hereby finally certifies a Class defined as: all Persons who purchased or otherwise acquired the common stock of Oclaro between May 6, 2010 and October 28, 2010, inclusive, excluding Defendants, Oclaro's officers and directors during the Class Period, and their immediate families and affiliates. Also excluded from the Class are those Persons who validly and timely requested exclusion from the Class, as set forth in Exhibit 1 attached hereto.

4. With respect to the Class, this Court finds solely for purposes of effectuating this settlement that (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate

actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, and consistent with the Court's prior preliminary approval of the proposed settlement, the Court hereby approves the settlement set forth in the Stipulation as fair, reasonable, and adequate to the Class and directs that the settlement be consummated in accordance with the terms and conditions set forth in the Stipulation. At the hearing, Lead Counsel represented that, as of the date of the hearing, over 2,000 claims have been received, representing approximately $3.1 million in allowed losses. The class response vindicates the reasonableness of the terms in the Stipulation.

6. The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice and without costs as to any party, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date, the Lead Plaintiff and each and every Class Member, for themselves and for any Person claiming now or in the future through or on behalf of them, shall be deemed to have, and by operation of this Final Order and accompanying Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Class Member shares or seeks to share in the Settlement Fund.

8. Upon the Effective Date, the Lead Plaintiff and each and every Class Member, for themselves and for any Person claiming now or in the future through or on behalf of them, shall covenant or be deemed to have covenanted not to sue the Released Persons with respect to the

Released Claims, and shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum, asserting the Released Claims against any of the Released Persons except to enforce the terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

9. Upon the Effective Date, each of the Defendants and any Person claiming by or through them shall be deemed to have, and by operation of this Final Order and accompanying Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members and Lead Plaintiff's counsel, from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims except to enforce the releases and other terms and conditions contained in the Stipulation or any Court order (including, but not limited to, the Judgment) entered pursuant thereto.

10. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort along with publication of the Summary Notice. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Order and shall be considered separate from this Final Order.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement shall be admissible in any proceeding for any purpose except that the Released Persons may file the Stipulation and/or this Final Order and/or accompanying Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Final Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (e) all other proceedings related to the implementation and enforcement of the terms of the

Stipulation and/or settlement. The Court finds for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of the Judgment.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Final Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: August 13, 2014

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen

THE HO… M. CHEN
UNIT… DGE

Submitted by:

ROBBINS GELLER RUDMAN
& DOWD LLP
SHAWN A. WILLIAMS
SUNNY S. SARKIS

s/ Shawn A. Williams
SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
JEFFREY D. LIGHT
JULIE A. KEARNS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

ROBERT M. CHEVERIE & ASSOCIATES
GREGORY S. CAMPORA
Commerce Center One
333 E. River Drive, Suite 101
East Hartford, CT 06108
Telephone: 860/290-9610
860/290-9611 (fax)

HOLZER HOLZER & FISTEL, LLC
MICHAEL I. FISTEL, JR.
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 810
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)

Additional Counsel for Plaintiff